IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538

BREN SIMON,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

## JOINT MOTION TO EXTEND CASE DEADLINES

For good cause, Plaintiff Bren Simon and Defendant the United States of America move for a 75-day extension of certain deadlines in this case. This motion does not seek to postpone the trial date or change current pretrial disclosure deadlines.

INTRODUCTION

This is a gift tax case arising out of adjustments made by the IRS to a 2009 gift tax return filed by the Estate of Melvin Simon. The IRS adjustments relate to a reorganization of the Indiana Pacers ownership structure completed several months before Mr. Simon died in September 2009. Plaintiff is Mr. Simon's surviving spouse. By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009 were to be treated as made one-half by each.

At the crux of the parties' dispute is the nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased

Melvin Simon and his brother Herbert Simon. In order to obtain evidence relevant to the dispute, one or both parties (as recited below) has/have subpoenaed the Estate of Melvin Simon, Herbert Simon, the Indiana Pacers, various related individuals and entities, and the National Basketball Association. For a variety of reasons, including concerns over confidentiality, many of the subpoenaed parties have so far refused to produce documents. Plaintiff and/or Defendant plan to file motions with appropriate courts to compel compliance with one or more of the outstanding subpoenas unless pending objections raised by the subpoenaed parties can be promptly resolved.

On account of the delay in obtaining requested documents, and a potential need to compel compliance with subpoenas served in several different jurisdictions, Plaintiff and Defendant seek additional time to gather the universe of relevant documents (including financial information associated with the Indiana Pacers), to then take depositions of material witnesses, and, with assistance of experts, to analyze the evidence in preparation for trial.

## SHORT STATEMENT OF RELEVANT FACTS

1. Plaintiff filed her complaint in this case on March 16, 2015. [Dkt. # 1].

2. After being served on or about April 10, 2015, the United States timely answered Plaintiff's complaint on June 9, 2015. [Dkt. # 8].

3. A case planning and scheduling conference was held on August 12, 2015. [Dkt. # 16]. The initial scheduling order was issued the same day. [Dkt. # 17].

4. Following entry of the scheduling order, the parties commenced discovery. To date, the parties have collectively served twenty (20) third party document subpoenas in this case in various jurisdictions, as follows:

13594598.1

    a. Plaintiff issued subpoenas on September 29, 2015 to: (i) Katz, Sapper, & Miller, LLC; (ii) Theodore Boehm, the Personal Representative of the Estate of Melvin Simon; (iii) Herbert Simon; (iv) Faegre Baker Daniels, LLP; (v) Pacers Basketball, LLC; and (vi) Melvin Simon & Associates, Inc.

    b. Plaintiff issued a subpoena on December 14, 2015 to Simon Property Group.

    c. Defendant issued subpoenas on December 18, 2015 to: (i) David Simon; (ii) the Estate of Melvin Simon; (iii) Melvin Simon & Associates, Inc.; (iv) Katz, Sapper, & Miller, LLC; and (v) Ellin & Tucker, Chartered.

    d. Defendant issued subpoenas on December 23, 2015 to: (i) Herbert Simon; (ii) Stephen Simon; (iii) Pacers Basketball, LLC; (iv) the National Basketball Association; (v) the Indiana Convention Center and Lucas Oil Stadium; (vi) the Capital Improvements Board of Managers of Marion County; (vii) CNO Financial Group, Inc.; and (viii) Bankers Life Fieldhouse.

5.     The subpoenas listed in paragraph 4, above, were duly served on the subpoenaed parties, and all deadlines for production stated in the subpoenas have now passed.

6.     Since the subpoenas were served, both Plaintiff and Defendant have engaged in numerous discussions with the subpoenaed parties. To date, however, only a small subset of the subpoenaed parties have actually produced documents. Reasonable extensions have been granted with respect to some others.

7. Significantly, counsel for Plaintiff and Defendant have engaged in discussions with counsel representing various subpoenaed individuals and entities regarding requests for protective orders. At this time, no agreements have been reached,[1] and several of the parties have refused to produce documents until a protective order is in place.

8. The materials requested in the subpoenas referenced in paragraph 4 are essential to evaluating the 2009 reorganization at the heart of this case.

9. Under the current case deadlines, the parties are not likely to have sufficient time to resolve confidentiality issues and other objections to subpoena requests, obtain documents and deposition testimony, and complete expert analysis of this information prior to the deadlines for affirmative and rebuttal expert disclosures.

10. Accordingly, the parties propose that the following deadlines be extended by 75 days, as follows:

|  | *Current Deadline* | *Proposed New Deadline* |
|---|---|---|
| Expert disclosures under Fed. R. Civ. P. 26(a)(2) due: | 4/15/16 | 6/29/16 |
| Expert rebuttal disclosures under Fed. R. Civ. P. 26(a)(2) due: | 6/2/16 | 8/16/16 |
| Deadline for written discovery, including Interrogatories, Requests for Production of Documents, and Requests for Admission: | 6/23/16, or 33 days prior to the discovery cut-off, whichever is later. | 9/6/16, or 33 days prior to the discovery cut-off, whichever is later. |
| All motions raising issues under Fed. R. Evid. 702, 703, or 704 filed by: | 7/5/16 | 9/19/16 |
| Discovery Cut-Off: | 7/28/16 | 10/11/16 |
| Dispositive Motion Deadline: | 8/18/16 | 11/1/16 |

---

[1] One third party is close to finalizing an agreement with the parties for a proposed protective order.

13594598.1

11. The proposed schedule would leave the Court with more than 45 days between the proposed dispositive motion deadline and the beginning of trial, scheduled for January 23, 2017. [Dkt. # 18]. The parties do not propose adjusting any of the trial or pretrial deadlines at this time.

12. The parties make this motion in good faith, in order to obtain sufficient time to resolve discovery disputes with third parties and otherwise proceed with discovery in an efficient and effective manner.

WHEREFORE, the parties respectfully request that this Court grant this motion, and extend the case deadlines as set forth above. A proposed order to this effect is attached.

Respectfully submitted February 10, 2016:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Lindsay L. Clayton*
JAMES E. WEAVER
LINDSAY L. CLAYTON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-2956 (Clayton)
202-307-0054 (f)
James.E.Weaver@usdoj.gov
Lindsay.L.Clayton@usdoj.gov

Of Counsel:
JOHN F. WALSH
United States Attorney

*Counsel for the United States*

*/s/ John W. Porter*
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

*Counsel for Bren Simon*

13594598.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John William Porter (John.Porter@bakerbotts.Com)
Jeffrey Dean Watters , Jr. (Jeff.Watters@bakerbotts.Com)
Keri D. Brown (Keri.Brown@bakerbotts.Com)
BAKER BOTTS, LLP-HOUSTON
910 Louisiana Street One Shell Plaza, Suite 3000
Houston , Texas 77002-4995
Tel.: 713-229-1597
Fax: 713-229-2797
*Attorneys for Plaintiff*

*/s/ Lindsay L. Clayton*
LINDSAY L. CLAYTON
Trial Attorney, Tax Division
United States Department of Justice

13594598.1