IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB

BREN SIMON,

       Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING THE NATIONAL BASKETBALL ASSOCIATION**

---

Pursuant to the agreement of plaintiff Bren Simon and defendant United States of America (each a "Party," together, "the Parties"), and non-party the National Basketball Association ("NBA"), in order to protect from public disclosure certain information that the NBA may be required to produce during the course of this action, and for good cause shown, it is hereby ORDERED that:

1.    Information, materials, and documents (whether in paper or electronic form) produced or furnished by the NBA in compliance with subpoenas issued in this case that contain confidential tax or financial information of

       (a) the NBA;

       (b) any NBA basketball team; or

(c) any owner of an NBA basketball team (direct or indirect), excepting the now-deceased Melvin Simon, his estate, or Herbert Simon;

which the NBA designates as "Protected Information," shall be deemed confidential "Protected Information," but <u>only after</u> the NBA makes a good-faith determination, provided to the Parties in writing, on a category-by-category basis (with Bates-numbers identifying those documents belonging to each category), that the designated information, materials, or documents fall within the protections of Rule 26(c) of the Federal Rules of Civil Procedure and warrant protection from disclosure.

2. All documents or information that the NBA wishes to designate as Protected Information shall be designated as such by the NBA affixing to such Protected Information a legend stating: **Protected Information Subject to Protective Order, Simon v. United States, United States District Court for the District of Colorado, Docket No. 1:15-cv-00538**. However, inadvertent production of any information not designated as Protected Information shall not itself constitute a waiver of the NBA's claim of confidentiality as to such information, and the NBA may thereafter designate such information as Protected Information provided that neither Party has used the information prior to such designation.

3. For purposes of this Order, reproductions of, extracts of, and summaries that reproduce the substance of Protected Information shall be Protected Information to the same extent as the Protected Information to which such reproductions, extracts, or summaries relate.

4. Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission,

depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed except as permitted by this Order.

5. Protected Information may be included in, or attached to, pretrial filings with the Court, and may also be used in connection with court hearings and at trial, but only in accordance with this Order. The Party wishing to so file or use Protected Information must, no fewer than ten (10) business days prior to the filing or use of the Protected Information, notify the NBA of the anticipated use of Protected Information and identify with specificity the anticipated Protected Information that will be used. Thereafter, the NBA may, as merited by the type and use of Protected Information:(i) move the Court to file such Protected Information under seal, (ii) move the Court to conduct portions of a hearing or trial under seal, and/or (iii) move the Court to take any other actions necessary to protect the disclosure of the Protected Information.

6. The United States may not use Protected Information in other civil litigation provided, however, that if the United States obtains the Protected Information in subsequent civil litigation, this Protective Order will not restrict the United States' use of that information.

7. Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified, below, by this Order.

8. Access to Protected Information shall be restricted to:

   (a).   This Court and its personnel;

(b). Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c). The Parties themselves (for purposes of the United States, this includes all persons employed by the United States Department of Justice or the Internal Revenue Service whose duties include assisting with, or reviewing, matters concerning this litigation);

(d). Experts or consultants retained by the Parties or their counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e). Any potential witness or actual witness in this litigation identified in the pleadings, identified in the Parties' proposed the scheduling order, identified during discovery as a deponent, identified by the Parties in their respective witness lists, or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony or interview.  For purposes of this paragraph 4(e), the Parties and the NBA understand and agree that documents produced by the NBA in response to subpoenas in this case, and that are otherwise available to a potential witness described in this paragraph 4(e), shall not be treated as Protected Information with respect to such potential witness.

4

Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation.  Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f).    Any mediators, arbitrators, or other outside parties and their staff enlisted by all Parties to assist in the resolution of this matter;

(g).    Outside or contracted litigation-support services, including commercial copying services;

(h).    Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition;

(i).    Employees of the Department of Justice and the Internal Revenue Service who are assigned to any criminal investigation or matter for their unrestricted use in such criminal investigation or matter, which use shall not be limited by the terms of this Order; and

(j).    Anyone as may be ordered by the Court.

9.    No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 8(d) or 8(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  No Party shall disclose Protected Information or copies of Protected Information to any of the persons

5

identified in Paragraphs 8(e), 8(g) or 8(h) without first seeking to have such persons execute an acknowledgment, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  Notwithstanding the rest of this Paragraph, no acknowledgment shall be required by a person identified in Paragraph 8(g) who has previously executed a contract, confidentiality agreement, or other arrangement which forbids further disclosure of information provided to such person in connection with such person's litigation-support services.

10. The Parties and the NBA agree that the inadvertent or unintentional disclosure by a Party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status.  This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

11. Any Party may challenge or disagree with the NBA's designation of information, materials, or documents as constituting Protected Information at any time. No Party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

> (a) If a Party challenges or disagrees with a designation by the NBA, that Party may request, in writing, that the NBA withdraw the designation of information, materials, or documents as constituting Protected Information, stating the reasons in that request. The NBA shall then have ten (10) business days from the date of receipt of the notification to:

      (i)      advise the Party whether or not it persists in such designation; and

      (ii)     if the NBA persists in its designation, to explain the reason for that particular designation.

(b)    If the NBA persists in its designation, then the NBA may move the Court for a protective order or any other order to maintain its designation. The burden of proving that the designation is proper shall be upon the NBA. If no such motion is made within ten (10) business days from the date of receipt from a Party of a written challenge and/or request for withdrawal of the designation, the information, materials or documents will no longer be deemed to be Protected Information. In the event that the NBA files a motion to maintain its designation, disclosure of Protected Information contained in the designated materials shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

(c)    With respect to challenges and/or requests to the NBA to withdraw a designation, information shall not be considered Protected Information if:

      (i)      the information in question has become available to the public through no violation of this Order; or

      (ii)     the information was received by any Party without restrictions on disclosure from a Party or third party (other than the NBA) having the right to make such a disclosure.

12.     Should a Party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency or other governmental authority to disclose Protected Information, such Party will promptly notify the NBA and its counsel at least ten (10) business days in advance of any disclosure pursuant to such a subpoena, in order to afford the NBA an opportunity to object or move to quash the subpoena.

13.     Within ninety (90) days after the final conclusion of this litigation, including all appeals, all material constituting Protected Information under this Protective Order shall either be destroyed or returned to the NBA, except with respect to

>   (a) material that becomes part of the Court record in this matter;
>
>   (b) work product of counsel;
>
>   (c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding of the outcome of the case, provided that all such retained materials designated as Protected Information continue to be treated as provided herein.

14. Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law—criminal, civil, or regulatory in nature—the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

IT IS SO ORDERED this 1st day of March, 2016.

_____
Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED AND AGREED TO BY:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*Ls/James E. Weaver*
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON M. YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929     eaver)
202-307-2956  (Clayton)
202-307-2144  (Yost)
202-307-0054  (f)
James.E.Weaver@usdoj.gov
Lindsay.L.Clayton@usdoj.gov
Landon.M.Yost@usdoj.gov

Of Counsel: JOHN F. WALSH
United States Attorney

*Counsel for the United States*

9

/s/ *John W. Porter*   [authorized by e-mail]
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

*Counsel for Bren Simon*

Sean Akins
COVINGTON & BURLING, LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5062
sakins@cov.com

*Counsel for non-party National Basketball Association*

ATTACHMENT

(FORM OF ACKNOWLEDGMENT)

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order Regarding the National Basketball Association ("Protective Order") entered in the case captioned *Simon v. United States*, Case No. 1:15-cv-00538; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Date:_____        Signature:_____

 

                          Printed Name:_____