IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB-KMT

BREN SIMON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

**SECOND JOINT MOTION TO EXTEND CASE DEADLINES**

For good cause, Plaintiff Bren Simon and Defendant the United States of America move for an additional three-month extension of certain deadlines in this case. This motion necessarily requests a continuance of the current trial date and related pretrial disclosure deadlines.

**INTRODUCTION**

This is a gift tax case arising out of adjustments made by the IRS to a 2009 gift tax return filed by the Estate of Melvin Simon. The IRS adjustments relate to a reorganization of the Indiana Pacers ownership structure completed several months before Mr. Simon died in September 2009. Plaintiff is Mr. Simon's surviving spouse. By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009 were to be treated as made one-half by each.  At the crux of the parties' dispute is the

13588010.1
13973975.1

nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased Melvin Simon and his brother Herbert Simon.

This is the parties' second motion for an extension of deadlines.  The first motion was filed on February 10, 2016, and that motion was granted by the Court.  At that time, numerous subpoenas for documents had been issued but few documents had been produced pursuant to those subpoenas.

Since that time, the parties have made progress in obtaining documents from some of the subpoenaed individuals and entities.  For example, the National Basketball Association ("NBA") has since produced documents in several tranches, pursuant to a protective order entered in this case.  A deposition of a former executive counsel for the NBA has been scheduled for June 2016.  Following entry of a second protective order, the accounting firm of Katz Sapper & Miller, LLC ("KSM") produced documents in response to a subpoena issued by the United States.  Thereafter, eight individuals connected with the firm were deposed by the parties during May 2016.  The Estate of Melvin Simon produced a large number of documents on or about May 2, 2016.  These documents are presently under review.

Notwithstanding the progress made since February 10, 2016, no documents have been produced by the Indiana Pacers or Herbert Simon in response to subpoenas issued by the Plaintiff and Defendant.  There are a number of witnesses from whom the parties intend to obtain deposition testimony; however, additional depositions would be premature pending production of documents by Indiana Pacers and Herbert Simon.  Discussions regarding these subpoenas have been underway for several months.  Additional time is needed; however, for disputed issues to be resolved and for

production to occur, either following additional negotiation with the attorneys for Herbert Simon and the Indiana Pacers or a court order. Absent extension of current deadlines, affirmative expert witnesses for the parties will be required to issue reports prior to having an opportunity to analyze the full documentary and testimonial record that the parties are in the process of developing.

### SHORT STATEMENT OF RELEVANT FACTS

1. Plaintiff filed her complaint in this case on March 16, 2015. [Dkt. # 1].

2. After being served on or about April 10, 2015, the United States timely answered Plaintiff's complaint on June 9, 2015. [Dkt. # 8].

3. A case planning and scheduling conference was held on August 12, 2015. [Dkt. # 16]. The initial scheduling order issued on the same day. [Dkt. # 17].

4. Following entry of the scheduling order, the parties commenced discovery. Subpoenas for documents have been directed to the following individuals and entities:

   a. Plaintiff issued subpoenas on September 29, 2015 to: (i) Katz, Sapper, & Miller, LLC; (ii) Theodore Boehm, the Personal Representative of the Estate of Melvin Simon; (iii) Herbert Simon; (iv) Faegre Baker Daniels, LLP; (v) Pacers Basketball, LLC; and (vi) Melvin Simon & Associates, Inc.

   b. Plaintiff issued a subpoena on December 14, 2015 to Simon Property Group.

   c. Defendant issued subpoenas on December 18, 2015 to: (i) David Simon; (ii) the Estate of Melvin Simon; (iii) Melvin Simon & Associates, Inc.; (iv) Katz, Sapper, & Miller, LLC; and (v) Ellin & Tucker, Chartered.

3

    d. Defendant issued subpoenas on December 23, 2015 to: (i) Herbert Simon; (ii) Stephen Simon; (iii) Pacers Basketball, LLC; (iv) the National Basketball Association; (v) the Indiana Convention Center and Lucas Oil Stadium; (vi) the Capital Improvements Board of Managers of Marion County; (vii) CNO Financial Group, Inc.; and (viii) Bankers Life Fieldhouse.[1]

5. The subpoenas listed in paragraph 4, above were served and responses followed; however, as of the date of the parties' first motion filed on February 10, 2016, only a small subset of the individuals and entities served with subpoenas had actually produced documents. Developments following February 10, 2016 are discussed below.

6. On March 1, 2016, the Court entered a protective order with respect to documents to be produced by the NBA. The NBA then produced a subset of responsive documents on or about March 2, 2016. A second NBA production followed on March 16, 2016, which, at the request of the United States, removed certain redactions from the earlier production.[2] The NBA also conducted searches of electronically stored information and produced additional documents in two tranches on or about April 21, 2016 and on or about May 2, 2016. Pursuant to follow up discussions

---

[1] Counsel for Pacers Basketball indicated that Bankers Life Fieldhouse was not a separate entity as of February 2, 2009. On April 29, 2016, the United States re-issued revised (and narrowed) subpoenas to the Pacers, Herbert Simon and Stephen Simon after exchanges of correspondence between counsel for the subpoenaed parties and the United States failed to resolve disagreements regarding the original subpoenas. A discussion follows, below.

[2] The United States issued a supplemental subpoena to the NBA on April 7, 2016 in order to obtain an un-redacted copy of one document included in the original production. The NBA provided a copy of that document in response to the supplemental subpoena on April 8, 2016.

between counsel for the United States and the NBA, the NBA produced additional documents on or about May 18, 2016.

7. Counsel for the United States and the NBA have also discussed potential depositions of current or former employees of the NBA. Counsel for the United States agreed to first take the deposition of former NBA executive counsel Harvey Benjamin and will evaluate the need for additional depositions of NBA employees or officers after Mr. Benjamin is deposed. That deposition is scheduled to occur on June 21, 2016.

8. On April 27, 2016 the Court entered a protective order with respect to documents to be produced by accounting firm KSM. On May 2, 2016, KSM produced documents responsive to the United States' subpoena.[3]

9. Following receipt of KSM's document production, the parties obtained deposition testimony from eight former or current partners and/or employees of KSM. These depositions occurred during the time period running from May 12-19, 2016.

10. On May 2, 2016, the Estate of Melvin Simon produced a substantial number of documents responsive to the United States' subpoena. Counsel for the parties have not yet had an opportunity to complete a review of these documents, and counsel for the United States intends to follow up with counsel for the Estate of Melvin Simon with respect to additional documents within the custody and control of the Estate which may be responsive.

11. On March 8, 2016, the counsel for Capital Improvements Board of Managers of Marion County produced documents responsive to the United States' subpoena. Counsel for the United States does not believe that the production has been

---

[3] This production was in addition to a production made to Plaintiff earlier in the case and prior to entry of a protective order.

completed and sent a follow up letter on May 10, 2016 to inquire about how to move forward with additional potential productions.

12. No documents have been obtained in response to subpoenas issued to Simon Property Group, the law firm of Faegre, Baker Daniels, LLC or David Simon.

13. Significantly, no documents have been produced in response to subpoenas issued to Herbert Simon and Pacers Basketball, LLC by Plaintiff on September 29, 2015 or by Defendant in late December 2015 (as subsequently re-issued and narrowed on April 29, 2016). Inasmuch as the case concerns a reorganization of the Indiana Pacers ownership structure, and given Herbert Simon's role in the reorganization of the ownership structure, the lack of documents from Mr. Simon and the Pacers necessitates this request for additional time to complete discovery and move forward with dispositive motions and/or a trial.

14. Copies of subpoenas directed to Herbert Simon and Pacers Basketball, LLC are attached as Exhibits 1 & 2 to the Porter Declaration and Exhibits 3 & 4 to the Weaver Declaration. Responses to those subpoenas are attached as Exhibit 5 to the Porter Declaration and Exhibit 6 to the Weaver Declaration. Following an exchange of letters and e-mails, counsel for the United States issued revised subpoenas to Mr. Simon and Pacers Basketball, LLC on April 29, 2016.[4] A copy of the cover letter transmitting revised subpoenas (with the revised subpoenas), is attached as Exhibit 7 to the Weaver Declaration. Counsel for Herbert Simon and the Pacers responded by letter on May 6, 2016. (Attached as Exhibit 8 to the Weaver Declaration). Additional emails,

---

[4] Counsel for the Pacers and Mr. Simon has indicated that the "universes of documents" for Herbert Simon and Stephen Simon are identical and is treating the subpoena to Stephen Simon "as withdrawn."

letters and conversations ensued. A copy of the formal response to the United States' revised subpoenas for documents is attached as Exhibit 9 to the Weaver Declaration.

15. At the core of the long-running disagreements between counsel for the United States and counsel for Herbert Simon and the Pacers are two issues. First, counsel for Mr. Simon and the Pacers is concerned about the unprotected status of documents produced by other persons or entities during the course of the litigation (thus far) that Mr. Simon and the Pacers assert to be confidential. (*See* Exhibit 8 at p. 2). Counsel for the parties are seeking to resolve this concern in a manner that is practical, cost-effective, comports with policies and regulations that govern the United States Department of Justice, and that would be acceptable to the Court. Second, counsel for the United States and counsel for Mr. Simon and the Pacers are continuing to discuss disagreements over objections raised by the Pacers/Mr. Simon to document requests.

16. The parties hope that further discussion will obviate the need for ancillary litigation associated with the subpoenas issued to Mr. Simon and to the Pacers. If further discussion cannot resolve disagreements, the parties intend to pursue resolution of the disagreements and production of documents either through ancillary litigation, or, if the Pacers and Mr. Simon will submit to the jurisdiction of the Court, then through the discovery dispute procedures that govern this case.

17. Accordingly, the parties respectfully propose that the following deadlines set forth in the Scheduling Order [Dkt. # 17, as amended by Dkt. # 22] and the Court's Trial Preparation Conference Order [Dkt. # 18] be extended as follows:

|  | *Current Deadline* | *Proposed New Deadline* |
|---|---|---|
| Expert disclosures under Fed. R. Civ. P. 26(a)(2) due: | 6/29/16 | 9/29/16 |

| | | |
|---|---|---|
| Expert rebuttal disclosures under Fed. R. Civ. P. 26(a)(2) due: | 8/16/16 | 11/16/16 |
| Deadline for written discovery, including Interrogatories, Requests for Production of Documents, and Requests for Admission: | 9/6/16, or 33 days prior to the discovery cut-off, whichever is later. | 12/6/16, or 33 days prior to the discovery cut-off, whichever is later. |
| All motions raising issues under Fed. R. Evid. 702, 703, or 704 filed by: | 9/19/16 | 12/19/16 |
| Discovery Cut-Off: | 10/11/16 | 1/11/17 |
| Dispositive Motion Deadline: | 11/1/16 | 2/1/17 |
| Trial commencement date | 1/23/17 | after 4/25/17 |

18.   The parties make this motion in good faith, in order to obtain sufficient time to resolve discovery disputes with third parties and otherwise proceed with discovery in an efficient and effective manner.

WHEREFORE, the parties respectfully request that this Court grant this motion, and extend the case deadlines as set forth above. A proposed order to this effect is attached.

Respectfully submitted June 1, 2016:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ James E. Weaver
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-0054 (Fax)
James.E.Weaver@usdoj.gov

Of Counsel:
JOHN F. WALSH
United States Attorney
*Counsel for the United States*

/s/ John W. Porter
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

*Counsel for Bren Simon*

8

13973975.1

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

   John William Porter (John.Porter@bakerbotts.Com)
   Jeffrey Dean Watters , Jr. (Jeff.Watters@bakerbotts.Com)
   Keri D. Brown (Keri.Brown@bakerbotts.Com)
   BAKER BOTTS, LLP-HOUSTON
   910 Louisiana Street One Shell Plaza, Suite 3000
   Houston , Texas 77002-4995Tel.: 713-229-1597
   Fax: 713-229-2797
   *Attorneys for Plaintiff*

   /s/James E. Weaver
   JAMES E. WEAVER
   Trial Attorney, Tax Division
   United States Department of Justice

13973975.1