AO 88 (Rev. 12/13) Subpoena in a Civil Case

# United States District Court
of the
### DISTRICT OF COLORADO

**BREN SIMON**

**SUBPOENA IN A CIVIL CASE**

vs.

**UNITED STATES OF AMERICA**

**CIVIL ACTION NO.:   1:15-CV-0538-REB-KMT**

### SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS OR THINGS

**TO:** Herbert Simon
c/o Mr. Brian Fennerty
Faegre Baker Daniels LLP
600 E. 9th Street, Suite 600
Indianapolis, IN 46240

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of: Frost Todd Brown, LLC c/o Jeffrey Dible<br>201 North Illinois Street, Suite 1900<br>Indianapolis, IN 46204 | 10/26/15 and 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Exhibit "A"**

| PLACE | DATE AND TIME |
|---|---|
| The office of: Frost Todd Brown, LLC c/o Jeffrey Dible<br>201 North Illinois Street, Suite 1900<br>Indianapolis, IN 46204 | 10/26/15 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

**Exhibit 1**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiff** | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mr. John W. Porter
Baker Botts L.L.P.
910 Louisiana - One Shell Plaza, Houston, TX 77002-4995  713-229-1234
john.porter@bakerbotts.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

Order No. 20724.003

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BREN SIMON | : |
| | : |
| vs. | : CIVIL ACTION NO. **1:15-CV-0538-REB-KMT** |
| | : |
| UNITED STATES OF AMERICA | : |

NOTICE OF INTENTION
TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendant by and through their attorney(s) of record: **James E. Weaver and Lindsay L. Clayton**

To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**Herbert Simon (Any & All Records)**
**c/o Brian Fennerty**
**Faegre Baker Daniels LLP**
**600 E. 9th Street, Suite 600**
**Indianapolis, IN 46240**

before a Notary Public for    **Continental Court Reporters, Inc.**
**5300 Memorial Drive, Suite 250**
**Houston, TX 77007-8250**
**713-522-5080    Fax 713-522-0440**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**Exhibit A**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

                                              Mr. John W. Porter
                                              Baker Botts L.L.P.
                                              910 Louisiana - One Shell Plaza
                                              Houston, TX 77002-4995
                                              713-229-1234    Fax 713-229-1522
                                              Attorney for Plaintiff
                                              SBA # 16149990

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: _____    by_____
                                              Luis G. Medrano

Order No. **20724**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **BREN SIMON** | : | |
| | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.  **1:15-CV-0538-REB-KMT** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

Custodian of Records for:  **Herbert Simon**

Records Pertaining To: **Exhibit A**

Type of Records:  **See Exhibit "A"**

1. Please state your full name and address where you reside.

    Answer: _____

2. Please state by whom you are employed and the business address.

    Answer: _____

3. What is the title of your position or job?

    Answer: _____

4. What are your duties in connection with such employment?

    Answer: _____

5. Are these records, memoranda or reports outlined in the subpoena duces tecum, pertaining to Exhibit A , subject to your control, supervision custody or direction?

    Answer: _____

6. Are you able to identify these records as the originals or true and correct copies of the originals or true and correct copies of the originals?

    Answer: _____

7. Please provide all of such records, outlined in the subpoena duces tecum, to the Officer taking your deposition for inspection and/or photocopying.  Have you complied?  If not, why not?

    Answer: _____

8. Are the photostatic copies which you have provided to the Officer taking this deposition true and correct copies of all such records?

    Answer: _____

Order No. **20724.003**

9. Are the originals of such records in the files of Herbert Simon?

    Answer: _____

10. Are the originals of such records a permanent part of the records of Herbert Simon?

    Answer: _____

11. Were such records, memoranda, or reports kept in the regular course of business of Herbert Simon?

    Answer: _____

12. Was it in the regular course of business of Herbert Simon for secretaries and other employees and representatives of Herbert Simon with personal knowledge of the acts, events, conditions and other information contained in such records you have furnished to the Officer taking this deposition, to make such records or to transmit information pertaining thereto to be included in such records?

    Answer: _____

13. Were the entries in these records, memoranda, or reports made by the secretaries, supervisors and other employees and representatives made at or near the time when the acts, events, conditions and other information contained therein occurred, were observed or rendered, or made reasonably thereafter?

    Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. **20724.003**

**Exhibit A**
Subpoena issued to Herbert Simon

In answering this subpoena, the following definitions and usages shall apply

1. "You" means Herbert Simon, your agents, representatives, and employees.

2. "Pacers Basketball" includes Pacers Basketball Corporation, Pacers Basketball, LLC, Pacers Sports and Entertainment, and the Indiana Pacers.

3. "And" and "or" shall be construed as necessary to make the request inclusive rather than exclusive, that is, to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to this subpoena.

5. The term "regarding" shall include pertaining to, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, in respect to, about, discussing, measuring, reflecting, supporting, analyzing, explaining, constituting, or evidencing.

6. "Communication" means any and all occasions on which information was conveyed for one person (whether as an individual or as a representative of an entity) to another, including without limitation by means of a document or by means of electronic transmission, including, without limitation, by means of electronic mail or the Internet.

7. Unless otherwise indicated, these requests are limited to materials created and/or modified at any time between 2007 and 2010.

**Requests**

1. All proposals, analyses, memoranda, and/or reports regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.

2. All communications between you and any of the following persons regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.:
    a. Melvin Simon,
    b. Bren Simon,
    c. David Simon,
    d. Steven Simon,
    e. Robert Salyers,
    f. Brian Fennerty, and/or
    g. any Katz, Sapper & Miller LLP personnel (including, but not limited to, Bruce Jacobson, Mark Bernstein, Ryan Miller, Keith Gambrel, Kevin Sullivan, Jay Benjamin, Joshua Malarsky, and Kent Manuel).

3. All calendars, appointment books, or Outlook appointment entries that reflect any meeting between you and any of the following persons regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.:
   a. Melvin Simon,
   b. Bren Simon,
   c. David Simon,
   d. Steven Simon,
   e. Robert Salyers,
   f. Brian Fennerty, and/or
   g. any Katz, Sapper & Miller LLP personnel (including, but not limited to, Bruce Jacobson, Mark Bernstein, Ryan Miller, Keith Gambrel, Kevin Sullivan, Jay Benjamin, Joshua Malarsky, and Kent Manuel).

4. All proposals, analyses, memoranda, and/or reports regarding the financial performance of Pacers Basketball.

5. All communications, analyses, memoranda, and/or reports regarding the public perception of Pacers Basketball (including, but not limited to, reactions to player misconduct) from 2004 to 2010.

6. All financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for MH Holdings, Inc. for Fiscal Year ended September 30, 2004 to Fiscal Year ended September 30, 2011.

7. All financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for Pacers Basketball for Fiscal Year ended September 30, 2004 to Fiscal Year ended September 30, 2011.

8. All loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball's in effect at any time from January 1, 2004 through December 31, 2011.

9. Any document that reflects or summarizes Pacers Basketball's historic net income/losses from 1983 to 2011.