**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| BREN SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:15-CV-0538-REB-KMT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Non-Party Herbert Simon's Responses and Objections to**
**Plaintiff's Subpoena to Produce Documents**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-party Herbert Simon hereby responds and objects to Bren Simon's Subpoena to Produce Documents (the "Requests").

**Objections Applicable to Multiple Requests ("General Objections")**

**1.** Mr. Simon objects to the Requests to the extent that they purport to impose any requirements different from or in addition to those set forth in the Federal Rules of Civil Procedure or the rules of this Court.

**2.** Mr. Simon objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, fail to state with sufficient particularity the documents sought, seek documents neither relevant to any party's claim or defense, nor proportional to the needs of the case, or seek confidential documents.

**3.** Mr. Simon bases his responses to the Requests on the assumption that they do not intend to seek documents protected from discovery by the attorney-client privilege, the accountant-client privilege, the work-product doctrine, or other applicable privileges or immunities from discovery.  To the extent that the Requests call for such information, Mr. Simon objects to them and claims any applicable privileges and protections to the fullest extent legally provided.

**4.** Mr. Simon objects to the Requests insofar as they are unreasonably cumulative or duplicative, or otherwise constitute abuse of discovery.

**Exhibit**
_____
5

5.      Pursuant to Federal Rules of Civil Procedure 26(b)(2)(C), 45(d)(1), and 45(d)(3)(A)(iv), Mr. Simon objects to the Requests to the extent that they seek any document not in his possession, custody, or control, or that are equally available to Bren Simon.  To the extent that the Requests seek to require Mr. Simon to gather and produce documents that have already been obtained or are obtainable directly from another party, the Requests impose an undue burden on Pacers Basketball and violate the issuer's duty under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing undue burden or expense on persons subject to a subpoena.

6.      Mr. Simon objects to the Requests to the extent that they do not protect him from substantial burden and significant expense resulting from compliance.  *See* Fed. R. Civ. P. 45(d)(1)("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

7.      Mr. Simon objects to the extent that the Requests seek documents irrelevant to the subject matter of Bren Simon's lawsuit against the IRS, which relates to the agreements that Herbert and Melvin Simon entered into on February 2, 2009: "(an agreement and undertaking, an amendment and restatement of the MH Holdings shareholder agreement, and a conversion of Pacers Basketball Corporation to Pacers Basketball, LLC) that reorganized the relationship between Herb and Mel as it related to the Pacers (collectively, the 'Reorganization')." *See* Complaint, *Bren Simon v. United States*, No. 1:15-cv-00538-REB-KMT (D. Colo.). As such, the 2007-2010 date range in the list of "definitions and usage" section of the subpoena is overly broad.

8.      Mr. Simon objects to the extent that compliance with the Requests would violate any contractual obligation of confidentiality.

9.      A statement that Mr. Simon "will produce" documents does not mean that any responsive documents exist.  Rather, it means that Mr. Simon will conduct a reasonable search for such documents and, subject to these General Objections and to any specific objections noted, will produce them.

10.     Mr. Simon's agreement to produce documents is contingent upon (a) the Court's entry of a suitable protective order; and (b) Bren Simon's agreement to reimburse him for his fees and expenses.

11.     So far as Mr. Simon is aware, according to information and business records presently available to him, these responses are complete and correct.  Mr. Simon reserves the right to object to future discovery on the same or related matters and does not waive any objections by providing the information set forth in these responses.  Mr. Simon further reserves the right to object to the admissibility of any documents produced, or of these responses or related matters, in full or in part, at trial or other

hearings in this action or any other, on any grounds, including, but not limited to, materiality, relevance, and scope of claims.

**12.**    Mr. Simon objects to the instructions regarding the "set of deposition on written questions requesting records" attached to the subpoena, on the grounds that the procedure specified is inconsistent with Federal Rule of Civil Procedure 31.  When Mr. Simon produces documents, he will provide an affidavit or declaration to authenticate those documents.

**13.**    Mr. Simon reserves his right to supplement, amend, or correct his answers to these Requests.

<u>**Specific Responses and Objections**</u>

**1.**    All proposals, analyses, memoranda, and/or reports regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this Request is duplicative of requests in Bren Simon's subpoena to Pacers Basketball, LLC or to Katz, Sapper & Miller.  Mr. Simon objects further to the extent that this Request seeks production of documents regarding "any" restructure of Pacers Basketball and/or MH Holdings. Subject to and without waiving his objections, and contingent upon the entry of a suitable protective order, Mr. Simon will produce responsive, non-privileged documents that (a) are within his possession, custody, or control; and (b) relate to the February 2, 2009 Reorganization.**

**2.**    All communications between you and any of the following persons regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.:
   a. Melvin Simon,
   b. Bren Simon,
   c. David Simon,
   d. Steven Simon,
   e. Robert Salyers,
   f. Brian Fennerty, and/or
   g. Any Katz, Sapper & Miller LLP personnel (including, but not limited to, Bruce Jacobson, Mark Bernstein, Ryan Miller, Keith Gambrel, Kevin Sullivan, Jay Benjamin, Joshua Malarsky, and Kent Manuel).

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request explicitly calls for the production of documents that are subject to the attorney-client and/or accountant-client privileges.  Mr. Simon objects further to the extent that this**

3

Request seeks production of documents regarding "any" restructure of Pacers Basketball and/or MH Holdings.  Subject to and without waiving his objections, and contingent upon the entry of a suitable protective order, Mr. Simon will produce responsive, non-privileged documents that (a) are within his possession, custody, or control; and (b) relate to the February 2, 2009 Reorganization.

3.      All calendars, appointment books, or Outlook appointment entries that reflect any meeting between you and any of the following persons regarding any restructure of Pacers Basketball and/or MH Holdings, Inc.:
   a.  Melvin Simon,
   b.  Bren Simon,
   c.  David Simon,
   d.  Steven Simon,
   e.  Robert Salyers,
   f.  Brian Fennerty, and/or
   g.  Any Katz, Sapper & Miller LLP personnel (including, but not limited to, Bruce Jacobson, Mark Bernstein, Ryan Miller, Keith Gambrel, Kevin Sullivan, Jay Benjamin, Joshua Malarsky, and Kent Manuel).

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request explicitly calls for the production of documents that are subject to the attorney-client and/or accountant-client privileges.  Mr. Simon objects further to the extent that this Request seeks production of documents regarding "any" restructure of Pacers Basketball and/or MH Holdings.  Subject to and without waiving his objections, and contingent upon the entry of a suitable protective order, Mr. Simon will produce responsive, non-privileged documents that (a) are within his possession, custody, or control; and (b) relate to the February 2, 2009 Reorganization.**

4.      All proposals, analyses, memoranda, and/or reports regarding the financial performance of Pacers Basketball.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects that this Request is vague and ambiguous. Mr. Simon further objects that this Request is duplicative of several Requests contained in Bren Simon's Subpoena to Pacers Basketball.**

5.      All communications, analyses, memoranda, and/or reports regarding the public perception of Pacers Basketball (including, but not limited to, reactions to player misconduct) from 2004 to 2010.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is duplicative of Request No. 13 in Bren Simon's Subpoena to Pacers Basketball.**

4

**6.**      All financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for MH Holdings, Inc. for Fiscal Year ended September 30, 2004 to Fiscal Year ended September 30, 2011.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is duplicative of the requests in Bren Simon's Subpoena to Katz, Sapper & Miller.**

**7.**      All financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for Pacers Basketball for Fiscal Year ended September 30, 2004 to Fiscal Year ended September 30, 2011.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is duplicative of Request No. 3 in Bren Simon's Subpoena to Pacers Basketball.**

**8.**      All loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball's in effect at any time from January 1, 2004 through December 31, 2011.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is duplicative of Request No. 7 in Bren Simon's Subpoena to Pacers Basketball.**

**9.**      Any document that reflects or summarizes Pacers Basketball's historic net income/losses from 1983 to 2011.

**RESPONSE: In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is duplicative of Request No. 9 in Bren Simon's Subpoena to Pacers Basketball.**

As to objections,

/s/ Daniel R. Kelley

Brian S. Fennerty
David K. Herzog
Sarah C. Jenkins
Daniel R. Kelley
FAEGRE BAKER DANIELS LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204


*Attorneys for Herbert Simon*


### Certificate of Service


I certify that on December 4, 2015, I served the foregoing on counsel of record by email.

/s/ Daniel R. Kelley
Daniel R. Kelley

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLORADO**

| | |
|---|---|
| BREN SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  1:15-CV-0538-REB-KMT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**Non-Party Pacers Basketball, LLC's Responses and Objections to**
**Plaintiff's Subpoena to Produce Documents**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-party Pacers Basketball, LLC hereby responds and objects to Bren Simon's Subpoena to Produce Documents (the "Requests").

**Objections Applicable to Multiple Requests ("General Objections")**

**1.**     Pacers Basketball objects to the Requests to the extent that they purport to impose any requirements different from or in addition to those set forth in the Federal Rules of Civil Procedure or the rules of this Court.

**2.**     Pacers Basketball objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, fail to state with sufficient particularity the documents sought, seek documents neither relevant to any party's claim or defense, nor proportional to the needs of the case, or seek confidential documents.

**3.**     Pacers Basketball bases its responses to the Requests on the assumption that they do not intend to seek documents protected from discovery by the attorney-client privilege, the work-product doctrine, the accountant-client privilege, or other applicable privileges or immunities from discovery.  To the extent that the Requests call for such information, Pacers Basketball objects to them and claims any applicable privileges and protections to the fullest extent legally provided.

**4.**     Pacers Basketball objects to the Requests insofar as they are unreasonably cumulative or duplicative, or otherwise constitute abuse of discovery.

5.     Pursuant to Federal Rules of Civil Procedure 26(b)(2)(C), 45(d)(1), and 45(d)(3)(A)(iv), Pacers Basketball objects to the Requests to the extent that they seek any documents not in its possession, custody, or control, or that are equally available to Bren Simon.  To the extent that the Requests seek to require Pacers Basketball to gather and produce documents that have already been obtained or are obtainable directly from another party, the Requests impose an undue burden on Pacers Basketball and violate the issuer's duty under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing undue burden or expense on persons subject to a subpoena.

6.     Pacers Basketball objects to the Requests to the extent that they do not protect it from substantial burden and significant expense resulting from compliance. *See* Fed. R. Civ. P. 45(d)(1)("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

7.     Pacers Basketball objects to the extent that the Requests seek documents irrelevant to the subject matter of Bren Simon's lawsuit against the IRS, which relates to the agreements that Herbert and Melvin Simon entered into on February 2, 2009: "(an agreement and undertaking, an amendment and restatement of the MH Holdings shareholder agreement, and a conversion of Pacers Basketball Corporation to Pacers Basketball, LLC) that reorganized the relationship between Herb and Mel as it related to the Pacers (collectively, the 'Reorganization')." *See* Complaint, *Bren Simon v. United States*, No. 1:15-cv-00538-REB-KMT (D. Colo.).

8.     Pacers Basketball objects to the extent that compliance with the Requests would violate any contractual obligation of confidentiality.

9.     A statement that Pacers Basketball "will produce" documents does not mean that any responsive documents exist.  Rather, it means that Pacers Basketball will conduct a reasonable search for such documents and, subject to these General Objections and to any specific objections noted, will produce them.

10.     Pacers Basketball's agreement to produce documents is contingent upon (a) the Court's entry of a suitable protective order; and (b) Bren Simon's agreement to reimburse Pacers Basketball for its fees and expenses.

11.     So far as Pacers Basketball is aware, according to information and business records presently available to it, these responses are complete and correct. Pacers Basketball reserves the right to object to future discovery on the same or related matters and does not waive any objections by providing the information set forth in these responses.  Pacers Basketball further reserves the right to object to the admissibility of any documents produced, or of these responses or related matters, in

full or in part, at trial or other hearings in this or any other action, on any grounds, including, but not limited to, materiality, relevance, and scope of claims.

**12.** Pacers Basketball objects to the instructions regarding the "set of deposition on written questions requesting records" attached to the subpoena, on the grounds that the procedure specified is inconsistent with Federal Rule of Civil Procedure 31.  When it produces documents, Pacers Basketball will provide an affidavit or declaration to authenticate those documents.

**13.** Pacers Basketball reserves its right to supplement, amend, or correct its answers to these Requests.

## Specific Responses and Objections

**1.** Consolidated balance sheet of Pacers Basketball as of January 31, 2009.

**RESPONSE: Subject to and without waiving General Objections 1-13, which Pacers Basketball incorporates herein, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce the requested document.**

**2.** Internal financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for Pacers Basketball for the 12 months ended August 31, 2008 and 2009.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization. Pacers Basketball objects further on the grounds that its 2007-2008 fiscal year ended September 30, 2008.  Subject to and without waiving those objections, subject to Bren Simon's counsel's clarification that Bren Simon is "trying to obtain the year end financial statements for the entity,"[1] and contingent upon the entry of a suitable protective order, Pacers Basketball will produce responsive, non-privileged financial statements for fiscal year ended September 30, 2008 that are within its possession, custody, or control.**

**3.** All financial statements (balance sheets, income statements, statements of cash flows, statements of changes in financial position, etc.) for Pacers Basketball from fiscal year ended September 30, 2004 through fiscal year ended September 30, 2011.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request is duplicative of Requests 2 and 8.  Pacers Basketball objects further on the grounds**

---

[1] J. Porter Nov. 16, 2005 email to D. Kelley.

that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization. Subject to and without waiving its objections, subject to Bren Simon's counsel's clarification that Bren Simon is "trying to obtain the year end financial statements for the entity,"[2] and contingent upon the entry of a suitable protective order, Pacers Basketball will produce responsive, non-privileged financial statements for Pacers Basketball from fiscal year ended September 30, 2008 through February 2, 2009 that are within its possession, custody, or control.

4. All cash management reports for Pacers Basketball from January 31, 2004 through December 31, 2011.

RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization. Subject to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce responsive, non-privileged cash management reports for Pacers Basketball from January 31, 2008 through February 2, 2009 that are within its possession, custody, or control.

5. All consolidated financial statements and Independent Auditor's Reports for Pacers Basketball for fiscal year September 30, 2004 through fiscal year ended September 30, 2011.

RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization. Subject to and without waiving its objections, subject to Bren Simon's counsel's clarification that Bren Simon is "trying to obtain the year end financial statements for the entity,"[3] and contingent upon the entry of a suitable protective order, Pacers Basketball will produce responsive, non-privileged consolidated financial statements and Independent Auditor's Reports for Pacers Basketball for fiscal year ended September 30, 2008 through February 2, 2009 that are within its possession, custody, or control.

6. United States tax returns for Pacers Basketball for the year ended June 30, 2005, for the six month period ended December 31, 2005, and for the years ended December 31, 2006, 2007, 2008, and 2009.

RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization. Subject

---

[2] *Id.*
[3] *Id.*

to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce responsive, non-privileged United States tax returns for Pacers Basketball for the year ended December 31, 2008.

7.      All loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball's in effect at any time from January 1, 2004 through December 31, 2011.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization, and to the extent that compliance with this Request would violate the Pacers' contractual obligations of confidentiality.  Subject to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will review the documents responsive to this Request that are within its possession, custody, or control, and, to the extent that it can do so without violating any contractual obligations, will produce loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball in effect at any time from January 1, 2008 through February 2, 2009 that are within its possession, custody, or control.**

8.      All inter-office memoranda with "financial statements" in re: line and/or that summarize or discuss monthly financial statements of Pacers Basketball from January 1, 2004 through December 31, 2011 (for example, please see attached).

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization.  Pacers Basketball objects further on the grounds that these memoranda contain personally identifying and confidential information regarding Pacers Basketball's employees and internal business matters, and that this information is irrelevant to Bren Simon's claims against the United States and to the overall valuation of the entity.  Pacers Basketball objects further on the grounds that, to the extent that this Request purports to seek documents for each month from 2004 to 2011, it is overbroad and unduly burdensome because it seeks hundreds (if not thousands) of pages of irrelevant materials.  Pacers Basketball objects further on the grounds that this Request is duplicative of Requests 2 and 3.  Subject to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce the monthly summary financial statements for each month from January 1, 2008 through February 2, 2009 (not including inter-office memoranda or commentary documents) that are within its possession, custody, or control.**

**9.**      Any document that reflects or summarizes Pacers Basketball's historic net income/losses from 1983 to 2011.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization.  Pacers Basketball objects further on the grounds that this Request is duplicative of other requests seeking financial information.**

**10.**      All studies, reports, or memoranda concerning game attendance from September 30, 2004 through September 30, 2011.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization.  Pacers Basketball objects further on the grounds that this Request is duplicative of other requests seeking financial information.**

**11.**      All studies, reports, or memoranda concerning sponsorship revenue and/or renewals from September 30, 2007 through September 30, 2011.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization.  Pacers Basketball objects further on the grounds that this Request is duplicative of other requests seeking financial information.**

**12.**      All reports, memoranda, or communications concerning the effect of the 2008-2009 recession on Pacers Basketball.

**RESPONSE: Subject to and without waiving General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball states that there are no such documents.**

**13.**      All studies, reports, memoranda, or communications concerning and/or regarding the public perception of the Indiana Pacers (including, but not limited to, reactions to player misconduct) from January 1, 2004 through December 31, 2011, including any presentations, proposals, or campaigns by Publicis Indianapolis and/or Pearson Partners.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents beyond those that relate to the February 2, 2009 Reorganization.  Pacers**

6

**Basketball objects further on the grounds that this Request is duplicative of other requests seeking financial information.**

14.     All agreements with the Marion County Capital Improvement Board of Managers in effect on February 2, 2009; including, but not limited to, any lease and/or operating agreement regarding Conseco Fieldhouse.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that compliance with this Request would violate the Pacers' contractual obligations of confidentiality. Subject to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will review the documents responsive to this Request that are within its possession, custody, or control, and, to the extent that it can do so without violating any contractual obligations, will produce them. Pacers Basketball states, however, that to the extent that Bren Simon is seeking information that "would impact the value of the Pacers franchise or interest in the franchise,"[4] such information is reflected on the financial statements that Pacers Basketball has agreed to search for, review, and produce.**

15.     All documents submitted, presentations given to, and/or communications with the Marion County Capital Improvement Board of Managers in 2009.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents submitted to the Marion County Capital Improvement Board of Managers in 2009. Pacers Basketball states, however, that to the extent that Bren Simon is seeking information that "would impact the value of the Pacers franchise or interest in the franchise,"[5] such information is reflected on the financial statements that Pacers Basketball has agreed to search for, review, and produce.**

16.     Any contracts governing the television and radio rights of Pacers Basketball in effect on February 2, 2009.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that compliance with this Request would violate the Pacers' contractual obligations of confidentiality.  Subject to and without waiving its objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will review the documents responsive to this Request that are within its possession, custody, or control, and, to the extent that it**

---

[4] J. Porter Nov. 23, 2015 email to D. Kelley.
[5] *Id.*

**can do so without violating any contractual obligations, will produce them.  Pacers Basketball states, however, that to the extent that Bren Simon is seeking information that "would impact the value of the Pacers franchise or interest in the franchise,"[6] such information is reflected on the financial statements that Pacers Basketball has agreed to search for, review, and produce.**

17.      A copy of the Collective Bargaining Agreement between the National Basketball Association and the National Basketball Players Association in effect on February 2, 2009.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that it is not permitted by the National Basketball Association to produce the Collective Bargaining Agreement.  Pacers Basketball states, however, that to the extent that Bren Simon is seeking information that "would impact the value of the Pacers franchise or interest in the franchise,"[7] such information is reflected on the financial statements that Pacers Basketball has agreed to search for, review, and produce.**

18.      All agreements between Pacers Basketball and the National Basketball Association in effect on February 2, 2009.

**RESPONSE: In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that it is not permitted by the National Basketball Association to produce agreements between Pacers Basketball and the National Basketball Association.  Pacers Basketball states, however, that to the extent that Bren Simon is seeking information that "would impact the value of the Pacers franchise or interest in the franchise,"[8] such information is reflected on the financial statements that Pacers Basketball has agreed to search for, review, and produce.**

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

8

As to objections,

/s/ Daniel R. Kelley

Brian S. Fennerty
David K. Herzog
Sarah C. Jenkins
Daniel R. Kelley
FAEGRE BAKER DANIELS LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204

*Attorneys for Pacers Basketball, LLC*

## Certificate of Service

I certify that on December 4, 2015, I served the foregoing on counsel of record by email.

/s/ Daniel R. Kelley
Daniel R. Kelley

9