

U.S. Department of Justice

Tax Division

| | |
|---|---|
| *Trial Attorney :Lindsay L. Clayton*<br>*Attorney's Direct Line: 202-307-2956*<br>*Fax No. 202-307-0054*<br>*Lindsay.L.Clayton@usdoj.gov* | *Please reply to:*   Civil Trial Section, Western Region<br>P.O. Box 683<br>Washington, D.C. 20044 |

CDC:RRW:LLClayton
DJ 5-13-22964
CMN 2015101019

**VIA PROCESS SERVER**                                                             December 23, 2015
Herbert Simon
8765 Pine Ridge Dr.
Indianapolis, IN 46260-1774

                      **RESPONSE REQUESTED BY JANUARY 25, 2016**
            Re:    Document Subpoena in *Simon v. United States,* 1:15-cv-538 (D. Colo.)

Dear Herbert Simon,

      Enclosed is an original subpoena in connection with the case referred to above. The subpoena commands you to produce documents at an office of the US Attorney closest to where you reside. In lieu of the scheduled production outlined in the subpoena, we would prefer that you mail by Federal Express or UPS accurate and complete copies of the requested documents to James E. Weaver and Lindsay L. Clayton, Tax Division, United States Department of Justice, 555 4th Street NW, Room 7907, Washington, D.C. 20001. Should you choose to use the United States Postal Service, the United States respectfully requests that you send the production to James E. Weaver and Lindsay L. Clayton, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044.

      We request that you produce responsive documents in an electronic format (i.e., on a CD or DVD) either as single page .tiff files (with the .lfp) or as single page searchable .pdf files, and to produce documents in a logical, organized, and usable format containing control numbers in the interest of minimizing the time, effort, and expense incurred by the parties. If you have any questions or are unable to meet these requests, please call undersigned counsel to discuss the appropriate format of the production. Thank you for your assistance. Please contact James ("Ed") Weaver at (202) 305-4929 or james.e.weaver@usdoj.gov or me at (202) 307-2956 or lindsay.l.clayton@usdoj.gov if you have any questions or concerns.

                                                                  Sincerely yours,

                                                                  */s/ Lindsay L. Clayton*

                                                                   LINDSAY L. CLAYTON
                                                                  Trial Attorney
                                                                  Civil Trial Section, Western Region

Enclosure(s) as stated.

**Exhibit**
**3**
_____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of Colorado

| | |
|---|---|
| Bren Simon ) | |
| *Plaintiff* ) | Civil Action No. 1:15-cv-00538-REB-KMT |
| v. ) | |
| ) | |
| The United States of America ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Herbert Simon | 8765 Pine Ridge Dr. | Indianapolis, IN 46260-1774 |

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

*See attached Schedule A for specific requests and instructions.*

| Place: United States Attorney's Office<br>10 W Market Street, Suite 2100<br>Indianapolis, IN 46204 | Date and Time: 1:00 PM on January 25, 2016 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Click here to enter text. | Date and Time: Click here to enter text. |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 23, 2015

*CLERK OF COURT*

OR  _/s/ signature_

_____                        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The United States of America, who issues or requests this subpoena, are: James E. Weaver and Lindsay L. Clayton, PO Box 683, Washington, DC 20044 | james.e.weaver@usdoj.gov | lindsay.l.clayton@usdoj.gov | 202.305.4929 (Weaver) | 202.307.2956 (Clayton)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:15-cv-00538-REB-KMT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                            _____
                                                            *Printed name and title*


                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

13455967.1

13456005.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

13455967.1
13456005.1

## Schedule A
## Subpoena issued to Herbert Simon

**Definition of "Document":** As used in these requests, the term "document" shall be liberally construed to mean all original writings of any nature whatsoever and all non-identical copies thereof (whether different by reason of handwritten notations thereon or otherwise), regardless of where located, whether created and/or maintained in paper form or by electronic means or other machine-readable, decodable, or searchable format (i.e., computer software). This includes, but is not limited to, correspondence, memoranda, notes, letters, reports, records, minutes, summaries, calendars, appointment books, diaries, journals, data compilations, spreadsheets, workpapers, diagrams, pictures, charts, graphs, pamphlets, books, contracts, brochures, computer tapes or disks, agreements, deeds, leases, checks or other negotiable instruments, bank statements, financial statements, inter-office or intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, e-mail, all drafts, alterations, modifications, changes or amendments of any of the foregoing, all other types of written or documentary or other tangible materials on which information or data may be recorded, stored, or otherwise contained, metadata embedded in documents created and/or maintained by electronic means, and other documents or records as defined in Rules 34 and 45 of the Federal Rules of Civil Procedure.

**Prior Subpoena:** If a document is responsive to one or more of the requests set forth below but has previously been produced, without redactions, to representatives of Bren Simon in response to a prior subpoena directed to you in connection with this litigation, the document need not be produced to the United States in response to this subpoena. Otherwise, all responsive documents should be produced, in accordance with this subpoena.

**Claims of Privilege:** If any document is redacted or withheld on account of a claim of privilege, describe the document in a privilege log accompanying the production of documents.

**Records Declaration:** Enclosed as Schedule B is a proposed records declaration. In the interest of minimizing the time and expense involved in authenticating documents at a later date, we request that you fill out and return the declaration to us with your production.

**Requests:**

1. All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:
    a. The capital structure or ownership structure (direct or indirect) of business entities, trusts or individuals owning or controlling the Indiana Pacers basketball team;
    b. Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of MH Holdings, Inc.;
    c. Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball Corporation;

13433111.1

    d.      The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;
    e.      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball, LLC;
    f.      The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;
    g.      The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;
    h.      The Agreement and Undertaking dated February 2, 2009;
    i.      The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;
    j.      The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;
    k.      Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;
    l.      Any potential relocation of the Indiana Pacers basketball team.

2.    All corporate governance records, including, but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any amendments or revisions thereto), shareholders agreements, or restrictions on transfer of securities, for the following entities:
    a.      MH Holdings, Inc.
    b.      Pacers Basketball Corporation
    c.      Pacers Basketball LLC

3.    All financial records during the time period running from January 1, 2000 through December 31, 2009 with respect to the following entities:
    a.      MH Holdings, Inc.
    b.      Pacers Basketball Corporation
    c.      Pacers Basketball, LLC

4.    All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from January 1, 2000 through December 31, 2009 about financial or operational planning with respect to the following entities:
    a.      MH Holdings, Inc.
    b.      Pacers Basketball Corporation
    c.      Pacers Basketball, LLC

5.    All documents concerning the following topics:
    a.      The capital structure of MH Holdings, Inc.
    b.      Financing obtained by MH Holdings, Inc.
    c.      The capital structure of Pacers Basketball Corporation.
    d.      The capital structure of Pacers Basketball LLC.
    e.      Financing obtained by Pacers Basketball LLC

6. All documents concerning, referencing or reflecting any agreement, contract, or financial relationship between or among the Indiana Pacers basketball team and the following during the time period running from January 1, 2003 through December 31, 2009:
    a. The National Basketball Association ("NBA")
    b. Indiana Convention Center and Lucas Oil Stadium (f/k/a Indiana Convention Center and RCA Dome)
    c. Capital Improvements Board of Managers of Marion County
    d. CNO Financial Group, Inc. (f/k/a Conseco, Inc.)
    e. Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse)

7. Notes, records or memoranda concerning, referencing or reflecting meetings concerning the Indiana Pacers basketball team held during the time period running from January 1, 2006 through December 31, 2009 between you and any of the following individuals and/or any representative of any of the following individuals:
    a. Melvin Simon
    b. Bren Simon
    c. David Simon
    d. Stephen Simon
    e. The Indiana Pacers basketball team

8. All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state gift taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

9. All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state estate taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

10. All documents created between January 1, 2006 and December 31, 2009 concerning MH Holdings, Inc., Pacers Basketball Corporation, Pacers Basketball LLC, or the Indiana Pacers basketball team.

11. All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:
    a. Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of any NBA team;
    b. NBA Combined Financial Statements and/or "CFS Reports";
    c. NBA "Gate Receipts Reports" or any other document reflecting attendance information for NBA games;
    d. NBA "Revenue Sharing Reports";
    e. Hand-outs and/or notes from any NBA meeting of team CFOs;
    f. Any report prepared by McKinsey & Company related to NBA team finances and revenue sharing and all other documents related to such report;

    g.    Documents related to current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.;
    h.    Documents related to any debt or financing obtained by the NBA on a league-wide basis;
    i.    Documents summarizing luxury suite contracts;
    j.    Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");
    k.    Documents summarizing player contracts;
    l.    Documents summarizing any sponsorships;
    m.    Sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team, and all documents related thereto;
    n.    Contracts for television and/or radio rights related to the Indiana Pacers basketball team, and all documents related thereto;
    o.    Contracts related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and all documents related thereto;
    p.    Contracts related to the use of any sports facility by the Indiana Pacers basketball team, and all documents related thereto.

12.    All records of meetings of the NBA Board of Governors created and/or dated between January 1, 2003 and December 31, 2010 that concern or refer to the Indiana Pacers basketball team, its owners or its management.

13.    All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

14.    All documents created and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

15.    All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 concerning any sports facility used by the Indiana Pacers, as follows:
    a.    Concessionaire contracts;
    b.    Leases and/or any amendments thereto;
    c.    Leases for parking and/or any amendments thereto;
    d.    Leases for any luxury or club seats available at the facility, including the total number, number leased, average price, gross revenue from leases, and terms of the leases.

16.    All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the documents described in Request No. 15.

13433111.1

17. All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that describe the physical characteristics of any sports facility used by the Indiana Pacers, including:
    a. Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;
    b. Number of suites;
    c. Number of club seats;
    d. Parking spaces controlled by the facility;
    e. Total square footage.

18. With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:
    a. All documents created prior to December 31, 2010 describing historical capital improvements to that facility.
    b. All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 describing events taking place at the facility, including but not limited to the number of events per year, gate attendance, and turnstile attendance.

19. All documents filed, created or maintained in connection with *In re: the Estate of Melvin Simon*, Case No. 29D03-0910-ES-000141 (Hamilton, Indiana Superior Court 3) that refer to any of the following assets or entities:
    a. MH Holdings, Inc.
    b. Pacers Basketball Corporation
    c. Pacers Basketball, LLC
    d. The Indiana Pacers basketball team

20. All documents constituting or reflecting agreements, transaction, or transfers of property between you (Herbert Simon) and Melvin Simon that were effective, or entered into, after January 1, 2000 up to and through September 16, 2009.

13433111.1

**Schedule B**
**Subpoena issued to Herbert Simon ("HS")**

CERTIFICATE OF CUSTODIAN OF BUSINESS RECORDS

TO WHOM IT MAY CONCERN:

1. I am over 18 years of age and a resident of _____ [*city, state*] and am competent to make this Certificate.

2. In response to a subpoena dated December 17, 2015, issued by the United States of America in the case of *Bren Simon v. United States*, 1:15-cv-00538-REB-KMT (D. Colo.), I have transmitted to the United States true and accurate copies of documents requested in the subpoena and Schedule A, to the extent that the documents have been located in records maintained by Herbert Simon ("HS") (or agents/representatives thereof), consisting of _____ pages.

3. I certify that the attached records are records of a regularly conducted activity or are business records of HS (or agents/representatives thereof).

4. I am a custodian of records of HS. I am familiar with the process of maintaining the records of HS, and the records being produced have been properly and accurately maintained and stored.

5. The records attached to this certificate are true and correct copies of documents found in the files of HS (or agents/representatives thereof).

6. I have supervised and/or participated in the collection of these records, which are maintained by HS (or agents/representatives thereof).

7. To the best of my knowledge and belief, the records attached to this certificate were created contemporaneously with the occurrence of the matters set forth in the records. Such files are maintained by HS (or agents/representatives thereof). As a custodian of records for HS (or agents/representatives thereof), I have access to the files containing the documents produced herewith.

8. Each entry in these records reflects regularly kept and stored information maintained by HS (or agents/representatives thereof) as part of the process of reporting information, including transactional information. The production of statements such as those in the attached records is a regular practice of the business conducted by HS (or agents/representatives thereof).

I executed this Certificate at _____ [*city, state*] on _____ [*date*].

I declare and certify under penalty of perjury that the statements made by me in this Certificate are true and correct.

_____ [*signature*]

_____ [*typed name*]

13455884.1
13455901.1