# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLORADO

| | |
|---|---|
| BREN SIMON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  1:15-CV-0538-REB-KMT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Defendant. | ) |

### Responses and Objections of Non-Parties
### Herbert Simon, Stephen Simon, and Pacers Basketball, LLC
### to the United States' Subpoenas to Produce Documents

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-parties Herbert Simon, Stephen Simon, and Pacers Basketball, LLC ("Pacers Basketball")(collectively, "Respondents") hereby respond and object to the United States' Subpoena to Produce Documents (the "Requests").

### Objections Applicable to Multiple Requests ("General Objections")

**1.** Respondents object to the Requests to the extent that they purport to impose any requirements different from or in addition to those set forth in the Federal Rules of Civil Procedure or the rules of this Court.

**2.** Respondents object to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, fail to state with sufficient particularity the documents sought, seek documents neither relevant to any party's claim or defense, nor proportional to the needs of the case, or seek confidential documents.

**3.** Respondents base their responses to the Requests on the assumption that the Requests do not intend to seek documents protected from discovery by the attorney-client privilege, the accountant-client privilege, the work-product doctrine, or other applicable privileges or immunities from discovery.  To the extent that the Requests call for such information, Respondents object to them and claim any applicable privileges and protections to the fullest extent legally provided.

**4.** Respondents object to the Requests insofar as they are unreasonably cumulative or duplicative, or otherwise constitute abuse of discovery.

Exhibit
6

**5.**     Pursuant to Federal Rules of Civil Procedure 26(b)(2)(C), 45(d)(1), and 45(d)(3)(A)(iv), Respondents object to the Requests to the extent that they seek any document not in their possession, custody, or control, or that are equally available to the Department of Justice.  To the extent that the Requests seek to require Respondents to gather and produce documents that have already been obtained or are obtainable directly from another party, the Requests impose an undue burden on Respondents and violate the issuer's duty under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing undue burden or expense on persons subject to a subpoena.

**6.**     Respondents object to the Requests to the extent that Respondents are not protected from substantial burden and significant expense resulting from compliance. *See* Fed. R. Civ. P. 45(d)(1)("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

**7.**     Respondents object to the extent that the Requests seek documents irrelevant to the subject matter of Bren Simon's lawsuit against the IRS, which relates to the agreements that Herbert and Melvin Simon entered into on February 2, 2009: "(an agreement and undertaking, an amendment and restatement of the MH Holdings shareholder agreement, and a conversion of Pacers Basketball Corporation to Pacers Basketball, LLC) that reorganized the relationship between Herb and Mel as it related to the Pacers (collectively, the 'Reorganization')." *See* Complaint, *Bren Simon v. United States*, No. 1:15-cv-00538-REB-KMT (D. Colo.). As such, the Requests are overly broad to the extent that they seek documents from years before, or after, February 2, 2009.

**8.**     Respondents object to the extent that compliance with the Requests would violate any contractual obligation of confidentiality.

**9.**     A statement that a Respondent "will produce" documents, that documents "will be produced," or that a Respondent "has agreed to produce" documents does not mean that any responsive documents exist.  Rather, it means that Respondents will conduct a reasonable search for such documents and, subject to these General Objections and to any specific objections noted, will produce them, with redactions as appropriate.

**10.**     Respondents' agreement to produce documents is contingent upon (a) the Court's entry of a suitable protective order; and (b) the Department of Justice's agreement to reimburse them for their fees and expenses.

**11.**     So far as Respondents are aware, according to information and business records presently available to them, these responses are complete and correct.

US.103840179.03

Respondents reserve the right to object to future discovery on the same or related matters and do not waive any objections by providing the information set forth in these responses.  Respondents further reserve the right to object to the admissibility of any documents produced, or of these responses or related matters, in full or in part, at trial or other hearings in this action or any other, on any grounds, including, but not limited to, materiality, relevance, and scope of claims.

      **12.**     Respondents reserve their rights to supplement, amend, or correct their answers to these Requests. Respondents do not waive any available objections to these Requests.

### <u>Specific Responses and Objections to Requests to Pacers Basketball, LLC</u>

      Subject to and without waiving its General and Specific Objections set forth above and below, Pacers Basketball, LLC ("Pacers Basketball") states that it previously received a subpoena from Mrs. Simon. In response to that subpoena, it conducted a good-faith analysis of the Requests contained therein and, subject to the objections and conditions set forth in Pacers Basketball's response to Mrs. Simon's subpoena (including, but not limited to, the Court's entry of a suitable protective order), Pacers Basketball has agreed to search for and produce certain documents to Mrs. Simon. Pacers Basketball will produce copies of those documents to the Department of Justice, in the production format Requested by the Department of Justice, when Pacers Basketball produces the documents to Mrs. Simon.

      If the Department of Justice believes that additional documents should be produced, it should identify those documents specifically, and Pacers Basketball will consider producing them. Pacers Basketball, a non-party to the litigation, has already been required to incur "undue burden [and] expense." Pacers Basketball objects to any requirement that it incur additional undue burden or expense, for example, by searching for, reviewing, and producing irrelevant documents, or documents beyond those that it has agreed to search for or produce.

      **1.**     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:

           **a.**     Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of any NBA team;

           **b.**     NBA Combined Financial Statements and/or "CFS Reports";

           **c.**     NBA "Gate Receipts Reports" or any other document reflecting attendance information for NBA Games;

d.      NBA "Revenue Sharing Reports";

e.      Hand-outs and/or notes from any NBA meeting of team CFOs;

f.      Any report prepared by McKinsey & Company related to NBA team finances and revenue sharing and all other documents related to such report;

g.      Documents related to current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.;

h.      Documents related to any debt or financing obtained by the NBA on a league-wide basis;

i.      Documents summarizing luxury suite contracts;

j.      Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");

k.      Documents summarizing player contracts;

l.      Documents summarizing any sponsorships;

m.      Sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team, and all documents related thereto;

n.      Contracts for television and/or radio rights related to the Indiana Pacers basketball team, and all documents related thereto;

o.      Contracts related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and all documents related thereto;

p.      Contracts related to the use of any sports facility by the Indiana Pacers basketball team, and all documents related thereto.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to 16 different categories of confidential information, none**

4

of which is related to the February 2, 2009 Reorganization. Objecting further, Pacers Basketball objects on the grounds that to the extent this Request seeks "all" documents on the specified subject matters from January 1, 2003 to December 31, 2010, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). With respect to the 16 individual sub-topics contained in this Request, Pacers Basketball objects as follows:

a.   Pacers Basketball objects to this Request on the grounds that to the extent that the request seeks information relating to the valuation of NBA teams, especially teams other than the Indiana Pacers, it seeks information that is either not in Pacers Basketball's possession, custody, or control, or that is irrelevant to either party's claims or defenses. Objecting further, Pacers Basketball states that production of information it may possess relating to the valuation of NBA teams other than the Indiana Pacers may violate obligations of confidentiality that the Indiana Pacers owe to the NBA and to the other NBA teams. To that extent, Pacers Basketball objects to the Request.

b.   Pacers Basketball objects to this Request on the grounds that to the extent that Pacers Basketball has any such documents, the documents are the property of the NBA, not of Pacers Basketball, which does not have authority to produce them.

c.   See objections to Request 1.b.

d.   See objections to Request 1.b.

e.   See objections to Request 1.b.

f.   See objections to Request 1.b.

g.   Pacers Basketball objects to this Request to the extent that it seeks information relating to MH Holdings, Inc., on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that Pacers Basketball and/or Herbert Simon agreed to produce extensive financial documents to Mrs. Simon, and therefore to the Department of Justice.

5

Financial information relevant to the parties' respective claims and defenses will be contained therein.

h.      See objections to Request 1.b.

i.      Pacers Basketball objects to this Request on the grounds that it is vague to the extent that it does not define the term "luxury suite contracts." To the extent that this term refers to contracts for the license of viewing suites for Indiana Pacers home games, Pacers Basketball objects on the grounds that the contracts themselves are irrelevant to the parties' respective claims or defenses. Pacers Basketball objects further on the grounds that information relating to revenue from such contracts is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

j.      Pacers Basketball objects to this Request on the grounds that it is vague to the extent that it does not define the terms "season ticket holders" and "full season equivalents." To the extent that these terms refer to Indiana Pacers fans who have purchased season tickets, Pacers Basketball objects on the grounds that this information is irrelevant to the parties' respective claims and defenses, and on the grounds that information relating to revenue from ticket sales is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

k.      Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses. Pacers Basketball objects further on the grounds that information relating to player contracts is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

l.      Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses. Pacers Basketball objects further on the grounds that this Request is overly broad to the extent that it seeks "all" documents related to such contracts. Pacers Basketball objects further that on the grounds that information relating to revenue from Indiana Pacers sponsorships is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to

US.103840179.03

produce to Mrs. Simon, and therefore to the Department of Justice.

m.   See objections to Request 1.l.

n.   Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses. Pacers Basketball objects further on the grounds that this Request is overly broad to the extent that it seeks "all" documents related to such contracts. Pacers Basketball objects further on the grounds that information relating to revenue from contracts for television or radio rights is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

o.   Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses. Pacers Basketball objects further on the grounds that this Request is overly broad to the extent that it seeks "all" documents related to such contracts. Pacers Basketball objects further on the grounds that information relating to revenue from "naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers" is reflected on financial documents that Pacers Basketball and/or Herbert Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

p.   Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses. Pacers Basketball objects further on the grounds that this Request is overly broad to the extent that it seeks "all" documents "related to" such contracts.

2.   All records of meetings of the NBA Board of Governors created and/or dated between January 1, 2003 and December 31, 2010 that concern or refer to the Indiana Pacers basketball team, its owners or its management.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects on the grounds that "records of meetings of the NBA Board of Governors" are proprietary to the NBA, and therefore Pacers**

7

Basketball may not produce them without the NBA's approval. Objecting further, Pacers Basketball objects on the grounds that this Request is overly broad to the extent that it seeks "all" such documents. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon.

      3.    All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent that this Request seeks "Agreement and Undertaking" contracts whose subject matters are other than the February 2, 2009 Restructuring, it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects on the grounds that this Request is overly broad to the extent that it seeks "all" such documents. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that, contingent upon the entry of a suitable protective order, the Agreement and Undertaking contract relevant to the February 2, 2009 Restructuring is among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.

      4.    All documents created and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent that the Request seeks "all" documents relating to the subject matter between 2000 and 2010, it is overly broad and unduly burdensome. Pacers Basketball objects further on the grounds that to the extent that the Request seeks information relating to transactions involving ownership interests in teams other than the Indiana Pacers, it seeks information that is not in Pacers Basketball's possession, custody, or control, and that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Pacers Basketball objects further on the grounds that information relating to the transfer of interests in other NBA teams is proprietary to those other NBA teams. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that in response to Mrs. Simon's subpoena,

US.103840179.03

**Pacers Basketball and/or Herbert Simon agreed to produce documents relevant to the February 2, 2009 Restructuring.**

5.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 concerning any sports facility used by the Indiana Pacers, as follows:

> **a.**    Concessionaire contracts;
>
> **b.**    Leases and/or any amendments thereto;
>
> **c.**    Leases for parking and/or any amendments thereto;
>
> **d.**    Leases for any luxury or club seats available at the facility, including the total number, number leased, average price, gross revenue from leases, and terms of the leases.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that the Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the subject matter between January 1, 2003 and December 31, 2010. Pacers Basketball objects further on the grounds that information about sports facilities used by the Indiana Pacers is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that the current Operating Agreement for Bankers Life Fieldhouse is publicly available, and that, to the extent that it is not currently publicly available, and subject to the entry of a suitable protective order, the Operating Agreement for Bankers Life Fieldhouse in effect as of February 2, 2009 will be produced. Subject to and without waiving its General and Specific Objections, Pacers Basketball also states that financial information relating to the sports facilities used by the Indiana Pacers is reflected in the financial documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.**

6.      All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the documents described in Request No. 5.

**RESPONSE: See objections to Request No. 5.**

7.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that describe the physical characteristics of any sports facility used by the Indiana Pacers, including:

      a.      Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;

      b.      Number of suites;

      c.      Number of club seats;

      d.      Parking spaces controlled by the facility;

      e.      Total square footage.

**RESPONSE: See objections to Request No. 5. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that much of the information sought in this Request can be found online.[1]**

8.      With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:

      a.      All documents created prior to December 31, 2010 describing historical capital improvements to that facility.

      b.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 describing events taking place at the facility, including but not limited to the number of events per year, gate attendance, and turnstile attendance.

**RESPONSE: See objections to Request No. 5.**

9.      All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:

      a.      The capital structure or ownership structure (direct or indirect) of business entities, trusts or individuals owning or controlling the Indiana Pacers basketball team;

---

[1] *See Building Info*, Bankers Life Fieldhouse, *available at* http://www.bankerslifefieldhouse.com/arena-information/promoters-guide/building-info-2/ (last accessed Feb. 1, 2016).

US.103840179.03

**b.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of MH Holdings, Inc.;

**c.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball Corporation;

**d.** The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;

**e.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, managements structure or ownership of Pacers Basketball, LLC;

**f.** The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;

**g.** The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;

**h.** The Agreement and Undertaking dated February 2, 2009;

**i.** The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;

**j.** The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;

**k.** Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;

**l.** Any potential relocation of the Indiana Pacers basketball team.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that to the extent it seeks "all" documents relating to the subject matter between October 1, 2003 and December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. With respect to the**

11

12 individual sub-topics contained in this Request, Pacers Basketball objects as follows:

    a.    To the extent that this Request seeks documents "constituting, reflecting, or referring to communications" "about" the capital or ownership structures of the entities that own and owned the Indiana Pacers basketball team, Pacers Basketball objects on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control.

    b.    Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of MH Holdings, Inc. Pacers Basketball objects further on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control.

    c.    Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of Pacers Basketball Corporation. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that, contingent upon the entry of a suitable protective order, documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena.

    d.    Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the "creation of, purpose for, ownership of, or operational control over," or the capital or ownership structure of, Pacers Basketball, LLC. Subject to and without waiving its objections, Pacers Basketball states that, contingent upon the entry of a suitable protective order, documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.

    e.    See objections to Request No. 9.d.

US.103840179.03

f.      Pacers Basketball objects on the grounds that this Request seeks a document that is not in Pacers Basketball's possession, custody, or control.

g.      Pacers Basketball objects on the grounds that this Request seeks a document that is not in Pacers Basketball's possession, custody, or control.

h.      See objections and response to Request No. 3.

i.      Subject to and without waiving its General and Specific Objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce the Operating Agreement of Pacers Basketball, LLC dated February 2, 2009.

j.      Pacers Basketball objects on the grounds that to the extent this Request seeks information regarding the "value" of MH Holdings, Inc., it seeks information that is not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that this Request is vague to the extent that it seeks information on the "value" of the Indiana Pacers, Pacers Basketball Corporation, or Pacers Basketball, LLC. Subject to and without waiving its objections, Pacers Basketball states that the information Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena is reflective of the financial condition of Pacers Basketball at the relevant time period.

k.      Pacers Basketball objects on the grounds that this Request seeks information that is not in Pacers Basketball's possession, custody, or control.

l.      Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information regarding "[a]ny potential relocation" of the Indiana Pacers. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that it is aware of no such information.

10.     All corporate governance records, including but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any

US.103840179.03

amendments or revisions thereto), shareholders agreements, or restrictions on transfer of securities, for the following entities:

    **a.**    MH Holdings, Inc.

    **b.**    Pacers Basketball Corporation

    **c.**    Pacers Basketball LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "corporate governance records" of MH Holdings, Inc., it seeks documents that are not in Pacers Basketball's possession, custody, or control. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving its General and Specific Objections, and contingent upon the entry of a suitable protective order, Pacers Basketball states that it will produce corporate governance records of Pacers Basketball Corporation and Pacers Basketball, LLC, that were in effect as of February 2, 2009, and that it can locate with a reasonable search.**

    **11.**    All financial records during the time period running from January 1, 2000 through December 31, 2009 with respect to the following entities:

    **a.**    MH Holdings, Inc.

    **b.**    Pacers Basketball Corporation

    **c.**    Pacers Basketball, LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "financial records" of MH Holdings, Inc., it seeks documents that are not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that to the extent that the Request seeks "all" financial records from January 1, 2000 through December 31, 2009, it is overly broad and unduly burdensome. Pacers Basketball objects further on the grounds that the term "financial records" is vague. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

**Subject to and without waiving its General and Specific Objections, Pacers Basketball states that, contingent upon the entry of a suitable protective order, financial records of Pacers Basketball Corporation and Pacers Basketball, LLC from the relevant time period that Pacers Basketball can locate with a reasonable search are among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena.**

12.    All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from January 1, 2000 through December 31, 2009 about financial or operational planning with respect to the following entities:

        **a.**        MH Holdings, Inc.

        **b.**        Pacers Basketball Corporation

        **c.**        Pacers Basketball, LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks documents and communications relating to financial or operational planning with respect to MH Holdings, Inc., it seeks documents that are not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that to the extent this Request seeks "all" documents relating to financial or operational planning with respect to Pacers Basketball Corporation or Pacers Basketball, LLC, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

13.    All documents concerning the following topics:

        **a.**        The capital structure of MH Holdings, Inc.

        **b.**        Financing obtained by MH Holdings, Inc.

        **c.**        The capital structure of Pacers Basketball Corporation.

        **d.**        The capital structure of Pacers Basketball LLC.

        **e.**        Financing obtained by Pacers Basketball LLC.

US.103840179.03

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks documents relating to the capital structure of or financing obtained by MH Holdings, Inc., it seeks documents that are not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, and financing obtained by Pacers Basketball, LLC, from an unlimited time frame. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving its General and Specific Objections, Pacers Basketball states that documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, as of February 2, 2009, and financing obtained by Pacers Basketball, LLC, as of February 2, 2009, are among the documents that, contingent upon the entry of a suitable protective order, Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.**

14.    All documents concerning, referencing, or reflecting any agreement, contract, or financial relationship between or among the Indiana Pacers basketball team (or any entity or individual owning, directly or indirectly, any interest in the Pacers basketball team) and the following during the time period running from January 1, 2006 through December 31, 2009:

    a.    The National Basketball Association ("NBA")

    b.    Indiana Convention Center and Lucas Oil Stadium (f/k/a Indiana Convention Center and RCA Dome)

    c.    Capital Improvements Board of Managers of Marion County

    d.    CNO Financial Group, Inc. (f/k/a Conseco, Inc.)

    e.    Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse)

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Pacers Basketball objects further on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor**

16

**"proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon.**

15.    Notes, records or memoranda concerning, referencing or reflecting meetings concerning the Indiana Pacers basketball team held during the time period running from January 1, 2006 through December 31, 2009 between you and any of the following individuals and/or any representative of any of the following individuals:

        **a.**    Herbert Simon

        **b.**    Melvin Simon

        **c.**    Bren Simon

        **d.**    David Simon

        **e.**    Stephen Simon

        **f.**    The Indiana Pacers basketball team

**RESPONSE: In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Pacers Basketball objects further on the grounds that, to the extent the scope of the Request is not limited further than "meetings concerning the Indiana Pacers Basketball team," it is overly broad and unduly burdensome.[2] Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

16.    All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state gift taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

---

[2] In addition to the Request's being entirely irrelevant to the subject matter of the litigation, compliance with the Request as written would be nearly impossible. For example, the Request would encompass meetings between Herbert Simon and staff of the Indiana Pacers regarding the on-court performance of the Indiana Pacers basketball team.

**RESPONSE: Subject to and without waiving its General and Specific Objections, Pacers Basketball states that it is aware of no such documents.**

      **17.** All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state estate taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

**RESPONSE: Subject to and without waiving its General and Specific Objections, Pacers Basketball states that it is aware of no such documents.**

US.103840179.03

## Requests to Bankers Life Fieldhouse

As of February 2, 2009, Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse) was not an entity separate from Pacers Basketball, LLC. Therefore, no response to the Requests directed toward Bankers Life is required. To the extent a separate response to the subpoena to Bankers Life Fieldhouse is required, Bankers Life Fieldhouse adopts the responses and General and Specific Objections of Pacers Basketball, LLC to the Department of Justice's subpoena.

## Specific Responses and Objections to Requests to Herbert Simon

Subject to and without waiving Respondents' General and Specific Objections set forth above and below, Herbert Simon states that he previously received a subpoena from Mrs. Simon in connection with this litigation. In response to that subpoena, he conducted a good-faith analysis of the requests contained therein and, subject to the objections and conditions set forth in his response to Mrs. Simon's subpoena (including, but not limited to, the Court's entry of a suitable protective order), Herbert Simon agreed to search for and produce certain documents to Mrs. Simon. Herbert Simon will produce copies of those documents to the Department of Justice, in the format requested by the Department of Justice, when he produces the documents to Mrs. Simon.

If the Department of Justice believes that additional documents should be produced, it should identify those documents specifically, and Herbert Simon will consider producing them. Herbert Simon, a non-party to this litigation, has already been required to incur "undue burden [and] expense." He objects to any requirement that he incur additional undue burden or expense, for example, by searching for, reviewing, and producing irrelevant documents, or documents beyond those that he has agreed to search for or produce.

**1.** All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:

   **a.** The capital structure or ownership structure (direct or indirect) of business entities, trusts or individuals owning or controlling the Indiana Pacers basketball team;

   **b.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of MH Holdings, Inc.;

   **c.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball Corporation;

   **d.** The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;

   **e.** Proposed, contemplated, and/or effectuated changes to the capital structure, governance, managements structure or ownership of Pacers Basketball, LLC;

20

**f.**     The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;

**g.**     The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;

**h.**     The Agreement and Undertaking dated February 2, 2009;

**i.**     The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;

**j.**     The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;

**k.**     Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;

**l.**     Any potential relocation of the Indiana Pacers basketball team.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects to this Request on the grounds that to the extent it seeks "all" documents relating to the subject matter between October 1, 2003 and December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Herbert Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). With respect to the 12 individual sub-topics contained in this Request, Herbert Simon objects as follows:**

**a.**     **Herbert Simon objects that to the extent this Request seeks communications relating to the "business entities, trusts, or individuals owning or controlling the Indiana Pacers basketball team," it is overly broad, unduly burdensome, and calls for the production of information that is "neither relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).[3]**

**b.**     **Herbert Simon objects on the grounds that to the extent that this Request seeks communications relating to the "proposed, contemplated, and/or effectuated changes to" MH Holdings, it seeks the production of information that is neither "relevant to**

---

[3] For example, the Request would include communications "about" the Melvin Simon Family Enterprises Trust, regardless of whether those communications were in reference to the Indiana Pacers.

US.103840179.03

any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

c.      Herbert Simon objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of Pacers Basketball Corporation. Subject to and without waiving his General and Specific Objections, Herbert Simon states that, contingent upon the entry of a suitable protective order, documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena.

d.      Herbert Simon objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the "creation of, purpose for, ownership of, or operational control over," the capital or ownership structure of Pacers Basketball, LLC. Subject to and without waiving his General and Specific Objections, Herbert Simon states that, contingent upon the entry of a suitable protective order, documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena.

e.      See objections to Response No. 1.d.

f.      Herbert Simon objects on the grounds that this Request seeks the production of confidential information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

g.      See objections to Response No. 1.f.

h.      Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, the Agreement and Undertaking dated February 2, 2009 is among the documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena.

      i.       **Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, Pacers Basketball has agreed to produce the Operating Agreement of Pacers Basketball dated February 2, 2009.**

      j.       **Herbert Simon objects on the grounds that this Request is vague to the extent that this Request seeks information on the "value" of the Indiana Pacers Basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc. Subject to and without waiving his General and Specific Objections, Herbert Simon states that information he and/or Pacers Basketball agreed to produce in response to Mrs. Simon's subpoena is reflective of the financial condition of Pacers Basketball at the relevant time.**

      k.       **Herbert Simon objects on the grounds that this Request seeks information that is not in his possession, custody, or control.**

      l.       **Herbert Simon objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information regarding "[a]ny potential relocation" of the Indiana Pacers. Subject to and without waiving his General and Specific Objections, Herbert Simon states that he is aware of no such information.**

    **2.**      All corporate governance records, including but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any amendments or revisions thereto), shareholders agreements, or restrictions on transfer of securities, for the following entities:

      **a.**      MH Holdings, Inc.

      **b.**      Pacers Basketball Corporation

      **c.**      Pacers Basketball LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent the Request seeks "corporate governance records" of MH Holdings, Inc., it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, Herbert Simon states that Pacers Basketball agreed to**

US.103840179.03

produce corporate governance records of Pacers Basketball Corporation and Pacers Basketball, LLC, that were in effect as of February 2, 2009, and that it can locate with a reasonable search.

      **3.**      All financial records during the time period running from January 1, 2000 through December 31, 2009 with respect to the following entities:

        **a.**      MH Holdings, Inc.

        **b.**      Pacers Basketball Corporation

        **c.**      Pacers Basketball, LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent the request seeks "financial records" of MH Holdings, Inc., it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Herbert Simon objects further on the grounds that to the extent that the Request seeks "all" financial records from January 1, 2000 through December 31, 2009, it is overly broad and unduly burdensome. Herbert Simon objects further on the grounds that the term "financial records" is vague. Subject to and without waiving his General and Specific Objections, Herbert Simon states that, contingent upon the entry of a suitable protective order, relevant financial records of Pacers Basketball Corporation and Pacers Basketball, LLC, that Herbert Simon and/or Pacers Basketball can locate with a reasonable search are among the documents that Herbert Simon and/or Pacers Basketball has agreed to produce in response to Mrs. Simon's subpoena.**

      **4.**      All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from January 1, 2000 through December 31, 2009 about financial or operational planning with respect to the following entities:

        **a.**      MH Holdings, Inc.

        **b.**      Pacers Basketball Corporation

        **c.**      Pacers Basketball, LLC

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent this Request seeks documents and communications relating to financial or operational planning with respect to MH Holdings, Inc., it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of**

US.103840179.03

the case[.]" Fed. R. Civ. P. 26(b)(1). Herbert Simon objects further on the grounds that, to the extent that this Request seeks "all" documents relating to financial or operational planning with respect to Pacers Basketball Corporation or Pacers Basketball, LLC, it is overly broad and unduly burdensome. Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Objecting further, Herbert Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

      **5.**      All documents concerning the following topics:

            **a.**      The capital structure of MH Holdings, Inc.

            **b.**      Financing obtained by MH Holdings, Inc.

            **c.**      The capital structure of Pacers Basketball Corporation.

            **d.**      The capital structure of Pacers Basketball LLC.

            **e.**      Financing obtained by Pacers Basketball LLC.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent this Request seeks documents relating to the capital structure of or financing obtained by MH Holdings, Inc., it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Herbert Simon objects further on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, and financing obtained by Pacers Basketball, LLC, from an unlimited time frame. Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Objecting further, Herbert Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving his General and Specific Objections, Herbert Simon states that documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, as of February 2, 2009, and financing obtained by Pacers Basketball, LLC, as of February 2, 2009, are among the documents that, contingent upon the entry of a suitable protective order, he has agreed to produce in response to Mrs. Simon's subpoena.**

6.      All documents concerning, referencing or reflecting any agreement, contract, or financial relationship between or among the Indiana Pacers basketball team and the following during the time period running from January 1, 2003 through December 31, 2009:

    a.      The National Basketball Association ("NBA")

    b.      Indiana Convention Center and Lucas Oil Stadium (f/k/a Indiana Convention Center and RCA Dome)

    c.      Capital Improvements Board of Managers of Marion County

    d.      CNO Financial Group, Inc. (f/k/a Conseco, Inc.)

    e.      Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse)

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2003 through December 31, 2009, it is overly broad and unduly burdensome. Herbert Simon objects further on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon.**

7.      Notes, records or memoranda concerning, referencing or reflecting meetings concerning the Indiana Pacers basketball team held during the time period running from January 1, 2006 through December 31, 2009 between you and any of the following individuals and/or any representative of any of the following individuals:

    a.      Melvin Simon

    b.      Bren Simon

    c.      David Simon

    d.      Stephen Simon

    e.      The Indiana Pacers basketball team

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent**

26

the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Herbert Simon objects further on the grounds that, to the extent the scope of the Request is not limited further than "meetings concerning the Indiana Pacers basketball team," it is overly broad and unduly burdensome.[4] Objecting further, Herbert Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

8.      All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state gift taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

RESPONSE: Subject to and without waiving his General and Specific Objections, Herbert Simon states that he is not aware of any such documents.

9.      All documents constituting, reflecting or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state estate taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.

RESPONSE: Subject to and without waiving his General and Specific Objections, Herbert Simon states that he is not aware of any such documents.

10.      All documents created between January 1, 2006 and December 31, 2009 concerning MH Holdings, Inc., Pacers Basketball Corporation, Pacers Basketball LLC, or the Indiana Pacers basketball team.

RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Herbert Simon objects further on the grounds that to the extent this Request is not limited in scope further than documents "concerning" MH Holdings,

---

[4] In addition to the Request's being entirely irrelevant to the subject matter of the litigation, compliance with the request as written would be nearly impossible. For example, the Request would encompass meetings between Herbert Simon and the staff of the Indiana Pacers regarding the on-court performance of the Indiana Pacers basketball team.

Pacers Basketball Corporation, Pacers Basketball, LLC, or the Indiana Pacers basketball team, it is overly broad, unduly burdensome, and seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects to the extent that this Request is duplicative both of other Requests in the Department of Justice's subpoena, and of requests in Mrs. Simon's subpoena.

11. All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:

      **a.** Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of any NBA team;

      **b.** NBA Combined Financial Statements and/or "CFS Reports";

      **c.** NBA "Gate Receipts Reports" or any other document reflecting attendance information for NBA Games;

      **d.** NBA "Revenue Sharing Reports";

      **e.** Hand-outs and/or notes from any NBA meeting of team CFOs;

      **f.** Any report prepared by McKinsey & Company related to NBA team finances and revenue sharing and all other documents related to such report;

      **g.** Documents related to current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.;

      **h.** Documents related to any debt or financing obtained by the NBA on a league-wide basis;

      **i.** Documents summarizing luxury suite contracts;

      **j.** Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");

      **k.** Documents summarizing player contracts;

      **l.** Documents summarizing any sponsorships;

US.103840179.03

     **m.**     Sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team, and all documents related thereto;

     **n.**     Contracts for television and/or radio rights related to the Indiana Pacers basketball team, and all documents related thereto;

     **o.**     Contracts related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and all documents related thereto;

     **p.**     Contracts related to the use of any sports facility by the Indiana Pacers basketball team, and all documents related thereto.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to 16 different categories of confidential information, none of which is related to the February 2, 2009 Reorganization. Objecting further, Herbert Simon objects on the grounds that to the extent this Request seeks "all" documents on the specified subject matters from January 1, 2003 to December 31, 2010, it is overly broad, unduly burdensome, and seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon.**

**To the extent that Herbert Simon has possession, custody, or control of documents that are responsive to this Request, it is by virtue of his ownership interest in Pacers Basketball. Accordingly, Herbert Simon adopts the responses of Pacers Basketball to Request No. 1 of the Department of Justice's subpoena to Pacers Basketball, LLC.**

     **12.**     All records of meetings of the NBA Board of Governors created and/or dated between January 1, 2003 and December 31, 2010 that concern or refer to the Indiana Pacers basketball team, its owners or its management.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects on the grounds that "records of meetings of the NBA Board of Governors" are proprietary to the NBA, and therefore Herbert Simon may not produce them without the NBA's approval. Objecting further, Herbert Simon objects**

on the grounds that this Request is overly broad to the extent that it seeks "all" such documents.

13.     All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent that this Request seeks "Agreement and Undertaking" contracts whose subject matters are other than the February 2, 2009 Restructuring, it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects on the grounds that this Request is overly broad to the extent that it seeks "all" such documents. Subject to and without waiving his General and Specific Objections, Herbert Simon states that, contingent upon the entry of a suitable protective order, the Agreement and Undertaking contract relevant to the February 2, 2009 Restructuring is among the documents that Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.**

14.     All documents created and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that to the extent that the Request seeks "all" documents relating to the subject matter between 2000 and 2010, it is overly broad and unduly burdensome. Herbert Simon objects further on the grounds that to the extent that the Request seeks information relating to transactions involving ownership interests in teams other than the Indiana Pacers, it seeks information that is not in Herbert Simon's possession, custody, or control, and that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Herbert Simon objects further on the grounds that information relating to the transfer of interests in other NBA teams is proprietary to those other NBA teams. Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Subject to and without waiving his General and Specific objections, Herbert Simon states that in response to Mrs. Simon's subpoena, he has agreed to produce documents relevant to the February 2, 2009 Restructuring.**

15.     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 concerning any sports facility used by the Indiana Pacers, as follows:

     **a.**     Concessionaire contracts;

     **b.**     Leases and/or any amendments thereto;

     **c.**     Leases for parking and/or any amendments thereto;

     **d.**     Leases for any luxury or club seats available at the facility, including the total number, number leased, average price, gross revenue from leases, and terms of the leases.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects on the grounds that the Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the subject matter between January 1, 2003 and December 31, 2010. Herbert Simon objects further on the grounds that information about sports facilities used by the Indiana Pacers is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Herbert Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Subject to and without waiving his General and Specific Objections, Herbert Simon states that the current Operating Agreement for Bankers Life Fieldhouse is publicly available, and that, to the extent that it is not currently publicly available, and subject to the entry of a suitable protective order, the Operating Agreement in effect as of February 2, 2009 is among the documents that Pacers Basketball and/or Herbert Simon agreed to produce. Subject to and without waiving his General and Specific Objections, Herbert Simon also states that financial information relating to the sports facilities used by the Indiana Pacers is reflected in the financial documents that Pacers Basketball and/or Herbert Simon agreed to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.**

     **16.**     All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the documents described in Request No. 15.

**RESPONSE: See objections to Request No. 15.**

     **17.**     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that describe the physical characteristics of any sports facility used by the Indiana Pacers, including:

     **a.**     Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;

b.      Number of suites;

c.      Number of club seats;

d.      Parking spaces controlled by the facility;

e.      Total square footage.

**RESPONSE: See objections to Request No. 15. Subject to and without waiving his General and Specific Objections, Pacers Basketball states that much of the information sought in this Request can be found online.[5]**

18.     With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:

a.      All documents created prior to December 31, 2010 describing historical capital improvements to that facility.

b.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 describing events taking place at the facility, including but not limited to the number of events per year, gate attendance, and turnstile attendance.

**RESPONSE: See objections to Response No. 15.**

19.     All documents filed, created or maintained in connection with *In re: the Estate of Melvin Simon*, Case No. 29D03-0910-ES-000141 (Hamilton, Indiana Superior Court 3) that refer to any of the following assets or entities:

a.      MH Holdings, Inc.

b.      Pacers Basketball Corporation

c.      Pacers Basketball, LLC

d.      The Indiana Pacers basketball team

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects to the extent that this Request calls for the production of privileged and/or work-product protected documents "created or maintained in connection with" the specified case. Herbert Simon also**

---

[5] *See Building Info*, Bankers Life Fieldhouse, *available at* http://www.bankerslifefieldhouse.com/arena-information/promoters-guide/building-info-2/ (last accessed Feb. 1, 2016).

US.103840179.03

objects to the extent that documents "filed" in connection with that case are equally available to the Department of Justice. To the extent that documents "filed" in that case are redacted or sealed, Herbert Simon objects on the grounds that producing such documents as may be in his possession, custody, or control could violate orders of the court presiding over the specified case.

20.    All documents constituting or reflecting agreements, transaction[s], or transfers of property between you (Herbert Simon) and Melvin Simon that were effective, or entered into, after January 1, 2000 up to and through September 16, 2009.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Herbert Simon incorporates herein, Herbert Simon objects to the extent that this Request seeks information that is not relevant to the February 2, 2009 Restructuring, and that is therefore neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

US.103840179.03

**Specific Responses and Objections to Requests to Stephen Simon**

Stephen Simon does not have greater or different access to the documents and information requested by the Department of Justice than Herbert Simon has. Therefore, Stephen Simon adopts the responses and objections of Herbert Simon to the Department of Justice's Requests contained in its subpoena to Herbert Simon (the "Herbert Simon Subpoena"). To the extent a separate response to the subpoena to Stephen Simon is required, Stephen Simon adopts the responses and General and Specific Objections of Herbert Simon to the Herbert Simon Subpoena. To the extent that individual responses are required, Stephen Simon responds and objects as follows:

1.      All documents constituting, reflecting, or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:

     a.      The capital structure or ownership structure (direct or indirect) of business entities, trusts, or individuals owning or controlling the Indiana Pacers basketball team;

     b.      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure, or ownership of MH Holdings, Inc.;

     c.      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure, or ownership of Pacers Basketball Corporation;

     d.      The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;

     e.      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure, or ownership of Pacers Basketball, LLC;

     f.      The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;

     g.      The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;

     h.      The Agreement and Undertaking dated February 2, 2009;

   **i.**  The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;

   **j.**  The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;

   **k.**  Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;

   **l.**  Any potential relocation of the Indiana Pacers basketball team.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 1 of the Herbert Simon Subpoena.**

  **2.**  All corporate governance records, including, but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any amendments or revisions thereto), shareholders agreements, or restrictions on transfer of securities, for the following entities:

   **a.**  MH Holdings, Inc.

   **b.**  Pacers Basketball Corporation

   **c.**  Pacers Basketball, LLC

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 2 of the Herbert Simon Subpoena.**

  **3.**  All financial records during the time period running from January 1, 2000 through December 31, 2009 with respect to the following entities:

   **a.**  MH Holdings, Inc.

   **b.**  Pacers Basketball Corporation

   **c.**  Pacers Basketball, LLC

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 3 of the Herbert Simon Subpoena.**

  **4.**  All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from January 1, 2000

US.103840179.03

through December 31, 2009 about financial or operational planning with respect to the
following entities:

        **a.**     MH Holdings, Inc.

        **b.**     Pacers Basketball Corporation

        **c.**     Pacers Basketball, LLC

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to
Request No. 4 of the Herbert Simon Subpoena.**

    **5.**    All documents concerning the following topics:

        **a.**     The capital structure of MH Holdings, Inc.

        **b.**     Financing obtained by MH Holdings, Inc.

        **c.**     The capital structure of Pacers Basketball Corporation.

        **d.**     The capital structure of Pacers Basketball, LLC.

        **e.**     Financing obtained by Pacers Basketball, LLC.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to
Request No. 5 of the Herbert Simon Subpoena.**

    **6.**    All documents concerning, referencing, or reflecting any agreement,
contract, or financial relationship between or among the Indiana Pacers basketball team
(or any entity or individual owning, directly or indirectly, any interest in the Pacers
basketball team) and the following during the time period running from January 1, 2006
through December 31, 2009:

        **a.**     The National Basketball Association ("NBA")

        **b.**     Indiana Convention Center and Lucas Oil Stadium (f/k/a Indiana
              Convention Center and RCA Dome)

        **c.**     Capital Improvements Board of Managers of Marion County

        **d.**     CNO Financial Group, Inc. (f/k/a Conseco Fieldhouse)

        **e.**     Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse)

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 6 of the Herbert Simon Subpoena.**

7.     Notes, records, or memoranda concerning, referencing, or reflecting meetings concerning the Indiana Pacers basketball team held during the time period running from January 1, 2006 through December 31, 2009 between you and any of the following individuals and/or any representative of any of the following individuals:

    **a.**     Herbert Simon

    **b.**     Melvin Simon

    **c.**     Bren Simon

    **d.**     David Simon

    **e.**     The Indiana Pacers basketball team

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 7 of the Herbert Simon Subpoena.**

8.     All documents constituting, reflecting, or referring to communications (oral, electronic, or written) between October 1, 2004, and December 31, 2009 discussing federal or state gift taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC, and/or MH Holdings, Inc.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 8 of the Herbert Simon Subpoena.**

9.     All documents constituting, reflecting, or referring to communications (oral, electronic, or written) between October 1, 2003 and December 31, 2009 discussing federal or state estate taxes in connection with any transaction involving the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC, and/or MH Holdings, Inc.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 9 of the Herbert Simon Subpoena.**

US.103840179.03

    **10.**    All documents created between January 1, 2006 and December 31, 2009 concerning MH Holdings, Inc., Pacers Basketball Corporation, Pacers Basketball LLC, or the Indiana Pacers basketball team.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 10 of the Herbert Simon Subpoena.**

    **11.**    All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:

        **a.**    Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of any NBA team;

        **b.**    NBA Combined Financial Statements and/or "CFS Reports";

        **c.**    NBA "Gate Receipts Reports" or any other document reflecting attendance information for NBA games;

        **d.**    NBA "Revenue Sharing Reports";

        **e.**    Hand-outs and/or notes from any NBA meeting of team CFOs;

        **f.**    Any report prepared by McKinsey & Company related to NBA team finances and revenue sharing and all other documents related to such report;

        **g.**    Documents related to current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC, and/or MH Holdings, Inc.;

        **h.**    Documents related to any debt or financing obtained by the NBA on a league-wide basis;

        **i.**    Documents summarizing luxury suite contracts;

        **j.**    Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");

        **k.**    Documents summarizing player contracts;

        **l.**    Documents summarizing any sponsorships;

     **m.**     Sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team, and all documents related thereto;

     **n.**     Contracts for television and/or radio rights related to the Indiana Pacers basketball team, and all documents related thereto;

     **o.**     Contracts related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and all documents related thereto;

     **p.**     Contracts related to the use of any sports facility by the Indiana Pacers basketball team, and all documents related thereto.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 11 of the Herbert Simon Subpoena.**

**12.**     All records of meetings of the NBA Board of Governors created and/or dated between January 1, 2003 and December 31, 2010 that concern or refer to the Indiana Pacers basketball team, its owners, or its management.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 12 of the Herbert Simon Subpoena.**

**13.**     All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 13 of the Herbert Simon Subpoena.**

**14.**     All documents create and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing, or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 14 of the Herbert Simon Subpoena.**

**15.**     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 concerning any sports facility used by the Indiana Pacers, as follows:

     **a.**     Concessionaire contracts;

US.103840179.03

      **b.**      Leases and/or any amendments thereto;

      **c.**      Leases for parking and/or any amendments thereto;

      **d.**      Leases for any luxury or club seats available at the facility, including the total number, number leased, average price, gross revenue from leases, and terms of the leases.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 15 of the Herbert Simon Subpoena.**

    **16.**    All documents constituting, reflecting, or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the documents described in Request No. 15.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 16 of the Herbert Simon Subpoena.**

    **17.**    All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that describe the physical characteristics of any sports facility used by the Indiana Pacers, including:

      **a.**      Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;

      **b.**      Number of suites;

      **c.**      Number of club seats;

      **d.**      Parking spaces controlled by the facility;

      **e.**      Total square footage.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 17 of the Herbert Simon Subpoena.**

    **18.**    With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:

      **a.**      All documents created prior to December 31, 2010 describing historical capital improvements to that facility;

      **b.**      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 describing events taking place at the facility, including but not limited to the number of events per year, gate attendance, and turnstile attendance.

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 18 of the Herbert Simon Subpoena.**

      **19.**      All documents filed, created, or maintained in connection with *In re: the Estate of Melvin Simon*, Case No. 29D03-0910-ES-000141 (Hamilton, Indiana Superior Court 3) that refer to any of the following assets or entities:

      **a.**      MH Holdings, Inc.

      **b.**      Pacers Basketball Corporation

      **c.**      Pacers Basketball, LLC

      **d.**      The Indiana Pacers basketball team

**RESPONSE: Stephen Simon adopts Herbert Simon's responses and objections to Request No. 19 of the Herbert Simon Subpoena.**

As to objections,

/s/ Daniel R. Kelley

Brian S. Fennerty
David K. Herzog
Daniel R. Kelley
FAEGRE BAKER DANIELS LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204

*Attorneys for Herbert Simon, Stephen Simon, and Pacers Basketball, LLC*

**Certificate of Service**

I certify that on February 1, 2016, I served the foregoing on counsel of record by email.

/s/ Daniel R. Kelley
Daniel R. Kelley