

U.S. Department of Justice

Tax Division

| | |
|---|---|
| *Trial Attorney : James E. Weaver* | *Please reply to:*  *Civil Trial Section, Western Region* |
| *Attorney's Direct Line: 202-305-4929* | *P.O. Box 683* |
| *Fax No. 202-307-0054* | *Washington, D.C. 20044* |
| *James.E.Weaver@usdoj.gov* | |

CDC:RRW:JEWeaver
DJ 5-13-22964
CMN 2015101019

**Sent via Email**                                            April 29, 2016
Daniel R. Kelley
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204

      Re:    Document Subpoenas in *Simon v. United States,* 1:15-cv-538 (D. Colo.)

Dear Mr. Kelley,

    I enclose subpoenas for testimony directed to the following individuals:  Herbert Simon, Kevin D. Bower and J. Donald Walsh.  Please let me know by next Friday, May 6, 2016, if you are authorized to accept service on behalf of these individuals.  If not, we will commence the process of effecting service on each individual.

    In response to your letter of April 12, 2016, I enclose three revised subpoenas for documents directed to the Pacers Basketball, LLC, Herbert Simon and Stephen Simon, respectively.  For reasons articulated in my letters of March 11, 2016, March 29, 2016 and April 5, 2016, I believe that the objections raised in your responses to our earlier subpoenas issued in December 2015 are groundless; however, in light of those objections, the substantial delays that those objections have created, and the fact that we have since obtained [Protective Order] [Protective Order] I am agreeable to eliminating some requests and narrowing some others to try and move the process forward.  Given your representation of the Pacers, Herbert Simon and Stephen Simon, I am assuming that you will accept service of these revised subpoenas for documents.  Please confirm by May 4, 2016 that you are authorized to accept service of these three revised subpoenas, or we will effect service by other means.

    To be clear, our intention in issuing the enclosed subpoenas (as well as additional subpoenas for testimony that will follow) is to obtain information relevant to claims and/or defenses of the parties to the captioned case.  The captioned case is a gift tax case, arising out of adjustments to a gift tax return filed by the Estate of Melvin Simon for 2009.  Those adjustments relate to a reorganization of the Indiana Pacers ownership structure completed several months before Mr. Simon died in September 2009.  At the crux of the parties' dispute is the nature of that reorganization, and its effect on the value of interests (direct and indirect) in the team (and

**Exhibit**
**7 (part a)**

- 2 -

other assets) held by the deceased Melvin Simon and his brother Herbert Simon, both prior to and following the transfers at issue.

Let me address several objections you have previously raised with respect to our original subpoenas for documents.

First, we are fine with a production of documents that dovetails with subpoenas issued by the Plaintiff in this case to Herbert Simon and the Indiana Pacers. Your clients need only produce responsive documents once. But thus far, no documents have been produced at all, to my knowledge. Given the unjustified delays created by your objections, and in light of our plans to obtain deposition testimony, we request that responsive documents be produced no later than May 20, 2016. This should not constitute a logistical problem, since you have been on notice for months as to the scope of what we are requesting.

Second, and as noted above, this is a gift tax case. Our requests for documents relating to the capital structure of entities through which the Pacers were owned (as well as historical changes in that structure), directly relate to the nature of what Melvin Simon owned and transferred. Moreover, to opine on the value of interests owned by Melvin Simon, our expert witnesses need the type of information that valuation professionals typically obtain in connection with an assignment involving a sports franchise. Here, this would include historical financial information regarding the Pacers for the five years preceding the 2008-2009 season, during which Mr. Simon's gift transfer was completed. Our requests in the revised document subpoenas are tailored to obtain information that our experts deem to be material to their assignments. In addition, I would further note that the parties' claims and defenses reach beyond mere valuation issues. For example, Ms. Simon has asserted that the 2009 reorganization constituted "an arm's length business deal" made in the ordinary course of business. Accordingly, our requests address those claims and defenses as well.

Third, I have reviewed edits that you proposed in connection with a stipulated protective order. I attach a redlined version with further edits for your review.

To reiterate what I have previously stated, I would like to move forward without a need for court intervention if possible; however, time is of the essence, and I will appreciate your prompt response.

>                              Sincerely yours,
>
>                              JAMES WEAVER
>                              Digitally signed by JAMES WEAVER
>                              DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=TAX, cn=JAMES WEAVER, 0.9.2342.19200300.100.1.1=15001000302973
>                              Date: 2016.04.29 18:54:54 -04'00'
>
>                              JAMES E. WEAVER
>                              Senior Litigation Counsel
>                              Department of Justice, Tax Division

cc:   Brian S. Fennerty
      David K. Herzog
      John W. Porter
      Jeffrey D. Watters
      Landon Yost