FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Daniel R. Kelley**
*Associate*
*Daniel.Kelley@FaegreBD.com*
Direct **317-237-8229**

Faegre Baker Daniels LLP
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 6, 2016

**VIA EMAIL**

James E. Weaver
Senior Litigation Counsel
U.S. Department of Justice
Civil Trial Section, Western Region
P.O. Box 683
Washington, D.C. 20044

  Re: Document Subpoenas in *Simon v. United States*, 1:15-cv-538 (D. Colo.)

Dear Mr. Weaver:

  Thank you for your March 11, March 29, and April 29 letters regarding the responses and objections of Pacers Basketball, LLC ("Pacers Basketball"), Herbert Simon ("Mr. Simon"), Stephen Simon, and Bankers Life Fieldhouse (collectively, the "Pacers Group") to certain requests contained in the subpoenas that the Responding Parties received from the United States. This letter responds to the issues raised in your letters.

I. **New Document Subpoenas**

  We presume that the United States is withdrawing its original document subpoenas served on Mr. Simon, Stephen Simon, and Pacers Basketball, to which each recipient responded on December 4, 2015, and about which we've been negotiating since then. We will provide responses to these new subpoenas promptly. With respect to the subpoena to Stephen Simon, as we informed you on December 4, 2015, Stephen Simon does not have greater or different access to the documents and information requested by the Department of Justice than Herbert Simon has. In other words, if a document responsive to the Department of Justice's requests exists, both Herbert and Stephen Simon have access to it. And there are no documents (a) to which Stephen Simon has access that (b) Herbert Simon does not have access to. In the interest of

US.106224935.01

**Exhibit 8**

James E. Weaver					May 6, 2016

minimizing the expense and burden that these repeated and duplicative requests have imposed and are imposing on non-parties to this litigation, we request that the Department of Justice withdraw its subpoena to Stephen Simon.

**II.    Protective Order**

Thank you for providing your responses to the Pacers Group's proposed revisions to the protective order entered in this matter with respect to documents produced by the NBA. We appreciate your willingness to enter into a protective order, as the entry of such an order is a condition precedent to any production of the documents by the Pacers Group or its constituents.

That said, we do have concerns regarding some of the changes in the redline document attached to your April 29 email:

- **The addition of "by the Pacers Group" in Paragraph 1.** You have made the point on several occasions that other Parties, individuals, or entities have produced documents belonging to Pacers Basketball, LLC (or its predecessor). We are concerned that the addition of "by the Pacers Group in compliance with subpoenas issued" in, and the deletion of "in discovery" from, the definition of "Protected Information" will compromise the Pacers Group's ability to designate materials belonging to the Pacers Group but produced by other entities without the Pacers Group's permission or consent, as "Protected Information." No entity other than Pacers Basketball has the right or ability to waive the confidential status of documents belonging to Pacers Basketball or its predecessor, and Pacers Basketball must have the ability to protect its information (regardless of source) by designating it as "Protected Information" under the protective order. Therefore, we object to these edits.

- **The inclusion of "or Herbert Simon and/or the Herbert Simon Revocable Trust" in Subparagraph 1(c).** Subparagraph 1(d) includes the text "Stephen Simon, Herbert Simon or the Herbert Simon Revocable Trust." We understand your position, as explained in footnote 1, that "the United States ... in no way agrees with, concurs in, or stipulates that tax or financial information of Stephen Simon, Herbert Simon or the Herbert Simon Revocable Trust constitutes Protected Information...." However, the exclusion of "or Herbert Simon and/or the Herbert Simon Revocable Trust" from the subparagraph about NBA team owners, and inclusion of "Herbert Simon or the Herbert Simon Revocable Trust" as individuals or entities whose confidential tax, financial, or other information may constitute "Protected Information," leaves the protective order subject to some ambiguity. Therefore, we object to the inclusion of "or Herbert Simon and/or the Herbert Simon Revocable Trust" in subparagraph 1(c).

2

US.106224935.01

James E. Weaver                                                                May 6, 2016

- **Footnote 1.** We understand the position of the United States with respect to the confidentiality of the Pacers Group's documents. However, we need it to be clear that all provisions of the protective order, not just those regarding the filing of documents in court, apply to protect the Pacers Group's documents. Therefore, we request (i) the removal of the phrase "constitute Protected Information, or that such information" from the footnote; and (ii) that the Parties agree to follow the procedures outlined in Paragraphs 4-9, not just those outlined in Paragraphs 4-5, with respect to the Pacers Group's documents. The last sentence would be modified slightly to conclude: "the Parties agree that they will follow the procedures outlined in Paragraphs 4-9 *with respect to documents designated by the Pacers Group as 'Protected Information.'*"

- **The exclusion of "intentional" from Paragraph 10.** You have informed us that other entities or individuals have produced to you documents belonging to Pacers Basketball. We have explained that no individual or entity other than Pacers Basketball has the right to waive Pacers Basketball's claims of confidentiality with respect to its documents. Excluding the word "intentional" from this paragraph would have the effect of removing the Pacers Group's ability to designate as Protected Information its own documents, to the extent that copies of those documents have been produced by other individuals or entities, as well as the ability to designate as Protected Information non-duplicative information produced by other individuals or entities. Therefore, we object to the exclusion of the term "intentional" from this paragraph.

If the United States agrees to make changes to the agreed protective order consistent with the objections outlined above, the Pacers Group will be in a position to begin producing documents, subject to its objections and responses to the revised document subpoenas. A redlined version reflecting these changes is attached to the cover email to this letter.

### III.   Deposition Subpoenas

As stated in my May 5 email to you, I am authorized to accept service on behalf of Herbert Simon, Stephen Simon, Kevin Bower, and Donald Walsh. Each of these individuals reserves the right to object to their respective deposition subpoenas on substantive grounds.

With respect to Mr. Walsh, we are unsure why he received a subpoena. As you may know, Mr. Walsh left the Pacers to become the president of basketball operations for the New York Knicks on April 2, 2008.[1] He returned to the Pacers in 2012. We

---

[1] *See* "Donnie Walsh," WIKIPEDIA, https://en.wikipedia.org/wiki/Donnie_Walsh (last visited May 4, 2016).

US.106224935.01

James E. Weaver                                                        May 6, 2016

believe it is unlikely that he would have any information pertinent to this lawsuit, given that the relevant transaction occurred while Mr. Walsh worked for the Knicks. Accordingly, we ask that you withdraw his subpoena. To the extent that you will not withdraw his subpoena, I am unavailable on June 14. Please suggest some other dates for his deposition.

      With respect to Mr. Simon, he is unavailable on the date noticed. He is currently scheduled to be in town the week of June 20. Please let me know your availability that week for his deposition.

Very truly yours,

_____
Daniel R. Kelley
FAEGRE BAKER DANIELS LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204

*Counsel for Pacers Basketball, LLC, Herbert Simon, and Stephen Simon*

cc:    David K. Herzog, Esq.
        Brian S. Fennerty, Esq.
        Pacers Basketball, LLC

US.106224935.01