# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| BREN SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:15-CV-0538-REB-KMT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## Responses and Objections of Non-Parties
## Pacers Basketball, LLC, and Herbert Simon
## to the United States' Second Subpoenas to Produce Documents

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-parties Herbert Simon ("Mr. Simon") and Pacers Basketball, LLC ("Pacers Basketball")(collectively, "Respondents") hereby respond and object to the United States' Second Subpoenas to Produce Documents (the "Requests").

## Objections Applicable to Multiple Requests ("General Objections")

**1.** Respondents base their objections and responses to these Requests on the understanding that the United States has withdrawn the subpoenas it previously issued to the Respondents (respectively, the "Original Simon Subpoena" and the "Original Pacers Subpoena"), to which they submitted objections and responses on February 1, 2016.

**2.** Respondents object to the Requests to the extent that they purport to impose any requirements different from or in addition to those set forth in the Federal Rules of Civil Procedure or the rules of this Court.

**3.** Respondents object to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, fail to state with sufficient particularity the documents sought, seek documents neither relevant to any party's claim or defense, nor proportional to the needs of the case, or seek confidential documents.

**4.** Respondents base their responses to the Requests on the assumption that the Requests do not intend to seek documents protected from discovery by the attorney-client privilege, the accountant-client privilege, the work-product doctrine, or

**Exhibit**
9

other applicable privileges or immunities from discovery.  To the extent that the Requests call for such information, Respondents object to them and claim any applicable privileges and protections to the fullest extent legally provided. To the extent that Respondents identify any documents that they intend to withhold on grounds of privilege or work-product protection, they will identify these documents as required by the Federal Rules of Civil Procedure.

     **5.**     Respondents object to the Requests insofar as they are unreasonably cumulative or duplicative, or otherwise constitute abuse of discovery.

     **6.**     Pursuant to Federal Rules of Civil Procedure 26(b)(2)(C), 45(d)(1), and 45(d)(3)(A)(iv), Respondents object to the Requests to the extent that they seek any document not in their possession, custody, or control, or that are equally available to the Department of Justice.  To the extent that the Requests seek to require Respondents to gather and produce documents that have already been obtained or are obtainable directly from another party, the Requests impose an undue burden on Respondents and violate the issuer's duty under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing undue burden or expense on persons subject to a subpoena.

     **7.**     Respondents object to the Requests to the extent that Respondents are not protected from substantial burden and significant expense resulting from compliance. *See* Fed. R. Civ. P. 45(d)(1)("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Respondents note that they have already undertaken significant burden and expense by responding to and negotiating regarding the Original Subpoenas.

     **8.**     Respondents object to the extent that the Requests seek documents irrelevant to the subject matter of Bren Simon's lawsuit against the IRS, which relates to the agreements that Herbert and Melvin Simon entered into on February 2, 2009: "(an agreement and undertaking, an amendment and restatement of the MH Holdings shareholder agreement, and a conversion of Pacers Basketball Corporation to Pacers Basketball, LLC) that reorganized the relationship between Herb and Mel as it related to the Pacers (collectively, the 'Reorganization')." *See* Complaint, *Bren Simon v. United States*, No. 1:15-cv-00538-REB-KMT (D. Colo.). As such, the Requests are overly broad to the extent that they seek documents from years before, or after, February 2, 2009.

     **9.**     Respondents object to the extent that compliance with the Requests would violate any contractual obligation of confidentiality.

     **10.**     A statement that a Respondent "will produce" documents, that documents "will be produced," or that a Respondent "has agreed to produce"

documents does not mean that any responsive documents exist. Rather, it means that Respondents will conduct a reasonable search for such documents and, subject to these General Objections and to any specific objections noted, will produce them, with redactions as appropriate.

11.     Respondents' agreement to produce documents is contingent upon (a) the Court's entry of a suitable protective order; and (b) the Department of Justice's agreement to reimburse them for their fees and expenses.

12.     So far as Respondents are aware, according to information and business records presently available to them, these responses are complete and correct. Respondents reserve the right to object to future discovery on the same or related matters and do not waive any objections by providing the information set forth in these responses. Respondents further reserve the right to object to the admissibility of any documents produced, or of these responses or related matters, in full or in part, at trial or other hearings in this action or any other, on any grounds, including, but not limited to, materiality, relevance, and scope of claims.

13.     Respondents reserve their rights to supplement, amend, or correct their answers to these Requests. Respondents do not waive any available objections to these Requests.

### Specific Responses and Objections to Requests to Pacers Basketball, LLC

Subject to and without waiving its General and Specific Objections set forth above and below, Pacers Basketball states that it previously received a subpoena from Mrs. Simon. In response to that subpoena, it conducted a good-faith analysis of the Requests contained therein and, subject to the objections and conditions set forth in Pacers Basketball's response to Mrs. Simon's subpoena (including, but not limited to, the Court's entry of a suitable protective order), Pacers Basketball has agreed to search for and produce certain documents to Mrs. Simon. Pacers Basketball will produce copies of those documents to the Department of Justice, in the production format Requested by the Department of Justice, when Pacers Basketball produces the documents to Mrs. Simon.

If the Department of Justice believes that additional documents should be produced, it should identify those documents specifically, and Pacers Basketball will consider producing them. Pacers Basketball, a non-party to the litigation, has already been required to incur "undue burden [and] expense." Pacers Basketball objects to any requirement that it incur additional undue burden or expense, for example, by searching for, reviewing, and producing irrelevant documents, or documents beyond those that it has agreed to search for or produce.

US.106228603.01

1.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:

**RESPONSE: Pacers Basketball notes the substantial similarity between this Request and Request No. 1 of the Original Pacers Subpoena, and incorporates its responses and objections to that Request to the extent applicable here. In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to 13 different categories of confidential information, none of which is related to the February 2, 2009 Reorganization. Objecting further, Pacers Basketball objects on the grounds that to the extent this Request seeks "all" documents on the specified subject matters from January 1, 2003 to December 31, 2010, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Pacers Basketball's responses and objections to the 13 individual sub-topics contained in this Request are located below each sub-topic.**

a.      Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of the Indiana Pacers basketball team and/or entities that own (or owned) an interest in the team;

**RESPONSE:        Subject to the entry of a suitable protective order, and subject to General Objections 1-13, including General Objection No. 10, Pacers Basketball will produce documents reflecting an established or estimated valuation of the Indiana Pacers basketball team that it can locate with a reasonable search.**

b.      Notes taken by the representative of the Indiana Pacers during NBA meetings of team CFOs;

**RESPONSE:        In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents that are neither "relevant to any party's claim or defense" nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

c.      Any report prepared by McKinsey & Company related to the Indiana Pacers basketball team finances, and all documents attached to such report or discussing such report;

4

**RESPONSE:**       **Subject to the entry of a suitable protective order, and subject to General Objections 1-13, including General Objection No. 10, Pacers Basketball will produce documents responsive to this Request that it can locate with a reasonable search.**

      **d.**       Documents reflecting current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.;

**RESPONSE:**       **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request to the extent that it seeks information relating to MH Holdings, Inc., on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further to the extent that this Request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce extensive financial documents to Mrs. Simon, and therefore to the Department of Justice. Financial information relevant to the parties' respective claims and defenses will be contained therein.**

      **e.**       Documents related to any debt or financing obtained by the NBA on a league-wide basis to which the Indiana Pacers basketball team (or entities owning or operating the team) had access and/or borrowed on;

**RESPONSE:**       **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case." Subject to and without waiving its General and Specific Objections, Pacers Basketball states that the financial documents it has agreed, subject to the entry of a suitable protective order, to produce contain the details of any utilization by the Pacers of debt or financing obtained by the NBA.**

      **f.**       Documents summarizing the terms of luxury suite contracts or licenses;

**RESPONSE:**       **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that it is vague to the extent that it does not define the term "luxury suite contracts." To the extent that this term**

US.106228603.01

refers to contracts for the license of viewing suites for Indiana Pacers home games, Pacers Basketball objects on the grounds that the contracts themselves are irrelevant to the parties' respective claim or defense, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further on the grounds that information relating to revenue from such contracts is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.

    **g.**    Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");

**RESPONSE:**    **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that it is vague to the extent that it does not define the terms "season ticket holders" and "full season equivalents." To the extent that these terms refer to Indiana Pacers fans who have purchased season tickets, Pacers Basketball objects on the grounds that such documents are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further and on the grounds that information relating to revenue from ticket sales is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

    **h.**    Documents summarizing the terms of player contracts;

**RESPONSE:**    **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further on the grounds that information relating to player contracts is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

   i.  Documents summarizing the terms of any sponsorships;

**RESPONSE:**  **Pacers Basketball objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further that on the grounds that information relating to revenue from Indiana Pacers sponsorships is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

   j.  Contracts or agreements reflecting any sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team;

**RESPONSE:**  **See objections to Request 1.i.**

   k.  Contracts or agreements for television and/or radio rights related to the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements;

**RESPONSE:**  **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further on the grounds that information relating to revenue from contracts for television or radio rights is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

   l.  Contracts or agreements related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements;

**RESPONSE:**  **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Pacers Basketball objects further on the grounds that information relating to revenue from**

**"naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers" is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

          **m.**    Contracts or agreements related to the use of any sports facility by the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements.

**RESPONSE:**      **In addition to General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome.**

          **2.**    To the extent that documents responsive to Request 1(h) (seeking documents summarizing the terms of player contracts) are not produced, all uniform player contracts in effect for the 2008-2009 seasons with respect to the Indiana Pacers basketball team.

**RESPONSE:**      **See objections to Request 1(h).**

          **3.**    All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

**RESPONSE:**      **In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent that this Request seeks "Agreement and Undertaking" contracts whose subject matters are other than the February 2, 2009 Restructuring, it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects on the grounds that this Request is overly broad to the extent that it seeks "all" such documents. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that the Agreement and Undertaking contract relevant to the February 2, 2009 Restructuring is among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to a suitable protective order, to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena**

4.      All documents created and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

**RESPONSE:        In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent that the Request seeks "all" documents relating to the subject matter between 2000 and 2010, it is overly broad and unduly burdensome. Pacers Basketball objects further on the grounds that to the extent that the Request seeks information relating to transactions involving ownership interests in teams other than the Indiana Pacers, it seeks information that is not in Pacers Basketball's possession, custody, or control, and that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Pacers Basketball objects further on the grounds that information relating to the transfer of interests in other NBA teams is proprietary to those other NBA teams. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that in response to Mrs. Simon's subpoena, Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce documents relevant to the February 2, 2009 Restructuring.**

5.      All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, regarding any sports facility used by the Indiana Pacers basketball team, that either constitute the following types of contracts leases, licenses, or agreements or that reflect or contain negotiations over the terms of such contracts, leases, licenses or agreements:

      **a.**      Operating agreements;
      **b.**      Concessionaire contracts;
      **c.**      Leases and/or any amendments thereto;
      **d.**      To the extent that documents responsive to Request 1(f)(seeking documents summarizing the terms of luxury suite contracts or licenses) are not produced, produce executive suite license agreements;
      **e.**      Leases for parking and/or any amendments thereto;
      **f.**      Leases for any luxury or club seats available at the facility.

**RESPONSE:        Pacers Basketball notes the substantial similarity between this Request and Request No. 5 of the Original Pacers Subpoena, and incorporates its responses and objections to that Request to the extent applicable here. In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that the Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the subject matter**

between January 1, 2003 and December 31, 2010. Pacers Basketball objects further on the grounds that information about sports facilities used by the Indiana Pacers is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that the current Operating Agreement for Bankers Life Fieldhouse is publicly available, and that, to the extent that it is not currently publicly available, and subject to the entry of a suitable protective order, the Operating Agreement for Bankers Life Fieldhouse in effect as of February 2, 2009 will be produced. Subject to and without waiving its General and Specific Objections, Pacers Basketball also states that financial information relating to the sports facilities used by the Indiana Pacers is reflected in the financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to a suitable protective order, to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena.

6.      All documents that summarize or list the physical characteristics of any sports facility used by the Indiana Pacers basketball team during the 2008-2009 season, including documents that list:

       **a.**     Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;

       **b.**     Number of suites;

       **c.**     Number of club seats;

       **d.**     Parking spaces controlled by the facility;

       **e.**     Total square footage.

**RESPONSE:**      **See objections to Request No. 5. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that much of the information sought in this Request can be found online.[1]**

7.      With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:

       **a.**     All documents created prior to December 31, 2010 describing or reflecting capital spending or expenditures with respect to that facility;

       **b.**     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that list or summarize events taking

---

[1] *See Building Info*, Bankers Life Fieldhouse, *available at* http://www.bankerslifefieldhouse.com/arena-information/promoters-guide/building-info-2/ (last accessed Feb. 1, 2016).

place at the facility, including documents that list or itemize the number of events per year, gate attendance, and turnstile attendance.

**RESPONSE:**          **See objections to Request No. 5.**

      **8.**    All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:

**RESPONSE:**          **In addition to Respondents' General Objections 1-12, which Pacers Basketball incorporates herein, Pacers Basketball objects to this Request on the grounds that to the extent it seeks "all" documents relating to the subject matter between October 1, 2003 and December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. With respect to the 12 individual sub-topics contained in this Request, Pacers Basketball objects as follows:**

      **a.**    The capital structure or ownership structure (direct or indirect) of basketball entities, trusts or individuals owning or controlling the Indiana Pacers basketball team;

**RESPONSE:**          **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that this Request seeks documents "constituting, reflecting, or referring to communications" "about" the capital or ownership structures of the entities that own and owned the Indiana Pacers basketball team. Pacers Basketball objects further to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena.**

US.106228603.01

      **b.**      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of MH Holdings, Inc.;

**RESPONSE:**      **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of MH Holdings, Inc. Pacers Basketball objects further on the grounds that the Request seeks information that is not in Pacers Basketball's possession, custody, or control.**

      **c.**      Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball Corporation;

**RESPONSE:**      **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of Pacers Basketball Corporation. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena.**

      **d.**      The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;

**RESPONSE:**      **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the "creation of, purpose for, ownership of, or operational control over," or the capital or ownership structure of, Pacers Basketball, LLC. Subject to and**

12

**without waiving its General and Specific Objections, Pacers Basketball states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena**

    e.    Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball, LLC;

**RESPONSE:**    **See objections to Request No. 8.d.**

    f.    The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;

**RESPONSE:**    **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects on the grounds that this Request seeks a document that is not in Pacers Basketball's possession, custody, or control.**

    g.    The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;

**RESPONSE:**    **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects on the grounds that this Request seeks a document that is not in Pacers Basketball's possession, custody, or control.**

    h.    The Agreement and Undertaking dated February 2, 2009;

**RESPONSE:**    **See objections and response to Request No. 3.**

    i.    The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;

**RESPONSE:**    **Subject to and without waiving its General and Specific Objections, and contingent upon the entry of a suitable protective order, Pacers Basketball will produce the Operating Agreement of Pacers Basketball, LLC dated February 2, 2009.**

US.106228603.01

     **j.**      The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;

**RESPONSE:**     **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that to the extent this Request seeks information regarding the "value" of MH Holdings, Inc., it seeks information that is not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that this Request is vague to the extent it seeks information on the "value" of the Indiana Pacers, Pacers Basketball Corporation, or Pacers Basketball, LLC. Subject to and without waiving its objections, Pacers Basketball states that the information Pacers Basketball and/or Mr. Simon agreed to produce, subject to a suitable protective order, in response to Mrs. Simon's subpoena is reflective of the financial condition of Pacers Basketball at the relevant time period.**

     **k.**      Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;

**RESPONSE:**     **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects on the grounds that this Request seeks information that is not in Pacers Basketball's possession, custody, or control.**

     **l.**      Any potential relocation of the Indiana Pacers basketball team.

**RESPONSE:**     **In addition to General Objections 1-13, which are incorporated herein, Pacers Basketball objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information regarding "[a]ny potential relocation" of the Indiana Pacers. Subject to and without waiving its General and Specific Objections, Pacers Basketball states that it is aware of no such information.**

     **9.**     All corporate governance records, including, but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any

amendments or revisions thereto), shareholder agreements, or restrictions on transfer of securities, for the following entities:

      **a.**    MH Holdings, Inc.;
      **b.**    Pacers Basketball Corporation;
      **c.**    Pacers Basketball, LLC.

**RESPONSE:**      **In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "corporate governance records" of MH Holdings, Inc., it seeks documents that are not in Pacers Basketball's possession, custody, or control. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving its General and Specific Objections, and contingent upon the entry of a suitable protective order, Pacers Basketball states that it will produce corporate governance records of Pacers Basketball Corporation and Pacers Basketball, LLC, that were in effect as of February 2, 2009, and that it can locate with a reasonable search.**

      **10.**    All documents constituting periodic financial statements, internal financial reports (whether monthly, quarterly, semi-annual, or annual), financial planning reports, or annual budgets generated during the time period running from January 1, 2000 through December 31, 2009 with respect to the Indiana Pacers Basketball team or any of the following entities:

      **a.**    MH Holdings, Inc.;
      **b.**    Pacers Basketball Corporation;
      **c.**    Pacers Basketball, LLC.

**RESPONSE:**      **In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that it is vague and ambiguous to the extent that it seeks "internal financial reports" or "financial planning reports." Pacers Basketball objects further on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" such documents from 2000-2009. Subject to and without waiving its General and Specific Objections, Pacers Basketball refers the Department of Justice to the financial documents that Pacers Basketball agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena:**

US.106228603.01

- **Financial statements for Pacers Basketball from fiscal year ended September 30, 2008 through February 2, 2009 (Req. 3);**

- **Cash management reports for Pacers Basketball from January 31, 2008 through February 2, 2009 (Req. 4);**

- **Consolidated financial statements and Independent Auditor's Reports for Pacers Basketball for fiscal year ended September 30, 2008 through February 2, 2009;**

- **United States tax returns for Pacers Basketball for the year ended December 31, 2008 (Req. 6);**

- **Loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball in effect at any time from January 1, 2008 through February 2, 2009 (Req. 7);**

- **Monthly summary financial statements for each month from January 1, 2008 through February 2, 2009 (not including inter-office memoranda or commentary documents)(Req. 8).**

11.    All documents concerning the following topics:

   a.    The capital structure of MH Holdings, Inc.;
   b.    Financing obtained by MH Holdings, Inc.;
   c.    The capital structure of Pacers Basketball Corporation;
   d.    The capital structure of Pacers Basketball LLC;
   e.    Financing obtained by Pacers Basketball LLC.

**RESPONSE:        In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks documents relating to the capital structure of or financing obtained by MH Holdings, Inc.,  it seeks documents that are not in Pacers Basketball's possession, custody, or control. Pacers Basketball objects further on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, and financing obtained by Pacers Basketball, LLC, from an unlimited time frame. Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon. Objecting further, Pacers Basketball objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving its General and Specific Objections, Pacers Basketball states that documents relating to the capital structures of Pacers**

16

**Basketball Corporation and Pacers Basketball, LLC, as of February 2, 2009, and financing obtained by Pacers Basketball, LLC, as of February 2, 2009, are among the documents that, contingent upon the entry of a suitable protective order, Pacers Basketball and/or Mr. Simon agreed to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena**

12.   All documents constituting agreements, contracts, or proposed agreements or contracts between or among the Indiana Pacers basketball team (or any entity or individual owning, directly or indirectly, any interest in the Pacers basketball team) and the following during the time period running from January 1, 2006 through December 31, 2009:

   a.   The National Basketball Association ("NBA");
   b.   Capital Improvements Board of Managers of Marion County;
   c.   CNO Financial Group, Inc. (f/k/a Conseco, Inc.);
   d.   Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse).

**RESPONSE:       Pacers Basketball notes the substantial similarity between this Request and Request No. 14 of the Original Pacers Subpoena, and incorporates its responses and objections to that Request to the extent applicable here. In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Pacers Basketball objects further on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Pacers Basketball objects to the extent that this Request is duplicative of requests contained in the subpoena it received from Mrs. Simon.**

13.   Notes, records, minutes or memoranda of executive-level meetings or conference calls held during the time period running from October 1, 2003 through December 31, 2009 during which the present or future roles of any of the individuals listed below were discussed in connection with the operation of, or ownership of (direct or indirect), the Indiana Pacers basketball team:

   a.   Herbert Simon;
   b.   Melvin Simon;
   c.   Bren Simon;
   d.   David Simon;
   e.   Stephen Simon.

**RESPONSE:       In addition to Respondents' General Objections 1-13, which Pacers Basketball incorporates herein, Pacers Basketball objects on the grounds that**

17

**this Request is vague to the extent that it seeks documents relating to "executive-level" meetings or conference calls. Objecting further, Pacers Basketball objects on the grounds that to the extent the Request seeks documents relating to the specified subject matters from October 1, 2003 through December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Pacers Basketball objects on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

## Specific Responses and Objections to Requests to Herbert Simon

Subject to and without waiving Respondents' General and Specific Objections set forth above and below, Mr. Simon states that he previously received a subpoena from Mrs. Simon in connection with this litigation. In response to that subpoena, he conducted a good-faith analysis of the requests contained therein and, subject to the objections and conditions set forth in his response to Mrs. Simon's subpoena (including, but not limited to, the Court's entry of a suitable protective order), Mr. Simon agreed to search for and produce certain documents to Mrs. Simon. Mr. Simon will produce copies of those documents to the Department of Justice, in the format requested by the Department of Justice, when he produces the documents to Mrs. Simon.

If the Department of Justice believes that additional documents should be produced, it should identify those documents specifically, and Mr. Simon will consider producing them. Mr. Simon, a non-party to this litigation, has already been required to incur considerable "undue burden [and] expense," in contravention of the serving party's and attorneys' duties under Federal Rule of Civil Procedure 45(d)(1). Mr. Simon objects to any requirement that he incur additional undue burden or expense, for example, by searching for, reviewing, and producing irrelevant documents, or documents beyond those that he has agreed to search for or produce.

1.      All documents constituting, reflecting or referring to communications (oral, electronic, or written) during the time period running from October 1, 2003 through December 31, 2009 about the following entities, documents, and/or topics:

**RESPONSE:        In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to this Request on the grounds that to the extent it seeks "all" documents relating to the subject matter between October 1, 2003 and December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Mr. Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. With respect to the 12 individual sub-topics contained in this Request, Mr. Simon objects as follows:**

    **a.**    The capital structure or ownership structure (direct or indirect) of basketball entities, trusts or individuals owning or controlling the Indiana Pacers basketball team;

**RESPONSE:**    **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is vague and ambiguous to the extent that this Request seeks documents "constituting, reflecting, or referring to communications" "about" the capital or ownership structures of the entities that own and owned the Indiana Pacers basketball team. Objecting further, Mr. Simon objects that this Request calls for the production of information that is "neither relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).[2]  Subject to and without waiving his General and Specific Objections, Mr. Simon states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena.**

    **b.**    Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of MH Holdings, Inc.;

**RESPONSE:**    **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of MH Holdings, Inc. Subject to and without waiving his General and Specific Objections, Mr. Simon states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena.**

---

[2] For example, the Request would include communications "about" the Melvin Simon Family Enterprises Trust, regardless of whether those communications were in reference to the Indiana Pacers.

US.106228603.01

c.     Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball Corporation;

**RESPONSE:**     **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the capital or ownership structure of Pacers Basketball Corporation. Subject to and without waiving his General and Specific Objections, Mr. Simon states that documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena.**

d.     The creation of, purpose for, ownership of, or operational control over Pacers Basketball, LLC;

**RESPONSE:**     **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information "constituting, reflecting, or referring to communications" "about" the "creation of, purpose for, ownership of, or operational control over," or the capital or ownership structure of, Pacers Basketball, LLC. Subject to and without waiving his General and Specific Objections, Mr. Simon states that, contingent upon the entry of a suitable protective order, documents relating to the ownership structure of the Indiana Pacers, both before and after the February 2, 2009 Restructuring, are among the documents that Pacers Basketball and/or Mr. Simon agreed to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena.**

e.     Proposed, contemplated, and/or effectuated changes to the capital structure, governance, management structure or ownership of Pacers Basketball, LLC;

**RESPONSE:**         See objections to Request No. 1.d.

    **f.**     The Shareholders Agreement for MH Holdings, Inc. dated October 31, 2003;

**RESPONSE:**         **Subject to and without waiving Respondents' General Objections 1-13, and contingent upon the entry of a suitable protective order, Mr. Simon will produce this document.**

    **g.**     The First Amended and Restated Shareholders Agreement for MH Holdings, Inc. dated December 19, 2008;

**RESPONSE:**         **Subject to and without waiving Respondents' General Objections 1-13, and contingent upon the entry of a suitable protective order, Mr. Simon will produce this document.**

    **h.**     The Agreement and Undertaking dated February 2, 2009;

**RESPONSE:**         **Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, the Agreement and Undertaking dated February 2, 2009 is among the documents that Pacers Basketball and/or Mr. Simon agreed to produce in response to Mrs. Simon's subpoena.**

    **i.**     The Operating Agreement of Pacers Basketball, LLC dated February 2, 2009;

**RESPONSE:**         **Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, Mr. Simon has agreed to produce the Operating Agreement of Pacers Basketball, LLC, dated February 2, 2009.**

    **j.**     The value of the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball, LLC, and/or MH Holdings, Inc.;

**RESPONSE:**         **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague to the extent that it seeks information on the "value" of the Indiana Pacers, Pacers Basketball Corporation, or Pacers Basketball, LLC. Subject to and without waiving his General and Specific Objections, Mr. Simon**

states that the information Pacers Basketball and/or Mr. Simon agreed to produce, subject to a suitable protective order, in response to Mrs. Simon's subpoena is reflective of the financial condition of Pacers Basketball at the relevant time period.

    **k.**    Any plans by Melvin Simon to contribute the value associated with his MH Holdings stock to private foundations;

**RESPONSE:**    **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request seeks information that is not in his possession, custody, or control.**

    **l.**    Any potential relocation of the Indiana Pacers basketball team.

**RESPONSE:**    **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is vague and ambiguous to the extent that it seeks information regarding "[a]ny potential relocation" of the Indiana Pacers. Subject to and without waiving his General and Specific Objections, Mr. Simon states that he is aware of no such information.**

    **2.**    All corporate governance records, including but not limited to articles of incorporation or other incorporation documents (and any amendments or revisions thereto), stock register(s), records regarding meetings of the board of directors, records regarding meetings of the shareholders of the corporation, bylaws (and any amendments or revisions thereto), shareholders agreements, or restrictions on transfer of securities, for the following entities:

    **a.**    MH Holdings, Inc.

    **b.**    Pacers Basketball Corporation

    **c.**    Pacers Basketball LLC

**RESPONSE:**    **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that to the extent the Request seeks "corporate governance records" of MH Holdings, Inc., it seeks documents that are**

**neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving his General and Specific Objections, and contingent upon the entry of a suitable protective order, Mr. Simon states that Pacers Basketball has agreed to produce corporate governance records of Pacers Basketball Corporation and Pacers Basketball, LLC, that were in effect as of February 2, 2009, and that it can locate with a reasonable search.**

3.      All documents constituting periodic financial statements, internal financial reports (whether monthly, quarterly, semi-annual, or annual), financial planning reports, or annual budgets generated during the time period running from January 1, 2000 through December 31, 2009 with respect to the Indiana Pacers Basketball team or any of the following entities:

   **a.**    MH Holdings, Inc.;
   **b.**    Pacers Basketball Corporation;
   **c.**    Pacers Basketball, LLC.

**RESPONSE:        In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that it is vague and ambiguous to the extent that it seeks "internal financial reports" or "financial planning reports." Mr. Simon objects further to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents from 2000-2009. Subject to and without waiving his General and Specific Objections, Mr. Simon refers the Department of Justice to the financial documents that Mr. Simon and/or Pacers Basketball agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena:**

   **i.       Financial statements for Pacers Basketball from fiscal year ended September 30, 2008 through February 2, 2009 (Req. 3);**

   **ii.      Cash management reports for Pacers Basketball from January 31, 2008 through February 2, 2009 (Req. 4);**

   **iii.     Consolidated financial statements and Independent Auditor's Reports for Pacers Basketball for fiscal year ended September 30, 2008 through February 2, 2009;**

   **iv.      United States tax returns for Pacers Basketball for the year ended December 31, 2008 (Req. 6);**

    **v.**        **Loan agreements, line of credit agreements, and/or notes payable of Pacers Basketball in effect at any time from January 1, 2008 through February 2, 2009 (Req. 7);**

    **vi.**      **Monthly summary financial statements for each month from January 1, 2008 through February 2, 2009 (not including inter-office memoranda or commentary documents)(Req. 8).**

**4.**     All documents concerning the following topics:

    **a.**      The capital structure of MH Holdings, Inc.

    **b.**      Financing obtained by MH Holdings, Inc.

    **c.**      The capital structure of Pacers Basketball Corporation.

    **d.**      The capital structure of Pacers Basketball LLC.

    **e.**      Financing obtained by Pacers Basketball LLC.

**RESPONSE:**      **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, and financing obtained by Pacers Basketball, LLC, from an unlimited time frame. Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Objecting further, Mr. Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Subject to and without waiving his General and Specific Objections, Mr. Simon states that documents relating to the capital structures of Pacers Basketball Corporation and Pacers Basketball, LLC, as of February 2, 2009, and financing obtained by Pacers Basketball, LLC, as of February 2, 2009, are among the documents that, contingent upon the entry of a suitable protective order, he has agreed to produce in response to Mrs. Simon's subpoena.**

**5.**     All documents constituting agreements, contracts, or proposed agreements or contracts between or among the Indiana Pacers basketball team (or any entity or individual owning, directly or indirectly, any interest in the Pacers basketball team) and the following during the time period running from January 1, 2006 through December 31, 2009:

    **a.**      The National Basketball Association ("NBA");

  **b.**  Capital Improvements Board of Managers of Marion County;
  **c.**  CNO Financial Group, Inc. (f/k/a Conseco, Inc.);
  **d.**  Bankers Life Fieldhouse (f/k/a Conseco Fieldhouse).

**RESPONSE:**  **Mr. Simon notes the substantial similarity between this Request and Request No. 6 of the Original Simon Subpoena, and incorporates his responses and objections to that Request to the extent applicable here. In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that to the extent the Request seeks "all" documents relating to the specified subject matters from January 1, 2006 through December 31, 2009, it is overly broad and unduly burdensome. Mr. Simon objects further on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon.**

  **6.**  Notes, records, minutes or memoranda of executive-level meetings or conference calls held during the time period running from October 1, 2003 through December 31, 2009 during which the present or future roles of any of the individuals listed below were discussed in connection with the operation of, or ownership of (direct or indirect), the Indiana Pacers basketball team:

  **a.**  Herbert Simon;
  **b.**  Melvin Simon;
  **c.**  Bren Simon;
  **d.**  David Simon;
  **e.**  Stephen Simon.

**RESPONSE:**  **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request is vague to the extent that it seeks documents relating to "executive-level" meetings or conference calls. Objecting further, Mr. Simon objects on the grounds that to the extent the Request seeks documents relating to the specified subject matters from October 1, 2003 through December 31, 2009, it is overly broad and unduly burdensome. Objecting further, Mr. Simon objects on the grounds that this Request seeks information that is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

  **7.**  All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, as follows:

  **RESPONSE: Mr. Simon notes the substantial similarity between this Request and Request No. 11 of the Original Simon Subpoena, and incorporates his responses and objections to that Request to the extent applicable here. In addition to**

**Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to 13 different categories of confidential information, none of which is related to the February 2, 2009 Reorganization. Objecting further, Mr. Simon objects on the grounds that to the extent this Request seeks "all" documents on the specified subject matters from January 1, 2003 to December 31, 2010, it is overly broad and unduly burdensome. Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Objecting further, Mr. Simon objects to the extent that this Request seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Mr. Simon's responses and objections to the 13 individual sub-topics contained in this Request are located below each sub-topic.**

       **a.** Documents, including any memoranda or reports, concerning, referencing, or reflecting the valuation of the Indiana Pacers basketball team and/or entities that own (or owned) an interest in the team;

**RESPONSE:** **Subject to the entry of a suitable protective order, and subject to General Objections 1-13, including General Objection No. 10, Mr. Simon will produce documents reflecting an established or estimated valuation of the Indiana Pacers basketball team that he can locate with a reasonable search.**

       **b.** Notes taken by the representative of the Indiana Pacers during NBA meetings of team CFOs;

**RESPONSE:** **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that these documents are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

       **c.** Any report prepared by McKinsey & Company related to the Indiana Pacers basketball team finances, and all documents attached to such report or discussing such report;

**RESPONSE:** **Subject to the entry of a suitable protective order, and subject to General Objections 1-13, including General Objection No. 10, Mr. Simon will produce documents responsive to this Request.**

       **d.** Documents reflecting current or historical capital calls and distributions for the Indiana Pacers basketball team, Pacers Basketball Corporation, Pacers Basketball LLC and/or MH Holdings, Inc.;

26

**RESPONSE:** **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that Pacers Basketball and/or Mr. Simon agreed to produce extensive financial documents to Mrs. Simon, and therefore to the Department of Justice. Financial information relevant to the parties' respective claims and defenses will be contained therein.**

      e.    Documents related to any debt or financing obtained by the NBA on a league-wide basis to which the Indiana Pacers basketball team (or entities owning or operating the team) had access and/or borrowed on;

**RESPONSE:** **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that to the extent that this Request seeks documents relating to "debt or financing obtained by the NBA" to which the Indiana Pacers "had access," it seeks documents neither "relevant to any party's claim or defense," nor "proportional to the needs of the case." Subject to and without waiving his General and Specific Objections, Mr. Simon states that the financial documents that either he or Pacers Basketball agreed, subject to the entry of a suitable protective order, to produce contain the details of any utilization by the Pacers of debt or financing obtained by the NBA.**

      f.    Documents summarizing the terms of luxury suite contracts or licenses;

**RESPONSE:** **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to this Request to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and on the grounds that it is vague to the extent that it does not define the term "luxury suite contracts." To the extent that this term refers to contracts for the license of viewing suites for Indiana Pacers home games, Mr. Simon objects on the grounds that the contracts themselves are irrelevant to the parties' respective claim or defense, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further on the**

grounds that information relating to revenue from such contracts is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed to produce to Mrs. Simon, and therefore to the Department of Justice.

      **g.**      Documents summarizing season ticket holders and/or summarizing full season equivalents ("FSEs");

**RESPONSE:**      **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to this Request on the grounds that it is vague to the extent that it does not define the terms "season ticket holders" and "full season equivalents." To the extent that these terms refer to Indiana Pacers fans who have purchased season tickets, Mr. Simon objects on the grounds that such documents are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further and on the grounds that information relating to revenue from ticket sales is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

      **h.**      Documents summarizing the terms of player contracts;

**RESPONSE:**      **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further on the grounds that information relating to player contracts is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

      **i.**      Documents summarizing the terms of any sponsorships;

**RESPONSE:**      **Mr. Simon objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further that on the grounds that information relating to revenue from Indiana Pacers sponsorships is reflected on financial documents that Pacers**

**Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

  **j.**  Contracts or agreements reflecting any sponsorships involving payment of more than $500,000 per year related to the Indiana Pacers basketball team;

**RESPONSE:**  **See objections to Request 7.i.**

  **k.**  Contracts or agreements for television and/or radio rights related to the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements;

**RESPONSE:**  **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further on the grounds that information relating to revenue from contracts for television or radio rights is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

  **l.**  Contracts or agreements related to any naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements;

**RESPONSE:**  **In addition to General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that this Request seeks documents that are irrelevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome. Mr. Simon objects further on the grounds that information relating to revenue from "naming rights related to the Indiana Pacers basketball team or any sports facility used by the Indiana Pacers" is reflected on financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to the entry of a suitable protective order, to produce to Mrs. Simon, and therefore to the Department of Justice.**

     **m.**     Contracts or agreements related to the use of any sports facility by the Indiana Pacers basketball team, and any documents reflecting the negotiation of the terms of such contracts or agreements.

**RESPONSE:**     **Mr. Simon objects on the grounds that this Request seeks information not relevant to the parties' respective claims and defenses, so searching for and reviewing them would be unduly burdensome.**

     **8.**     To the extent that documents responsive to Request 1(h) (seeking documents summarizing the terms of player contracts) are not produced, all uniform player contracts in effect for the 2008-2009 seasons with respect to the Indiana Pacers basketball team.

**RESPONSE:**     **See objections to Request 7(h).**

     **9.**     All "Agreement and Undertaking" contracts involving the Indiana Pacers basketball team to the extent such contract was in effect as of February 2, 2009 and/or dated between January 1, 2000 and December 31, 2010.

**RESPONSE:**     **In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that to the extent that this Request seeks "Agreement and Undertaking" contracts whose subject matters are other than the February 2, 2009 Restructuring, it seeks documents that are neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Mr. Simon objects on the grounds that this Request is overly broad to the extent that it seeks "all" such documents. Subject to and without waiving his General and Specific Objections, Mr. Simon states that the Agreement and Undertaking contract relevant to the February 2, 2009 Restructuring is among the documents that Mr. Simon agreed, subject to the entry of a suitable protective order, to produce in response to Mrs. Simon's subpoena, and therefore to the Department of Justice.**

     **10.**     All documents created and/or dated between January 1, 2000 and December 31, 2010 concerning, referencing or reflecting any transaction involving the transfer of any minority or majority interest of any NBA team.

**RESPONSE: In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that to the extent that the Request seeks "all" documents relating to the subject matter between 2000 and 2010, it is overly broad and unduly burdensome. Mr. Simon objects further on the grounds that to the extent that the Request seeks information relating to transactions involving ownership interests in teams other than the Indiana Pacers, it seeks information that is not in Mr. Simon's possession, custody, or control, and that is**

US.106228603.01

neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Mr. Simon objects further on the grounds that information relating to the transfer of interests in other NBA teams is proprietary to those other NBA teams. Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Subject to and without waiving his General and Specific objections, Mr. Simon states that in response to Mrs. Simon's subpoena, he has agreed, subject to the entry of a suitable protective order, to produce documents relevant to the February 2, 2009 Restructuring.

11.     All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010, regarding any sports facility used by the Indiana Pacers basketball team, that either constitute the following types of contracts leases, licenses, or agreements or that reflect or contain negotiations over the terms of such contracts, leases, licenses or agreements:

   a.     Operating agreements;
   b.     Concessionaire contracts;
   c.     Leases and/or any amendments thereto;
   d.     To the extent that documents responsive to Request 1(f)(seeking documents summarizing the terms of luxury suite contracts or licenses) are not produced, produce executive suite license agreements;
   e.     Leases for parking and/or any amendments thereto;
   f.     Leases for any luxury or club seats available at the facility.

RESPONSE:       Mr. Simon notes the substantial similarity between this Request and Request No. 15 of the Original Simon Subpoena, and incorporates his responses and objections to that Request to the extent applicable here. In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects on the grounds that the Request is overly broad and unduly burdensome to the extent that it seeks "all" documents relating to the subject matter between January 1, 2003 and December 31, 2010. Mr. Simon objects further on the grounds that information about sports facilities used by the Indiana Pacers is neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objecting further, Mr. Simon objects to the extent that this Request is duplicative of requests contained in the subpoena he received from Mrs. Simon. Subject to and without waiving his General and Specific Objections, Mr. Simon states that the current Operating Agreement for Bankers Life Fieldhouse is publicly available, and that, to the extent that it is not currently publicly available, and subject to the entry of a suitable protective order, the Operating Agreement for Bankers Life Fieldhouse in effect as of February 2, 2009 will be produced. Subject to and without waiving his General and Specific Objections, Mr. Simon also states that financial information relating to the sports facilities used by the Indiana Pacers is

US.106228603.01

reflected in the financial documents that Pacers Basketball and/or Mr. Simon agreed, subject to a suitable protective order, to produce to Mrs. Simon (and therefore to the Department of Justice) in response to Mrs. Simon's subpoena.

**12.** All documents that summarize or list the physical characteristics of any sports facility used by the Indiana Pacers basketball team during the 2008-2009 season, including documents that list:

     **a.** Capacity, including but not limited to maximum capacity, basketball capacity, and concert capacity for center stage and end stage configurations;
     **b.** Number of suites;
     **c.** Number of club seats;
     **d.** Parking spaces controlled by the facility;
     **e.** Total square footage.

**RESPONSE:** See objections to Request No. 11. Subject to and without waiving its General and Specific Objections, Mr. Simon states that much of the information sought in this Request can be found online.[3]

**13.** With respect to any sports facility that was used by the Indiana Pacers basketball team between January 1, 2003 and December 31, 2010:

     **a.** All documents created prior to December 31, 2010 describing or reflecting capital spending or expenditures with respect to that facility;
     **b.** All documents in effect, created, and/or dated between January 1, 2003 and December 31, 2010 that list or summarize events taking place at the facility, including documents that list or itemize the number of events per year, gate attendance, and turnstile attendance.

**RESPONSE:** See objections to Request No. 11.

**14.** All documents filed, created or maintained in connection with *In re: the Estate of Melvin Simon*, Case No. 29D03-0910-ES-000141 (Hamilton, Indiana Superior Court 3) that refer to any of the following assets or entities:

     **a.** MH Holdings, Inc.

     **b.** Pacers Basketball Corporation

     **c.** Pacers Basketball, LLC

---

[3] *See Building Info*, Bankers Life Fieldhouse, *available at* http://www.bankerslifefieldhouse.com/arena-information/promoters-guide/building-info-2/ (last accessed Feb. 1, 2016).

      **d.**     The Indiana Pacers basketball team

**RESPONSE: In addition to Respondents' General Objections 1-13, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this request seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case, and to the extent that this Request calls for the production of privileged and/or work-product protected documents "created or maintained in connection with" the specified case. Mr. Simon also objects to the extent that documents "filed" in connection with that case are equally available to the Department of Justice. To the extent that documents "filed" in that case are redacted or sealed, Mr. Simon objects on the grounds that producing such documents as may be in his possession, custody, or control could violate orders of the court presiding over the specified case.**

      **15.**     All documents constituting or reflecting agreements, transaction[s], or transfers of property between you (Herbert Simon) and Melvin Simon that were effective, or entered into, after January 1, 2000 up to and through September 16, 2009.

**RESPONSE: In addition to Respondents' General Objections 1-12, which Mr. Simon incorporates herein, Mr. Simon objects to the extent that this Request seeks information that is not relevant to the February 2, 2009 Restructuring, and that is therefore neither "relevant to any party's claim or defense," nor "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).**

                    As to objections,

                    /s/ Daniel R. Kelley

                    Brian S. Fennerty
                    David K. Herzog
                    Daniel R. Kelley
                    FAEGRE BAKER DANIELS LLP
                    300 N. Meridian St., Suite 2700
                    Indianapolis, IN 46204

                    *Attorneys for Herbert Simon and Pacers Basketball, LLC*

## Certificate of Service

I certify that on May 13, 2016, I served the foregoing on counsel of record by email.

<u>/s/ Daniel R. Kelley</u>
Daniel R. Kelley

US.106228603.01