### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 15-cv-00538-REB-KMT

BREN SIMON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

### SECOND TRIAL PREPARATION CONFERENCE ORDER

---

**Blackburn, J.**

Pursuant to Fed. R. Civ. P. 16(e), D.C.COLO.LCivR 16.3, and D.C.COLO.LCivR 43.1, the court enters this **Second Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That trial to the court shall commence **May 8, 2017**, at 9:00 a.m. (MDT), in courtroom A1001, on the tenth floor of the Alfred A. Arraj, United States Courthouse Annex, at 901 19th St., Denver, Colorado 80294, at which all parties shall appear in person without further notice, order, or subpoena;

3. That the court reserves six (6) days for trial:

- Monday, May 8, 2017, through Friday, May 12, 2017, and
- Monday, May 15, 2017;

4. That counsel and any *pro se* party shall appear in courtroom A1001 on the first

day of trial, at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

5. That a combined Final Pretrial Conference and Trial Preparation Conference (conference) shall commence on **May 5, 2017**, at 10:00 a.m. (MDT), in courtroom A1001;

6. That lead counsel and any *pro se* party shall attend the conference;

7. That for use and consideration during the conference, the parties shall file in CM/ECF and submit via email to blackburn_chambers@cod.uscourts.gov a proposed Final Pretrial Order in the time, manner, and form prescribed by D.C.COLO.LCivR 16.3 and the "Instructions for Preparation of Final Pretrial Order" in the **Local Rules of Practice - Forms**[1]; except that the proposed final pretrial order under section "**6. EXHIBITS**" shall not require the parties to list the exhibits to be offered by each party as otherwise required under subsection "a" (See *instead*, paragraph 8, *infra*.), and shall provide under subsection "b" that copies of the exhibits must be provided to opposing counsel or any pro se party no later than 45 days before trial and that objections to the exhibits must be served by personal delivery, electronic mail, or facsimile no later than 30 days before trial;

8. That at the outset of the conference, the parties shall submit one Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the courtroom deputy clerk, the court reporter and all other parties) and in addition to the information required to be submitted under section "**6. WITNESSES**" of the final pretrial order, each party shall submit on the Witness List form required by the court (an original

---

[1] Available at http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx

for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address (city or county and state only) of each witness that will be called and a "may call" witness list enumerating the name and address (city or county and state only) of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

 9. That at the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

  a. the proposed Final Pretrial Order;

  b. identification of "will call" and "may call" witnesses;

  c. the estimated time for direct examination of each "will call" witness;

  d. the pronunciation of problematic party's and witness' names;

  e. use of deposition testimony;

  f. use of video depositions:

   1. resolution of objections;

   2. pretrial redaction, if necessary; and

   3. arrangements for necessary equipment to broadcast the deposition;

  g.  issues concerning witnesses and exhibits;

  h. the allocation of trial time between the parties;

  i. identification of all persons permitted to be seated at each party's table [Please review Fed. R. Evid. 615];

  j. the names or monikers that may be used when referring to a party or a

3

witness;

k. the admission of stipulated exhibits or exhibits about which there are no objections;

l. anticipated evidentiary issues; and

m. requests or requirement for trial briefs;

n. security precautions, requirements, or issues;

o. training on the uses of courtroom technology;

p. transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for the use during trial;[2] and

q. courtroom etiquette and protocol;

10. That trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

11. That unless ordered otherwise, opening statements shall be limited to **thirty (30)** minutes per party;

12. That pursuant to REB Civ. Practice Standard III.A.4.b., immediately before commencement of trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their joint exhibit list (a set of original exhibits for use by the witnesses and copies for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party);

---

[2] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties.  A listing of available equipment can be found on the District Court's website http://www.cod.uscourts.gov/AttorneyInformation/GeneralAttorneyInformation.aspx under "Courtroom Technology Manual for Attorneys."  Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, at least 14 days before trial.  Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

4

13. That unless interrupted or otherwise ordered by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

14. That if permitted, closing argument shall be limited to forty-five **(45)** minutes total for each party;

15. That not later than five (5) business days before commencement of trial, counsel and any pro se party shall file and provide the court, the court reporter, the courtroom deputy clerk, opposing counsel, and any pro se party with a glossary of any difficult, unusual, scientific, technical, and/or medical jargon, words, names, terms and/or phrases;

16. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, should be contacted; and

17. That this order supplants and supersedes the **Trial Preparation Conference Order** [#18][3] entered August 14, 2015.

Dated June 29, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

5