IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB

BREN SIMON,

        Plaintiff,

   v.

THE UNITED STATES OF AMERICA,

        Defendant.

---

**DECLARATION OF LINDSAY L. CLAYTON IN SUPPORT OF JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

---

I, Lindsay L. Clayton, pursuant to 28 U.S.C. § 1746, hereby declare that:

    1.    I am a trial attorney with the United States Department of Justice, Tax Division, located in Washington. D.C. I have been assigned to the above-captioned matter and have access to the Department of Justice files concerning this matter. I submit this Declaration in support of the Joint Motion for Entry of Stipulated Protective Order.

    2.    Attached as Exhibit 1 is a true and correct copy of an email I received from Briana Clark, counsel for the Capital Improvement Board of Managers of Marion County, Indiana.

    //

   3.  Attached as Exhibit 2 is a true and correct copy of the original email sent to Ms. Clark, along with attachments.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2016

            */s/ Lindsay L. Clayton*
            LINDSAY L. CLAYTON
            Trial Attorney, Tax Division
            U.S. Department of Justice

14514790.1

**Clayton, Lindsay L. (TAX)**

**Exhibit**
1

| | |
|---|---|
| **From:** | Clark, Briana L <BClark@bgdlegal.com> |
| **Sent:** | Sunday, October 02, 2016 7:18 PM |
| **To:** | Clayton, Lindsay L. (TAX) |
| **Cc:** | Weaver, James E. (TAX); Yost, Landon M. (TAX); Gaerte, Michael |
| **Subject:** | RE: Simon Protective Order |

Lindsay,

The protective order looks fine to the CIB, and we are prepared to produce the redacted documents we discussed as soon as it is entered.  However, we do not believe our signature is necessary on the protective order – it can simply be filed between the parties to the case.

Thanks,

Bri


Briana L. Clark
*Partner*
**Bingham Greenebaum Doll LLP**
Direct: (317) 968-5481

---

**From:** Clayton, Lindsay L. (TAX) [mailto:Lindsay.L.Clayton@usdoj.gov]
**Sent:** Friday, September 30, 2016 9:08 AM
**To:** Clark, Briana L <BClark@bgdlegal.com>; John Porter (john.porter@bakerbotts.com) <john.porter@bakerbotts.com>
**Cc:** Weaver, James E. (TAX) <James.E.Weaver@usdoj.gov>; Yost, Landon M. (TAX) <Landon.M.Yost@usdoj.gov>; jeff.watters@bakerbotts.com; Gaerte, Michael <MGaerte@bgdlegal.com>
**Subject:** Simon Protective Order

Briana and John –

Attached please find finalized versions of the motion and proposed protective order with respect to the CIB. These documents are the same as the "track changes" draft previously circulated, except that changes have been accepted and signatures and dates inserted. Please let me know at your earliest convenience whether I have your permission to file with your electronic signatures as set forth in the attached. Please do not hesitate to reach out with any questions or concerns. Thanks.

Best,

**Lindsay L. Clayton**
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044
Phone: 202.307.2956
Fax: 202.307.0054

CONFIDENTIALITY NOTICE AND DISCLOSURES:

This e-mail contains information that is privileged, confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this email and all attachments from your system. If this e-mail, including any attachments, contains any federal tax advice, that advice is not intended or written to be used and it may not be used for the purpose of avoiding penalties that the Internal Revenue Service may impose unless it was written for that purpose and specifically so states. Also, any federal tax advice (including any in an attachment) may not be used or referred to in promoting, marketing or recommending a transaction or arrangement to another party unless written for that purpose and specifically so states. Further information concerning this disclosure may be obtained upon request from the author of this e-mail. Thank you.

**Clayton, Lindsay L. (TAX)**

**Exhibit**

2

| | |
|---|---|
| **From:** | Clayton, Lindsay L. (TAX) |
| **Sent:** | Friday, September 30, 2016 9:08 AM |
| **To:** | 'Clark, Briana L (BClark@bgdlegal.com)'; 'John Porter (john.porter@bakerbotts.com)' |
| **Cc:** | Weaver, James E. (TAX); Yost, Landon M. (TAX); 'jeff.watters@bakerbotts.com'; 'Gaerte, Michael (MGaerte@bgdlegal.com)' |
| **Subject:** | Simon Protective Order |
| **Attachments:** | FINAL Motion for Protective Order re CIB documents.docx; CIB - FINAL Protective Order.docx |

Briana and John –

Attached please find finalized versions of the motion and proposed protective order with respect to the CIB. These documents are the same as the "track changes" draft previously circulated, except that changes have been accepted and signatures and dates inserted. Please let me know at your earliest convenience whether I have your permission to file with your electronic signatures as set forth in the attached. Please do not hesitate to reach out with any questions or concerns. Thanks.

Best,

**Lindsay L. Clayton**
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044
Phone: 202.307.2956
Fax: 202.307.0054

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB

BREN SIMON,

        Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

        Defendant.

---

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

---

For good cause, Plaintiff, Bren Simon, and Defendant, the United States of America, move for entry of the proposed Stipulated Protective Order Regarding the Capital Improvement Board of Managers of Marion County, Indiana(the "CIB") submitted with this motion.  The proposed order limits disclosure of certain information that will be furnished by the CIB in response to subpoenas issued in this case.  The undersigned parties have conferred with each other and with the CIB in accordance with the requirements of Rule 26(c) of the Federal Rules of Civil Procedure.

This is a gift tax case arising out of adjustments made by the IRS to a 2009 gift tax return filed by the Estate of Melvin Simon.  The IRS adjustments relate to a reorganization of the Indiana Pacers ownership structure completed several months before Mr. Simon died in September 2009.  Plaintiff is Mr. Simon's surviving spouse.  By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009

13588010.1
14410681.1

were to be treated as made one-half by each.  At the crux of the parties' dispute is the nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased Melvin Simon and his brother Herbert Simon.  In order to obtain evidence relevant to the dispute, the United States subpoenaed, among other entities and individuals, the CIB.

The proposed order is the result of discussions between counsel for the CIB, counsel for the Defendant, and counsel for the Plaintiff that have occurred over the past several weeks.  The terms of the proposed order address the use of confidential tax or financial information in the possession of the CIB falling into one of the categories enumerated in Paragraph 1 of the proposed order.

Good cause exists for entry of the proposed order.

First, the express terms of the proposed order require that the CIB make a particularized good-faith determination before designating information as confidential tax or financial information.  Designation is to be made,

> only after the CIB makes a good-faith determination, provided to the Parties in writing, on a category-by-category basis (with Bates-numbers identifying those documents belonging to each category), that the designated information, materials, or documents fall within the protections of Rule 26(c) of the Federal Rules of Civil Procedure and warrant protection from disclosure.

(Proposed Order, Paragraph 1).

Second, the proposed order is expected to minimize the necessity for judicial intervention in dealing with discovery materials requested from the CIB.  *See Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000) (Boland, Magistrate Judge).

14410681.1

Third, the proposed order provides "a procedure by which the confidential designation may be challenged, and upon such a challenge the burden is on the party seeking protection to establish good cause." *Id.* at 386-87.  The procedure is set forth in Paragraph 11 of the proposed order.

Fourth, any countervailing concern for the public interest in access to information that may be submitted as evidence for consideration by the Court is mitigated by provisions contained in Paragraph 5 of the proposed order.  Following notification to the CIB of an intent to submit information to the Court, the CIB must affirmatively move for further relief before access to information submitted to the Court would be restricted.

WHEREFORE, the parties respectfully request that the Court grant this motion, and enter the proposed Stipulated Protective Order Regarding the Capital Improvement Board of Managers of Marion County, Indiana.

//

//

//

//

//

**(signatures follow on next page)**

14410681.1

Respectfully submitted September 30, 2016:


CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Lindsay L. Clayton*
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON M. YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-2956 (Clayton)
202-307-2144 (Yost)
202-307-0054 (f)
James.E.Weaver@usdoj.gov
Lindsay.L.Clayton@usdoj.gov
Landon.M.Yost@usdoj.gov

Of Counsel:
JOHN F. WALSH
United States Attorney

*Counsel for the United States*

*/s/ John W. Porter*   [authorized by e-mail]
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

*Counsel for Bren Simon*

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2016, I electronically filed the

foregoing document (along with a proposed order) with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following:

John William Porter (John.Porter@bakerbotts.Com)
Jeffrey Dean Watters , Jr. (Jeff.Watters@bakerbotts.Com)
Keri D. Brown (Keri.Brown@bakerbotts.Com)
BAKER BOTTS, LLP-HOUSTON
910 Louisiana Street One Shell Plaza, Suite 3000
Houston , Texas 77002-4995
Tel.: 713-229-1597
Fax: 713-229-2797
*Attorneys for Plaintiff*

/s/ Lindsay L. Clayton
LINDSAY L. CLAYTON
Trial Attorney, Tax Division
United States Department of Justice

14410681.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB

BREN SIMON,

        Plaintiff,

   v.

THE UNITED STATES OF AMERICA,

        Defendant.

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE CAPITAL IMPROVEMENT BOARD OF MANAGERS OF MARION COUNTY, INDIANA**

---

Pursuant to the agreement of plaintiff Bren Simon and defendant United States of America (each a "Party," together, "the Parties"), and non-party the Capital Improvement Board of Managers of Marion County, Indiana (the "CIB"), in order to protect from public disclosure certain information that the CIB may be required to produce during the course of this action, and for good cause shown, it is hereby ORDERED that:

1.      Information, materials, and documents (whether in paper or electronic form) produced or furnished by the CIB in compliance with subpoenas issued in this case that contain confidential tax or financial information of

        (a) the NBA;

13588010.1
14410756.1
14410756.1

(b) any NBA basketball team;

(c) MH Holdings, Inc.;

(d) Pacers Basketball Corporation;

(e) Indiana Fever Basketball; or

(f) Melvin Simon, his estate, or Herbert Simon;[1]

which  the CIB designates as "Protected Information," shall be deemed confidential "Protected Information," but <u>only after</u> the CIB makes a good-faith determination, provided to the Parties in writing, on a category-by-category basis (with Bates-numbers identifying those documents belonging to each category), that the designated information, materials, or documents fall within the protections of Rule 26(c) of the Federal Rules of Civil Procedure and warrant protection from disclosure.

2.      All documents or information that the CIB wishes to designate as Protected Information shall be designated as such by the CIB by affixing to such Protected Information a legend stating: **Protected Information Subject to Protective Order, Simon v. United States, United States District Court for the District of Colorado, Docket No. 1:15-cv-00538**.  However, inadvertent production of any information not designated as Protected Information shall not itself constitute a waiver of the CIB's claim of confidentiality as to such information, and the CIB may thereafter

---

[1] By stipulating to this Protective Order, Defendant, the United States, in no way agrees with, concurs in, or stipulates that tax or financial information of Melvin Simon and/or Herbert Simon constitutes Protected Information, or that such information should be protected from disclosure if utilized as evidence in this case.  That said, the Parties wish to defer disputes between the CIB and any of the Parties over issues of confidentiality with respect to such information until such time as either of (or both of) the Parties seeks (seek) to present such information to the Court during a hearing, at trial, or in connection with a court filing that entails presenting evidence to the Court (such as a motion for summary judgment).  In that regard, the Parties agree that they will not challenge the CIB's designation of such information as confidential pursuant to Paragraph 11 (or otherwise) until such time as either of (or both of) the Parties intends (intend) to submit such information to the Court as evidence, and, moreover, the Parties agree that they will follow the procedures outlined in Paragraphs 4-5 as they apply, in connection with submitting communications into evidence.

2

designate such information as Protected Information provided that neither Party has used the information prior to such designation.

3.       For purposes of this Order, reproductions of, extracts of, and summaries that reproduce the substance of Protected Information shall be Protected Information to the same extent as the Protected Information to which such reproductions, extracts, or summaries relate.

4.       Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed except as permitted by this Order.

5.       Protected Information may be included in, or attached to, pretrial filings with the Court, and may also be used in connection with court hearings and at trial, but only in accordance with this Order. The Party wishing to so file or use Protected Information must, no fewer than ten (10) business days prior to the filing or use of the Protected Information, notify the CIB of the anticipated use of Protected Information and identify with specificity the anticipated Protected Information that will be used. Thereafter, the CIB may, as merited by the type and use of Protected Information: (i) move the Court to file such Protected Information under seal, (ii) move the Court to conduct portions of a hearing or trial under seal, and/or (iii) move the Court to take any other actions necessary to protect the disclosure of the Protected Information.

6.       The United States may not use Protected Information in other civil litigation provided, however, that if the United States obtains the Protected Information

3

in subsequent civil litigation, this Protective Order will not restrict the United States' use of that information.

7.     Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified, below, by this Order.

8.     Access to Protected Information shall be restricted to:

(a).     This Court and its personnel;

(b).     Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c).     The Parties themselves (for purposes of the United States, this includes all persons employed by the United States Department of Justice or the Internal Revenue Service whose duties include assisting with, or reviewing, matters concerning this litigation);

(d).     Experts or consultants retained by the Parties or their counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e).     Any potential witness or actual witness in this litigation identified in the pleadings, identified in the Parties' proposed the scheduling order,

4

identified during discovery as a deponent, identified by the Parties in their respective witness lists, or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony or interview.  For purposes of this paragraph 4(e), the Parties and the CIB understand and agree that documents produced by the CIB in response to subpoenas in this case, and that are otherwise available to a potential witness described in this paragraph 4(e), shall not be treated as Protected Information with respect to such potential witness. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation.  Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f).      Any mediators, arbitrators, or other outside parties and their staff enlisted by all Parties to assist in the resolution of this matter;

(g).      Outside or contracted litigation-support services, including commercial copying services;

(h).      Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition;

(i).      Employees of the Department of Justice and the Internal Revenue Service who are assigned to any criminal investigation or matter for their

14410756.1
14410756.1

unrestricted use in such criminal investigation or matter, which use shall not be limited by the terms of this Order; and

(j).      Anyone as may be ordered by the Court.

9.      No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 8(d) or 8(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 8(e), 8(g) or 8(h) without first seeking to have such persons execute an acknowledgment, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  Notwithstanding the rest of this Paragraph, no acknowledgment shall be required by a person identified in Paragraph 8(g) who has previously executed a contract, confidentiality agreement, or other arrangement which forbids further disclosure of information provided to such person in connection with such person's litigation-support services.

10.      The Parties and the CIB agree that the inadvertent or unintentional disclosure by a Party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status.  This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

14410756.1
14410756.1

11.    Any Party may challenge or disagree with the CIB's designation of information, materials, or documents as constituting Protected Information at any time. No Party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(a)    If a Party challenges or disagrees with a designation by the CIB, that Party may request, in writing, that the CIB withdraw the designation of information, materials, or documents as constituting Protected Information, stating the reasons in that request.  The CIB shall then have ten (10) business days from the date of receipt of the notification to:

(i)    advise the Party whether or not it persists in such designation; and

(ii)    if the CIB persists in its designation, to explain the reason for that particular designation.

(b)    If the CIB persists in its designation, then the CIB may move the Court for a protective order or any other order to maintain its designation. The burden of proving that the designation is proper shall be upon  the CIB.  If no such motion is made within ten (10) business days from the date of receipt from a Party of a written challenge and/or request for withdrawal of the designation, the information, materials or documents will no longer be deemed to be Protected Information.  In the event that the CIB files a motion to maintain its designation, disclosure of Protected Information contained in the designated materials shall not be made until

7

the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

(c)     With respect to challenges and/or requests to the CIB to withdraw a designation, information shall not be considered Protected Information if:

(i)     the information in question has become available to the public through no violation of this Order; or

(ii)     the information was received by any Party without restrictions on disclosure from a Party or third party having the right to make such a disclosure.

12.     Should a Party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency or other governmental authority to disclose Protected Information, such Party will promptly notify the CIB and its counsel at least ten (10) business days in advance of any disclosure pursuant to such a subpoena, in order to afford the CIB an opportunity to object or move to quash the subpoena.

13.     Within ninety (90) days after the final conclusion of this litigation, including all appeals, all material constituting Protected Information under this Protective Order shall either be destroyed or returned to the CIB, except with respect to

(a) material that becomes part of the Court record in this matter;

(b) work product of counsel;

(c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding of the outcome of the case, provided that all such

8

retained materials designated as Protected Information continue to be treated as provided herein.

14.     Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law—criminal, civil, or regulatory in nature—the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.


IT IS SO ORDERED.


_____
U.S. DISTRICT COURT JUDGE

9

STIPULATED AND AGREED TO BY:


CAROLINE D. CIRAOLO
Acting Assistant Attorney General


*/s/ Lindsay L. Clayton*
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON M. YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-2956 (Clayton)
202-307-2144 (Yost)
202-307-0054 (f)
James.E.Weaver@usdoj.gov
Lindsay.L.Clayton@usdoj.gov
Landon.M.Yost@usdoj.gov

Of Counsel:
JOHN F. WALSH
United States Attorney

**Counsel for the United States**

*/s/ John W. Porter*   [authorized by e-mail]
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

**Counsel for Bren Simon**


*/s/ Briana Clark*   [authorized by e-mail]
Briana Clark
Bingham Greenebaum Doll LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204


**Counsel for non-party the Capital Improvement Board of Managers of Marion County, Indiana**

10

14410756.1
14410756.1

<u>ATTACHMENT</u>

<u>(FORM OF ACKNOWLEDGMENT)</u>

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order Regarding the Capital Improvement Board of Managers of Marion County, Indiana ("Protective Order") entered in the case captioned *Simon v. United States*, Case No. 1:15-cv-00538; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Date:_____          Signature:_____

                                Printed Name:_____

11

14410756.1