IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB-KMT

BREN SIMON,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,

       Defendant.

## THIRD JOINT MOTION TO EXTEND CASE DEADLINES

For good cause, and pursuant to guidance provided by Magistrate Judge Tafoya during a hearing held on November 14, 2016,[1] Plaintiff Bren Simon and Defendant the United States of America move for an additional five-month extension of discovery deadlines in this case. This request for additional time would necessitate a continuance of the current trial date and related pretrial disclosure deadlines. A proposed order, drafted for signature of Magistrate Judge Tafoya at her instruction, has been drafted so that the order is contingent upon Judge Blackburn's approval of a new trial date.[2]

//

---

[1] The hearing was held in connection with the related case of *In re Motion for Protective Order* No. 16-mc-00191-KMT and addressed matters arising out of pending discovery requests issued by the parties to members of what is collectively referred to in that miscellaneous action as the Pacers Group, which includes the Pacers Basketball LLC and owner Herbert Simon. A transcript of the November 14, 2016 was ordered, and select pages from the transcript are attached hereto as an addendum to the motion.

[2] *See* 11/14/2016 Tr. p. 105:15-20; 106:15-107:12.

**SHORT SUPPLEMENTAL STATEMENT OF FACTS**

This statement of facts supplements facts articulated in the parties' Second Joint Motion to Extend Case Deadlines and supporting documents. (*See* Dkt. No. 31 & supporting declarations).

As noted in the parties' prior filings, this is a gift tax case arising out of adjustments made by the IRS to a 2009 gift tax return filed by the Estate of Melvin Simon. The IRS adjustments relate to a reorganization of the Indiana Pacers ownership structure completed several months before Mr. Simon died in September 2009. Plaintiff is Mr. Simon's surviving spouse. By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009 were to be treated as made one-half by each. At the crux of the parties' dispute is the nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased Melvin Simon and his brother Herbert Simon.

This is the parties' third motion for an extension of deadlines. The second motion was filed on June 1, 2016, and that motion was granted by the Court. At that time, the parties had received a large number of documents from several subpoenaed individuals and entities, and had deposed a number of individuals. But, as noted in that motion, no documents had been produced by the Indiana Pacers or Herbert Simon (among others) in response to subpoenas issued by both the Plaintiff and Defendant. The Court granted this request on June 15, 2016. (Dkt. No. 32).

The parties now request additional time because they still have not received a single document from the Indiana Pacers or Herbert Simon in response to subpoenas

14682718.1

issued by Plaintiff in September 2015 and the United States in December 2015 (as narrowed and reissued in April 2016).

After filing their second joint motion for an extension of time on June 1, 2016, the parties continued to attempt to negotiate with counsel for the Pacers and Mr. Simon about the terms of a protective order and the scope of the requested information, but the negotiations stalled.  On June 15, 2016, the Pacers, Mr. Simon (and others related persons) (collectively, the "Pacers Group") filed a motion for protective order in the United States District Court for the Southern District of Indiana, Case No. 1:16-mc-00042-WTL-TAB. ("Indiana Action").

In the Indiana Action, the Pacers Group sought a protective order that would allow its members to refuse to produce documents in response to the parties' subpoenas unless "the Colorado court enter[ed] an order allowing the Pacers Group to protect its [purported] information by designating it as 'Confidential' --  regardless of the information's source."  In essence, the Pacers Group sought to condition its response to subpoenas for documents on an ability to designate as confidential materials already produced by other parties or persons in this case.[3]  The Pacer Group also sought to condition its response to subpoenas for documents on entry of a protective order that would not permit attorneys for the United States to refer violations of law that might be revealed by documents produced and designated as confidential unless and until such time as this Court permitted such referral, and the Pacers Group was afforded advance

---

[3] These filings are now reflected in the Colorado miscellaneous action pending before Magistrate Judge Tafoya and referred to in footnote 1.  See *In re Motion for Protective Order* No. 16-mc-00191-KMT, Dkt. No. 1-1, p. 9.

notice of such referral.[4]  In addition, the Pacers Group sought to withhold documents on the basis of a state law accountant-client privilege.[5]  Finally, the Pacers Group sought to restrict the scope of its responses to document requests and to obtain purported costs.[6]

During June and July, the parties filed briefs in opposing the Pacers Group's motion.[7]  In addition the United States filed motions for transfer of venue and to compel production of documents.[8]  On August 18, 2016, the Court in the Indiana Action granted the United States' motion to transfer venue.[9]  The pending matters were then addressed during a hearing before Magistrate Judge Tafoya on November 14, 2016, Case No. 1:16-mc-00191-KMT.

As reflected in a minute order issued by Magistrate Judge Tafoya in the miscellaneous action, a protective order is to be submitted by the parties by November 21, 2016 regarding the Pacers Group.[10]  Magistrate Judge Tafoya ordered that the Pacers Group not withhold documents on the basis of the accountant-client privilege.  In addition, the Pacers Group is to commence producing responsive documents it had gathered and indicated it would be amenable to producing on or before November 28,

---

[4] *Id*. at p. 8
[5] *Id*. at 13-15.
[6] *Id*. at 10-13, 16-17.
[7] *See In re Motion for Protective Order* No. 16-mc-00191-KMT , Dkt. Nos. 1-13, 1-30.  *See also* Pacers Group replies at Dkt. Nos. 1-26, 1-32.
[8] *See In re Motion for Protective Order* No. 16-mc-00191-KMT, Dkt. Nos. 1-16, 1-21, 1-22.  *See also* briefing at 1-31, 1-33.
[9] *See In re Motion for Protective Order* No. 16-mc-00191-KMT, Dkt. No. 1-35.
[10] *See In re Motion for Protective Order* No. 16-mc-00191-KMT, Dkt. No. 19.  As reflected in the transcript excerpts, the protective order will not require attorneys for the United States to afford the Pacers Group notice of any referral of violations of law to proper authorities, nor will such a referral be subject to approval of the Court.  (11/15/2016 Tr. pp. 70:19 - 78:4) In addition, the Pacers Group will not be empowered to designate documents produced by other parties as confidential.  (*Id*. at 54:16-70:16).  That said, Magistrate Judge Tafoya instructed that use of documents designated by the Pacers Group as confidential be submitted to the Court in accordance with Local Rule 7.2 and further instructed the parties to not publish unprotected copies of a document produced by parties in the case if the Pacers Group produces an identical document in its possession and such document is confidential pursuant to the protective order entered with respect to the Pacers Group's documents.  (*See id*.)

14682718.1


2016, with additional documents to be produced in accordance with the Court's directives on or before December 16, 2016.[11] The United States' motion to compel was taken under advisement, and the parties were instructed to provide any additional briefing with respect to the issue of the Pacer Group's production of documents reflecting communications by November 28, 2016.[12]

The November 14, 2016 hearing has broken a five-month impasse and logjam with respect to discovery in this case. The disputes, however, have not been resolved at this juncture. But because it makes sense for the parties to depose key Pacers personnel and other key witnesses after obtaining the relevant universe of documents from the Pacers Group, and because even under the most optimistic scenario in which the Pacers Group produces all requested documents by December 16, 2016, without need for further adjudication of the United States' motion to compel, the parties do not have enough time to receive and digest the documents and then depose remaining individuals before the end of the discovery period on January 11, 2017. During the hearing, Magistrate Judge Tafoya recognized the time constraints involved, and this motion is submitted in accordance with her guidance.[13]

## REQUEST TO EXTEND CASE DEADLINES

At this juncture, the Pacers Group has not produced a single document in response to subpoenas issued by Plaintiff in September 2015 or in response to subpoenas issued by Defendant in December 2015 (as narrowed and reissued in April 2016). The Indiana Action halted discovery related to the Pacers. It has consumed a

---

[11] *See In re Motion for Protective Order* No. 16-mc-00191-KMT, Dkt. No. 19.
[12] *Id*.
[13] See 11/14/2016 Tr. pp. 106:15-107:12)

5

14682718.1

considerable amount of time and effort on the part of counsel for the parties, as reflected in the docketed items in the miscellaneous action.  Indeed, the parties have lost almost five months of time litigating matters with the Pacers Group.

Accordingly, the parties respectfully propose that the following deadlines set forth in the Scheduling Order [Dkt. # 17, as amended by Dkt. # 22 and Dkt. # 32] be extended as follows, contingent on the Court also extending trial and pre-trial deadlines:

|  | *Current Deadline* | *Proposed New Deadline* |
|---|---|---|
| Deadline for Supplementation of Expert disclosures under Fed. R. Civ. P. 26(a)(2)(e) | N/A[14] | 05/01/17 |
| Deadline for written discovery, including Interrogatories, Requests for Production of Documents, and Requests for Admission: | 12/6/16, or 33 days prior to the discovery cut-off, whichever is later. | 05/8/17, or 33 days prior to the discovery cut-off, whichever is later. |
| All motions raising issues under Fed. R. Evid. 702, 703, or 704 filed by: | 12/19/16 | 05/19/17 |
| Discovery Cut-Off: | 01/11/17 | 06/12/17 |
| Dispositive Motion Deadline: | 02/01/17 | 07/05/17 |

As noted above, this extension would require a continuance of the trial date, and the parties will seek such a continuance, should the Court provisionally grant this motion. The parties suggest a trial date after September 25, 2017.

The parties make this motion in good faith, in order to obtain sufficient time to resolve discovery disputes with third parties and otherwise proceed with discovery in an efficient and effective manner.

---

[14] The parties have exchanged affirmative and rebuttal expert reports in accordance with the Court's orders.  Because material witnesses in this matter have not yet been deposed, including Herbert Simon, the parties are requesting an opportunity to supplement their expert disclosures no later than May 1, 2017 to account for additional information that may be obtained by the parties during the remainder of the discovery period.

6

WHEREFORE, the parties respectfully request that this Court grant this motion, and extend the case deadlines as set forth above, contingent upon Judge Blackburn's granting of a trial date continuance. A proposed order to this effect is attached.

Respectfully submitted November 21, 2016:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ James E. Weaver
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-0054 (Fax)
James.E.Weaver@usdoj.gov

Of Counsel:
ROBERT C. TROYER
Acting United States Attorney
*Counsel for the United States*

/s/ John W. Porter
John W. Porter
Keri D. Brown
Jeffrey D. Watters
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

*Counsel for Bren Simon*

7

14682718.1

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>John William Porter (John.Porter@bakerbotts.Com)
>Jeffrey Dean Watters , Jr. (Jeff.Watters@bakerbotts.Com)
>BAKER BOTTS, LLP-HOUSTON
>910 Louisiana Street One Shell Plaza, Suite 3000
>Houston , Texas 77002-4995
>Tel.: 713-229-1597
>Fax: 713-229-2797
>*Attorneys for Plaintiff*

/s/James E. Weaver
JAMES E. WEAVER
Trial Attorney, Tax Division
United States Department of Justice

13588010.1
14682718.1