IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB

BREN SIMON,

       Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

       Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING PACERS BASKETBALL, LLC; STEPHEN SIMON; HERBERT SIMON; AND THE HERBERT SIMON REVOCABLE TRUST

Pursuant to the agreement of plaintiff Bren Simon and defendant United States of America (each a "Party," together, "the Parties"), and non-parties Pacers Basketball, LLC; Stephen Simon; Herbert Simon; and the Herbert Simon Revocable Trust (collectively, the "Pacers Group"), in order to protect from public disclosure certain information that the Pacers Group may be required to produce during the course of this action, and for good cause shown, it is hereby ORDERED that:

    1.    Information, materials, and documents (whether in paper or electronic form) produced or furnished by the Pacers Group in compliance with subpoenas issued in discovery in this case that contain confidential tax, financial, or other information of:

        (a) the NBA;

   (b) any NBA basketball team (including the Indiana Pacers);

   (c) any owner of an NBA basketball team (direct or indirect), excepting the now-deceased Melvin Simon and his estate;

   (d) Stephen Simon, Herbert Simon or the Herbert Simon Revocable Trust;[1]

that the Pacers Group designate as "Protected Information," shall be deemed confidential "Protected Information," but <u>only after</u> the Pacers Group make a good-faith determination, provided to the Parties in writing, on a category-by-category basis (with Bates-numbers identifying those documents belonging to each category), that the designated information, materials, or documents fall within the protections of Rule 26(c) of the Federal Rules of Civil Procedure and warrant protection from disclosure.

  2. All documents or information produced by the Pacers Group that the Pacers Group wish to designate as Protected Information shall be designated as such by the Pacers Group's affixing to such Protected Information a legend stating: **Protected Information Subject to Protective Order, Simon v. United States, United States District Court for the District of Colorado, Docket No. 1:15-cv-00538**. However, inadvertent production of any information not designated as Protected Information shall not itself constitute a waiver of the Pacers Group's claim of confidentiality as to such information, and the Pacers Group may thereafter designate such information as Protected Information provided that neither Party has used the

---

[1] By stipulating to this Protective Order, Defendant, the United States, in no way agrees with, concurs in, or stipulates that tax or financial information of Stephen Simon, Herbert Simon or the Herbert Simon Revocable Trust should be protected from disclosure if utilized as evidence in this case.

information produced by the Pacers Group in connection with court hearings, public filings, and at trial prior to such designation.

3. For purposes of this Order, reproductions of, extracts of, and summaries that reproduce the substance of Protected Information shall be Protected Information to the same extent as the Protected Information to which such reproductions, extracts, or summaries relate.

4. Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed except as permitted by this Order.

5. Protected Information may be included in, or attached to, pretrial filings with the Court, and may also be used in connection with court hearings and at trial, but only in accordance with D.C.COLO.LCIVR 7.2 and this Order. The Party wishing to so file or use Protected Information must, no fewer than ten (10) business days prior to the filing or use of the Protected Information, notify the Pacers Group of the anticipated use of Protected Information and identify with specificity the anticipated Protected Information that will be used.  The Party wishing to file Protected Information with the Court must file the Protected Information as a restricted document (without an accompanying motion to restrict) pursuant to D.C.COLO.LCIVR 7.2(e).  (The Party may also file a redacted version of the document (redacting Protected Information) on an unrestricted basis.) Thereafter, the Pacers Group may, as merited by the type and use of Protected Information: (i) move the Court to restrict public access to the Protected Information pursuant to D.C.COLO.LCIVR 7.2(c), (ii) move the Court to conduct portions

of a hearing or trial under seal, and/or (iii) move the Court to take any other actions necessary to protect the disclosure of the Protected Information. Pursuant to the Court's November 14, 2016, Order, any document that a Party or non-party produces or has produced that is identical to a document designated as "Protected Information" by the Pacers Group shall be treated as the Pacers Group's "Protected Information" for purposes of this paragraph.

6. The Parties may not use Protected Information in other civil litigation; provided, however, that if the either of the Parties obtains the Protected Information in subsequent civil litigation, this Protective Order will not restrict such Parties' use of that information.

7. Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified, below, by this Order.

8. Access to Protected Information shall be restricted to:

(a). This Court and its personnel;

(b). Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c). The Parties themselves (for purposes of the United States, this includes all persons employed by the United States Department of Justice

4

or the Internal Revenue Service whose duties include assisting with, or reviewing, matters concerning this litigation);

(d). Experts or consultants retained by the Parties or their counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e). Any potential witness or actual witness in this litigation identified in the pleadings, identified in the Parties' proposed the scheduling order, identified during discovery as a deponent, identified by the Parties in their respective witness lists, or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony or interview, so long as counsel certifies that such person(s) has/have a legitimate need, related to this litigation, to be present.  For purposes of this paragraph 4(e), the Parties and the Pacers Group understand and agree that documents produced by the Pacers Group in response to subpoenas in this case, and that are otherwise available to a potential witness described in this paragraph 4(e), shall not be treated as Protected Information with respect to such potential witness. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation.  Upon completion of their review, the Protected

Information provided shall be returned to counsel for the Party that supplied it;

(f). Any mediators, arbitrators, or other outside parties and their staff enlisted by all Parties to assist in the resolution of this matter;

(g). Outside or contracted litigation-support services, including commercial copying services;

(h). Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition;

(i). Employees of the Department of Justice and the Internal Revenue Service who are assigned to any criminal investigation or matter for their unrestricted use in such criminal investigation or matter, which use shall not be limited by the terms of this Order; and

(j). Anyone as may be ordered by the Court.

9. No Party shall disclose Protected Information, or copies or summaries of Protected Information, to any of the persons identified in Paragraphs 8(d) or 8(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  No Party shall disclose Protected Information, or copies or summaries of Protected Information, to any of the persons identified in Paragraphs 8(e), 8(g) or 8(h) without first seeking to have such persons execute an acknowledgment, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.  Notwithstanding

the rest of this Paragraph, no acknowledgment shall be required by a person identified in Paragraph 8(g) who has previously executed a contract, confidentiality agreement, or other arrangement which forbids further disclosure of information provided to such person in connection with such person's litigation-support services.

10. The Parties and the Pacers Group agree that the inadvertent or unintentional disclosure by a Party of Protected Information shall not be deemed a waiver, in whole or in part, of any claim of confidentiality or protected status. This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

11. Any Party may challenge or disagree with the Pacers Group's designation of information, materials, or documents as constituting Protected Information at any time. No Party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

    (a) If a Party challenges or disagrees with a designation by the Pacers Group, that Party may request, in writing, that the Pacers Group withdraw the designation of information, materials, or documents as constituting Protected Information, stating the reasons in that request. The Pacers Group shall then have ten (10) business days from the date of receipt of the notification to:

        (i) advise the Party whether or not they persist in such designation; and

    (ii)  if the Pacers Group persists in their designation, to explain the reason for that particular designation.

(b) If the Pacers Group persists in its designation, then the Pacers Group may move the Court for a protective order or any other order to maintain their designation. The burden of proving that the designation is proper shall be upon the Pacers Group. If no such motion is made within ten (10) business days from the date of receipt from a Party of a written challenge and/or request for withdrawal of the designation, the information, materials or documents will no longer be deemed to be Protected Information. In the event that the Pacers Group files a motion to maintain their designation, disclosure of Protected Information contained in the designated materials shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

(c) With respect to challenges and/or requests to the Pacers Group to withdraw a designation, information shall not be considered Protected Information if:

(i) the information in question has become available to the public through no violation of this Order; or

(ii) the information was received by any Party without restrictions on disclosure from a Party or third party having the right to make such a disclosure; however a Party shall not intentionally publish, or cause to be published, such information to the public (outside of the procedure

described in Paragraph 5, above) prior to the resolution of any challenge to the Pacers Group's designation or the withdrawal of the designation.

12. Should a Party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency, or other governmental authority to disclose Protected Information, such Party will promptly notify the Pacers Group and their counsel at least ten (10) business days in advance of any disclosure pursuant to such a subpoena, in order to afford the Pacers Group an opportunity to object or move to quash the subpoena.

13. Within ninety (90) days after the final conclusion of this litigation, including all appeals, all material constituting Protected Information under this Protective Order shall either be destroyed or returned to the Pacers Group, except with respect to

(a) material that becomes part of the Court record in this matter;

(b) work product of counsel;

(c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding of the outcome of the case, provided that all such retained materials designated as Protected Information continue to be treated as provided herein.

14. Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law—criminal, civil, or regulatory in nature—the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other

appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

IT IS SO ORDERED.this 28th day of November, 2016.

_____
U.S. ~~DISTRICT COURT~~ JUDGE
MAGISTRATE

Kathleen M. Tafoya

STIPULATED AND AGREED TO BY:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ James E. Weaver*
JAMES E. WEAVER
LINDSAY L. CLAYTON
LANDON M. YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-4929 (Weaver)
202-307-2956 (Clayton)
202-307-2144 (Yost)
202-307-0054 (f)
James.E.Weaver@usdoj.gov
Lindsay.L.Clayton@usdoj.gov

Landon.M.Yost@usdoj.gov

Of Counsel:
JOHN F. WALSH
United States Attorney

**Counsel for the United States**

*/s/ John W. Porter*   [authorized by e-mail]

| | |
|---|---|
| John W. Porter<br>Keri D. Brown<br>Jeffrey D. Watters<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>(713) 229-1597<br>(713) 229-2797 (Fax)<br><br>***Counsel for Bren Simon*** | FAEGRE BAKER DANIELS LLP<br>300 N. Meridian St., Suite 2700<br>Indianapolis, Indiana 46205<br>(317) 237-0300<br>(317) 237-1000 (Fax)<br>David.Herzog@FaegreBD.com<br>Daniel.Kelley@FaegreBD.com<br><br>***Counsel for the Pacers Parties*** |

_____
David K. Herzog
Daniel R. Kelley

11

## ATTACHMENT

## (FORM OF ACKNOWLEDGMENT)

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order Regarding the Pacers Basketball, LLC; Stephen Simon; Herbert Simon; and the Herbert Simon Revocable Trust ("Protective Order") entered in the case captioned *Simon v. United States*, Case No. 1:15-cv-00538; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Date:_____     Signature:_____

                                                               Printed Name:_____