IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00538-REB-KMT

BREN SIMON,

       Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

       Defendant.

## JOINT MOTION TO VACATE THE TRIAL DATE

For good cause, Plaintiff Bren Simon and Defendant the United States of America move to vacate the trial date and related pretrial disclosure deadlines. The parties engaged in settlement negotiations during August 2017, resulting in a written offer tendered by Ms. Simon to settle the litigation. Trial counsel for the United States have submitted the offer for acceptance. If accepted, the offer will resolve all matters at issue in this proceeding. At this juncture, vacating the trial date and related deadlines would be efficient, conserve resources and aid the Court in scheduling its docket.[1]

---

[1] The parties are cognizant of the Court's guidance contained in its Practice Standards for Civil Actions, which states that trials will not be "vacated to facilitate settlement negotiations." As discussed below, this request is not being made for the purpose of facilitating negotiations. Rather, the request is made to enable Ms. Simon's written settlement offer, which the members of the United States' trial team have recommended for acceptance, to be evaluated by the United States as required by statute, regulation and Department of Justice directives. As discussed below, this multi-layered process will take time to complete.

As noted in the parties' prior filings, this is a gift tax case arising out of adjustments made by the IRS to a 2009 gift tax return filed by the Estate of Melvin Simon. The IRS adjustments relate to a reorganization of the ownership structure of the Indiana Pacers completed several months before Mr. Simon died in September 2009. Plaintiff is Mr. Simon's surviving spouse. By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009 were to be treated as made one-half by each.  At the crux of the parties' dispute is the nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased Melvin Simon and his brother Herbert Simon.

The parties have engaged in extensive settlement discussions over the past several weeks.  Discussions led to the submission by Plaintiff of a written offer on August 22, 2017 that, if accepted by the United States, would resolve all claims in this action.  Based on the terms of the offer, the members of the United States' trial team formally recommended that the offer be accepted on August 29, 2017.  While the trial team's recommendation carries weight, it does not guarantee that the offer will ultimately be accepted by the United States.  The offer is in the process of being evaluated by the IRS Office of Chief Counsel and the Tax Division's Office of Review. The offer then likely will require review by the Acting Assistant Attorney General for the Tax Division and referral to the Joint Committee on Taxation of the U.S. Congress pursuant to 26 U.S.C. § 6405. This multi-layered review process may take a significant amount of time to complete.

A six-day bench trial is currently set for November 6, 2017,[2] which means that pretrial deadlines, such as the deadline for submitting deposition designations of September 22, 2017, are approaching. The parties have been diligent over the course of this litigation in gathering and evaluating the extensive fact discovery and legal issues associated with the case. The parties have also been diligent in seeking a means of resolving their dispute short of taking the case to trial.

The Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). Given that Plaintiff has made a settlement offer that has been recommended by the members of the United States' trial team, these factors weigh heavily in favor of the Court's vacating the trial date. A continuance would afford the United States the time needed to complete a multilayered review process, without requiring the parties to expend the resources preparing for a trial that will not occur, should the offer be finally accepted. A continuance would also enable the Court to adjust its docket for the benefit of the Court and other litigants.

---

[2] The parties have previously filed three motions requesting extensions of deadlines in this case, including two requests for continuances of the trial date, due to the extensive discovery necessary in this case and difficulties encountered in obtaining discovery from some third parties. Dkt. Nos. 19, 31, 39. These requests were all granted.

WHEREFORE, the parties respectfully request that the Court enter an order (1) vacating the trial date and related pretrial disclosure deadlines; and (2) requiring that the parties submit a status report no later than November 15, 2017.

Respectfully submitted September 7, 2017:

DAVID A. HUBBERT
Acting Assistant Attorney General

| | |
|---|---|
| */s/ Landon Yost* | */s/ John W. Porter* |
| JAMES E. WEAVER | John W. Porter |
| LINDSAY L. CLAYTON | Keri D. Brown |
| LANDON YOST | BAKER BOTTS L.L.P. |
| Trial Attorneys, Tax Division | One Shell Plaza |
| U.S. Department of Justice | 910 Louisiana Street |
| P.O. Box 683 | Houston, Texas 77002-4995 |
| Washington, D.C. 20044 | (713) 229-1597 |
| 202-305-4929 (Weaver) | (713) 229-2797 (Fax) |
| 202-307-0054 (Fax) | |
| James.E.Weaver@usdoj.gov | *Counsel for Bren Simon* |

Of Counsel:
Robert C. Troyer
Acting United States Attorney

*Counsel for the United States*

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John William Porter (John.Porter@bakerbotts.Com)
BAKER BOTTS, LLP-HOUSTON
910 Louisiana Street One Shell Plaza, Suite 3000
Houston , Texas 77002-4995Tel.: 713-229-1597
Fax: 713-229-2797
*Attorneys for Plaintiff*

/s/ Landon Yost
LANDON YOST
Trial Attorney, Tax Division
United States Department of Justice

13588010.1