**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00538-REB-KMT

BREN SIMON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER VACATING TRIAL

**Blackburn, J.**

This matter is before the me on the **Joint Motion To Vacate The Trial Date** [#58][1] filed September 7, 2017.  I grant the motion.

This is a gift tax case arising out of adjustments made by the Internal Revenue Service (IRS) to a 2009 gift tax return filed by the Estate of Melvin Simon. The IRS adjustments relate to a reorganization of the ownership structure of the Indiana Pacers completed several months before Mr. Simon died in September 2009.  The plaintiff is Mr. Simon's surviving spouse, Bren Simon.  By virtue of an election in the tax return, gifts made by Melvin and Bren Simon during 2009 were to be treated as made one-half by each.  At the crux of the parties' dispute is the nature of the 2009 reorganization and its effect on the value of interests in the team and other assets held by the deceased Melvin Simon and his brother Herbert Simon.

---

[1] "[#58]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

After extensive settlement discussions, Ms. Simon submitted to the IRS a written offer of settlement. If accepted by the IRS, the settlement would resolve all claims in this case. On August 29, 2017, the members of the United States' trial team formally recommended that the settlement offer be accepted. Now, the offer is in the process of being evaluated by the IRS Office of Chief Counsel and the Tax Division's Office of Review. The offer then likely will require review by the Acting Assistant Attorney General for the Tax Division and referral to the Joint Committee on Taxation of the U.S. Congress under 26 U.S.C. § 6405. This multi-layered review process likely will take a significant amount of time to complete.

Currently, the trial of this case is scheduled to begin on November 6, 2017. A combined Final Pretrial Conference and Trial Preparation Conference is set for November 3, 2017. The parties suggest that trial of this case while the settlement awaits approval in a multi-layered process would be a waste of the resources of the parties, counsel, and the court.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States***

2

*v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).  Applied to the present case, these factors weigh heavily in favor of a continuance of the trial and the combined Final Pretrial Conference and Trial Preparation Conference.

Because the time necessary to complete the settlement review process is uncertain, I direct that this case be closed administratively pending completion of the settlement review process.  Further, I direct the parties to file a status report with the court once the settlement review process is complete.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Joint Motion To Vacate The Trial Date** [#58] is granted;

2.  That the combined Final Pretrial Conference and Trial Preparation Conference set for November 3, 2017, and the trial set to begin November 6, 2017, are vacated and continued pending further order;

3.  That counsel for the parties shall file a status report with the court within ten (10) days of the date when the settlement approval process described in the motion is complete, whether or not the settlement is approved;

4.  That under D.C.COLO.LCivR 41.2, the clerk is directed to close this civil action administratively, subject to reopening for good cause.

Dated September 13, 2017, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge

3